# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:14-cv-00061-JRG |
| | § | |
| GOOGLE, INC. | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |
| | § | |
| CONTENTGUARD HOLDINGS, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:13-cv-01112-JRG |
| | § | |
| AMAZON.COM, INC.; APPLE INC.; | § | |
| BLACKBERRY LIMITED (FKA | § | |
| RESEARCH IN MOTION LIMITED); | § | |
| BLACKBERRY CORPORATION (FKA | § | |
| RESEARCH IN MOTION CORPORATION); | § | |
| HTC CORPORATION AND HTC | § | |
| AMERICA, INC.; HUAWEI | § | |
| TECHNOLOGIES CO., LTD. AND HUAWEI | § | |
| DEVICE USA, INC.; MOTOROLA | § | |
| MOBILITY LLC; SAMSUNG | § | |
| ELECTRONICS CO., LTD., SAMSUNG | § | |
| ELECTRONICS AMERICA, INC., AND | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA, LLC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are three related motions in two related cases – Google, Inc.'s ("Google")

1

Motion to Stay (Dkt. No. 15) in Civil Action No. 2:14-cv-00061 (the "Google Action");[1] ContentGuard Holdings, Inc.'s ("ContentGuard") Motion for Consolidation (Dkt. No. 14) in the Google Action; and Motorola Mobility LLC's ("Motorola") Motion to Sever Plaintiff's Claims Against Motorola (Dkt. No. 55) in Civil Action No. 2:13-cv-01112 (the "Amazon Action"). Given that the three motions involve common questions of underlying fact, the Court deems it proper to address all three motions jointly. Having considered the parties' written submissions and for the reasons set forth below, the Court **DENIES** Google's Motion to Stay; **DENIES** ContentGuard's Motion for Consolidation; and **CARRIES** Motorola's Motion to Sever.

**I.     Background**

ContentGuard filed the Amazon Action against Amazon.com, Inc., Apple Inc., BlackBerry Corporation, Huawei Device USA, Inc., and Motorola Mobility LLC on December 18, 2013, alleging patent infringement. On January 17, 2014, ContentGuard amended its complaint in the Amazon Action, joining HTC Corporation, Samsung Electronics Co., Ltd. and their respective affiliates as additional defendants.

The technology at issue relates to digital rights management ("DRM") and digital content distribution. Defendants in the Amazon Action are portable device manufacturers (the "Manufacturer Defendants"), who are accused of, among other things, "provid[ing] hardware and software components required by the claims of the ContentGuard DRM patents to enable the [Amazon] Kindle DRM solution to operate on their devices"; using Google Play Books, Google Play Movies and Google Play Music (collectively, the "Google Play apps") on their respective devices to practice ContentGuard's DRM patents; and implementing one or more versions of the Unique Identifier Technology Solution ("UITS") on their devices. (Amazon Action, Amd.

---

[1] In the alternative to its Motion to Stay, Google seeks to transfer the Google Action to the Northern District of California. (*See* Dkt. No. 15 at 9-16.) The Court will address Google's Alternative Motion to Transfer in a separate opinion.

Compl. ¶¶ 50, 52, 54.)   While the Google Play apps form the basis for some of ContentGuard's infringement claims against the Manufacturer Defendants, ContentGuard did not name Google as a defendant in the Amazon Action, in either its original or amended complaint.

On January 31, 2014, Google filed a declaratory judgment action in the Northern District of California, seeking a declaration that Google Play Books, Google Play Music and/or Google Play Movies do not infringe ContentGuard's DRM patents (the "NDCA Action").   (*See* Google Action, Dkt. No. 15-2.)   Five days later, on February 5, 2014, ContentGuard sued Google in this Court for allegedly infringing, both directly and indirectly, the same set of patents as asserted in the Amazon Action.   Specifically, ContentGuard accuses Google of providing access to content and apps that use the ContentGuard DRM solutions, providing instructions and advertisings for using such content and apps, and providing hardware and software components required by the claims of ContentGuard's DRM patents.   (Google Action, Compl. ¶ 39.)

On March 20, 2014, the U.S. District Court for the Northern District of California issued an Order addressing Google's request to enjoin ContentGuard from proceeding with its later-filed Google Action before this Court.   (*See* Google Action, Dkt. No. 24-1.)   The California court denied the injunction sought by Google on the ground of comity and judicial efficiency, and invited this Court to decide whether we should stay the Google Action or transfer it.   (*See id.* at 4.)

On April 7, 2014, this Court held a scheduling conference in the Amazon Action setting various case management schedules including the dates for a claim construction hearing and jury selection.   There are no motions to stay or transfer venue currently pending in the Amazon Action.

**II.   Google's Motion to Stay**

By the instant motion, Google seeks a stay of the Google Action pending the resolution of

3

the NDCA Action under the "first-to-file" rule. While the Amazon Action is the earliest-filed case in the trilogy, Google argues that the NDCA action should be deemed first-filed as between ContentGuard and Google, thereby taking precedence over the later-filed Google Action before this Court. ContentGuard, on the other hand, contends that the Amazon Action is the first-filed case, which takes precedence over Google's DJ action in California.

The "first-to-file" rule "is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdiction." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Technologies, Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). The first-to-file rule, however, "is not rigidly or mechanically applied – an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Merial*, 681 F.3d at 1299. Exceptions may be made if justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Futurewei*, 737 F.3d at 708. Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by the law of the Federal Circuit. *Id.*

Here, Google's declaratory judgment action in California admittedly is not a mirror image of the Amazon case. Google itself is not a party to the Amazon Action. Although the Google Play apps do form the basis for some of ContentGuard's claims against the Manufacturer Defendants, both Google and ContentGuard seem to agree that the patented technology includes a

hardware component, the infringement of which may depend on the different devices supplied by individual Manufacturer Defendant.  (*See* Google Action, Dkt. Nos. 15 at 5, Dkt. No. 19 at 5.) To invoke the "first-to-file" rule, however, the Federal Circuit does not require the original and the follow-up actions to be identical.  It instead instructs lower courts to focus on whether the two actions "substantially overlap," in light of "considerations of judicial and litigant economy, and the just and effective disposition of disputes."  *See Futurewei*, 737 F.3d at 708; *accord Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("[Defendant] argues that the "first to file" rule does not apply in this case because neither the issues nor the parties are identical to those in the Original Action. The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap' [of issues]."); *see also Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("[E]xact identity [of parties] is not required to satisfy the first-to-file rule"); *ProofPoint, Inc. v. Innova Patent Licensing, LLC*, No. 5:11-cv-02288, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) (holding that the focus on judicial efficiency underlying the first-to-file rule supported declining jurisdiction in the later-filed declaratory judgment action, even though the plaintiff to the DJ action – supplier of the accused technology – had not been named as defendant in the original patent infringement suit).

Here, the Amazon Action and the NDCA Action substantially overlap as to whether the Google Play apps infringe a set of ContentGuard's DRM patents, which are asserted in both cases. In the Amazon Action, each Manufacturer Defendant is accused of "providing products and methods that use one or more of the Google Play apps to practice the claimed invention."  (*See* Amazon Action, Amd. Compl. ¶ 52.)  While infringement of the hardware component of the patented technology may vary with individual device manufacturer, adjudicating the Amazon Action would inevitably require a determination of whether the Google Play apps practice the

5

claimed invention as alleged. However, such a determination is the very subject of the NDCA Action, where Google seeks a declaration that these apps do not infringe any of the asserted patents. (*See* NDCA Action, Compl.) Allowing the NDCA Action to proceed in parallel with the Amazon Action would involve two district courts making independent decisions regarding whether the same accused technology infringes the same set of patents. Such runs directly counter to the principles of judicial efficiency and comity underlying the first-to-file rule. Therefore, although the NDCA Action is not a mirror image of the Amazon Action, the Court finds that the two cases "substantially overlap" such that the Amazon Action should be deemed first-filed and accordingly take precedence over the NDCA Action. *See Futurewei*, 737 F.3d at 708.

Google next contends that, under the "customer-suit" exception to the first-to-file rule, the NDCA Action still takes precedence because the Amazon Action is a customer suit peripheral to ContentGuard's infringement claims against Google. The Court disagrees. The "customer-suit" exception applies "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Under such circumstances, the first-to-file rule gives way to the "manufacturer's presumed greater interest in defending its actions against charges of patent infringement." *Id.* In evaluating the customer-suit exception, "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Proofpoint*, 2011 WL 4915847 at *7 n.5 (citing *Katz v. Siegler*, 909 F.2d 1459, 1463 (Fed. Cir. 1990)).

In this case, resolution of Google's declaratory judgment action would not be dispositive of the Amazon Action. First, Google is not the only supplier of allegedly infringing technology in

6

the Amazon case. The Manufacturer Defendants are accused of using two other features unrelated to Google, namely, the Amazon Kindle DRM and the Unique Identifier Technology Solution ("UITS"). Second, even the Google-related claims in the Amazon Action would not be necessarily resolved upon the complete adjudication of Google's declaratory judgment action, as Google itself admits that "the issues of infringement [in the Amazon Action] could vary depending on each customer's accused use of Google's technology on the customer's various accused devices." (*See* Google Action, Dkt. No. 15 at 5.) Resolution of the NDCA Action therefore would not resolve all charges against the Manufacturer Defendants in the first-filed Amazon Action.[2] Permitting the NDCA Action to take precedence over the Amazon Case would not support the best interest of efficiency or judicial economy.

Google rests its argument primarily on *Adobe Sys. Inc. v. Select Retrieval*, No. 12-2342, 2014 WL 497441 (S.D. Cal. Feb. 6, 2014), where the court assumed jurisdiction in Adobe System Incorporated's ("Adobe") later-filed declaratory judgment action of non-infringement, despite earlier infringement actions filed against Adobe's customers. The *Adobe* case, however, is distinguishable from the present situation. The asserted patents in *Adobe* do not include a hardware component, the infringement of which depends on each customer's individually accused device. The patentee's allegations against each of Adobe's customers were "essentially the same, varying only to the extent that each Adobe customer maintained its own website." *Adobe*, 2014 WL 497441 at *2. There, unlike here, the adjudication of Adobe's declaratory judgment claim of non-infringement would squarely resolve the patentee's infringement claims against each of

---

[2] Indeed, resolution of the NDCA Action, as it is currently pled, would not be dispositive of even the Google Action before this Court. Google sought a declaration in the NDCA Action that the Google Play apps do not infringe any of ContentGuard's asserted patents. (*See* NDCA Action, Compl. at 22.) In the Google Action, however, Google is accused not only of providing the Google Play apps, but also as a device manufacturer based on its Android devices marketed under the trademark "Nexus." (*See* Google Action, Compl. ¶16.) While the two Google actions are clearly related, resolution of the NDCA Action would not address the hardware component of the patented technology, which allegedly is infringed by Google's Nexus devices.

Adobe's customers. *See id.* at *4.  Moreover, the patentee in *Adobe* filed multiple lawsuits against Adobe's customers in various district courts including the courts in Delaware, Maine and Illinois.  *See id.* at 5.  There, the court declining to exercise jurisdiction in Adobe's declaratory judgment action would subject Adobe (through its customers) to "potentially inconsistent judgments regarding whether its technology infringes the patent."  *Id.*  In this case, however, ContentGuard did not file suits in various district courts against different device manufacturers who use Google's technology.  This Court's best understanding is that all device manufacturers currently being accused by ContentGuard are before this Court in the Amazon Action.  ContentGuard's infringement claims against Google are also before this Court.  Having the infringement claims asserted against the device manufacturers and those asserted against Google adjudicated in one court would ensure judicial consistency – the very result that the *Adobe* court sought to achieve.

Given the substantial overlapping of key infringement issues between the Amazon Action and the NDCA Action, this Court is persuaded that the Amazon Action is the first-filed case, and, as such, takes precedence over Google's later-filed declaratory judgment action in California.  Accordingly, Google's request to stay the Google Action before this Court pending the resolution of the NDCA Action, based on the first-to-file rule, is hereby **DENIED.**

### III.     ContentGuard's Motion for Consolidation

In addition to opposing Google's Motion to Stay, ContentGuard further moves this Court to consolidate the Google Action with the Amazon Action for discovery and case management purposes, which motion Google opposes.  (*See* Google Action, Dkt. Nos. 14, 20.)

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court *may*…consolidate the actions."  Fed. R. Civ. P. 42(a)

(emphasis added).  This rule providing for the consolidation of actions is "permissive and vests a purely discretionary power in the district court."  *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955).  However, when prejudice to rights of the parties "obviously results from the order of consolidation," the action of the trial court may be held to be reversible error.  *See id.*

Here, as noted above, despite two features unrelated to Google which are also accused in the Amazon Action, the Amazon and the Google Actions substantially overlap as to whether the Google Play apps infringe ContentGuard's DRM patents.  Such would ordinarily justify consolidation at least for certain pretrial purposes.  That said, this Court shares the view of our sister court in California that ContentGuard appears to have gone to "considerable effort to avoid suing Google in Texas, evidently fearing a motion to transfer, until its hand was forced" by Google filing the NDCA Action.  (*See* Dkt. No. 24-1 at 4.)  From the beginning, ContentGuard was well aware that Google's technology is involved in the accused infringing products.  The original complaint of the Amazon Action specifically identified the Google Play apps as being used to practice the asserted patents.  ContentGuard could have named Google as a defendant in the Amazon Action, both in its original complaint and in the amended complaint, but elected not to do so.  To now grant ContentGuard's request and have the Amazon and Google Actions proceed on a consolidated basis might be deemed by future litigants as an invitation to follow a similar path.  Such is not an invitation this Court wishes to issue.  Therefore, given that ContentGuard has voluntarily forgone the opportunity to sue Google together with the Manufacturer Defendants, this Court elects not to exercise its discretion to consolidate the Google Action into the Amazon Action.  ContentGuard's Motion for Consolidation is hereby **DENIED.**

### IV.   Motorola's Motion to Sever

By the instant motion Motorola seeks to sever ContentGuard's claims against it from the

Amazon Action, alleging that joinder is improper under 35 U.S.C. § 299 and Fed. R. Civ. P 20. (*See* Amazon Action, Dkt. No. 55.)

Under Rule 20, joinder is proper where: (1) the claims against the defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) ("*In re EMC I*"). In *In re EMC I*, the Federal Circuit clarified the standard for joinder by holding that "[c]laims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *Id.* at 1359. In addition, "joinder is not appropriate where different products or processes are involved." *Id.* "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

Here, the Manufacturer Defendants are each accused of using three software applications on their devices to practice ContentGuard's DRM patents, i.e., the Amazon Kindle app, the Google Play apps, and the UITS specification. The claims against the Manufacturer Defendants therefore share at least a set of common facts regarding these three software applications. Despite the existence of a hardware component, the infringement of which may depend on the different devices supplied by individual Manufacturer Defendant, the accused instrumentality in this case – the use of the three common software applications on each Defendant's device – is not clearly based on "independently developed products using differently sourced parts," and the common facts regarding the accused software may well constitute "an actual link between the facts

underlying each claim of infringement." *See In re EMC Corp.*, 677 F.3d at 1359.

That said, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* at 1360 (citing *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)). "In a complicated patent litigation a large number of defendants might prove unwieldy, and a district court would be justified in exercising its discretion to deny joinder when different witnesses and documentary proof would be required." *Id.* (citations omitted).

Here, a total of nine ContentGuard patents are asserted in the Amazon Action against seven device manufacturers. Each Defendant, except for Amazon, is accused of infringing all nine of the asserted patents, while Amazon is accused of infringing seven of the nine asserted patents. (*See* Amazon Action, Compl. ¶¶ 128-34.) The patents at issue altogether include 27 independent claims and 287 dependent claims,[3] and proving infringement of the hardware component of the patented technology may depend on each Manufacturer Defendant's individual devices. Clearly, this case is a "complicated patent litigation" with multiple defendants where "different witnesses and documentary proof would be required" from each Defendant. *See In re EMC*, 677 F.3d at 1360. In a case of this complexity, to force all Manufacturer Defendants to share a single trial might prejudice their ability to build an effective defense against ContentGuard's allegations, which counsels against joinder.

Ultimately, however, this Court finds the record has not been sufficiently developed at this point in time for it to determine with clarity whether or not joinder is proper in this case. While

---

[3] To date, ContentGuard has not indicated which claims are asserted against which Manufacturer Defendant specifically.

11

ContentGuard's claims against each Manufacturer Defendant share the common facts underlying the three accused software applications *and* may depend on each Defendant's individually accused devices, no evidence has been proffered regarding how the accused software-hardware combination corresponds to claims of the asserted patents.  If, for instance, ContentGuard's claims are predominantly software-based, then the common facts underlying such claims may constitute "an actual link" connecting all Defendants sufficient to support joinder in this case.  *See id.* at 1359.   On the other hand, if the hardware component turns out to play the dominant role in determining how the three software applications are used specifically on each Defendant's device, then the claims against each Defendant may be sufficiently distinguished such that keeping them jointly in one case would be improper.   Given that the case is still in its early stage and discovery has barely started, the Court deems it prudent to carry the joinder issue and let the parties further develop the record to resolve, among other things, the relative significance of the software and hardware components of ContentGuard's claims.  Accordingly, Motorola's Motion to Sever is hereby **CARRIED** by the Court.   Motorola is directed to file with the Court, within the next **sixty (60) days**, a supplemental brief of no more than **ten (10)** pages excluding supporting attachments, to more clearly establish the facts as to such software-hardware correlation as discussed above.  ContentGuard shall file any opposition brief, subject to the same page limit, within **fifteen (15) days** thereafter.

     **V.**    **Conclusion**

For the reasons stated above, the Court hereby **DENIES** Google's Motion to Stay; **DENIES** ContentGuard's Motion for Consolidation; and **CARRIES** Motorola's Motion to Sever.

**So ORDERED and SIGNED this 15th day of April, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE