UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ContentGuard Holdings, Inc.<br><br>*Plaintiff*,<br><br>v.<br><br>Amazon.com, Inc.; Apple Inc.; BlackBerry Limited (fka Research In Motion Limited) and BlackBerry Corporation (fka Research In Motion Corporation); HTC Corporation and HTC America, Inc.; Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.; Motorola Mobility LLC; Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.<br><br>*Defendants*. | Civil Action No. 2:13-cv-01112-JRG<br><br>JURY TRIAL DEMANDED |

## NOTICE OF COMPLIANCE WITH THIRD-PARTY PRODUCTION PROVISIONS BY HTC CORPORATION AND HTC AMERICA, INC.

Pursuant to paragraph 12 of the Amended Protective order, Defendants HTC Corporation and HTC America, Inc. file this notice that it produced third-party confidential information and verifies as follows:

1. <u>Unifi Scientific Batteries, LLC ("USB")</u>: HTC notified USB of its intent to produce USB's confidential documents by letter dated September 16, 2014, sent via Federal Express. The letter informed USB of the specific items to be produced and included the Amended Protective Order. USB has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

2. <u>Long Corner Consumer Electronics LLC ("Long Corner")</u>: HTC notified Long Corner of its intent to produce Long Corner's confidential documents by letter dated September 16, 2014, sent via Federal Express. The letter informed Long Corner of the specific items to be

produced and included the Amended Protective Order.  Long Corner has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

      3.   <u>Cellport Systems Inc. ("Cellport")</u>:  HTC notified Cellport of its intent to produce Cellport's confidential documents by letter dated September 16, 2014, sent via Federal Express.  The letter informed Cellport of the specific items to be produced and included the Amended Protective Order.  Cellport has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

      4.   <u>Smart Audio Technologies, LLC ("Smart Audio")</u>:  HTC notified Smart Audio of its intent to produce Smart Audio's confidential documents by letter dated September 16, 2014, sent via Federal Express and email.  The letter informed Smart Audio of the specific items to be produced and included the Amended Protective Order.  Smart Audio did not object to the production of the confidential documents under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

      5.   <u>Mosaid Technologies Inc. ("Mosaid")</u>:  HTC notified Mosaid of its intent to produce Mosaid's confidential documents by letter dated September 16, 2014, sent via Federal Express.  The letter informed Mosaid of the specific items to be produced and included the Amended Protective Order.  Mosaid has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

      6.   <u>Rotatable Technologies LLC</u>:  HTC notified Rotatable Technologies of its intent to produce Rotatable Technologies' confidential documents by letter dated September 16, 2014, sent via Federal Express.  The letter informed Rotatable Technologies of the specific items to be produced and included the Amended Protective Order.  Rotatable Technologies has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

      7.   <u>Digitech Image Technologies LLC ("Digitech")</u>:  HTC notified Digitech of its intent to produce Digitech's confidential documents by letter dated September 16, 2014, sent via

facsimile and Federal Express. The letter informed Digitech of the specific items to be produced and included the Amended Protective Order. Digitech has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

8. <u>H-W Technology ("H-W")</u>: HTC notified H-W of its intent to produce H-W's confidential documents by letter dated September 17, 2014, sent via email and Federal Express. The letter informed H-W of the specific items to be produced and included the Amended Protective Order. H-W has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

9. <u>Google Inc.</u>: HTC notified Google of its intent to produce Google's confidential documents by letter dated September 17, 2014, sent via email and Federal Express. The letter informed Google of the specific items to be produced and included the Amended Protective Order. Google has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

10. <u>Motorola Mobility LLC ("MML")</u>: HTC notified MML of its intent to produce MML's confidential documents by letter dated September 17, 2014, sent via email and Federal Express. The letter informed MML of the specific items to be produced and included the Amended Protective Order. MML has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

11. <u>Personal Audio, LLC</u>: HTC notified Personal Audio of its intent to produce Personal Audio's confidential documents by letter dated September 16, 2014, sent via email and Federal Express. The letter informed Personal Audio of the specific items to be produced and included the Amended Protective Order. The Controller for Personal Audio replied via email stating that all correspondence should be directed to an address in Beaumont, Texas. HTC sent a second letter to Personal Audio on September 17, 2014, via Federal Express, at the specified address in Beaumont, Texas. Personal Audio has not contacted HTC further to discuss any objections to

the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

12. Data Carriers LLC:  HTC notified Data Carriers of its intent to produce Data Carriers' confidential documents by letter dated September 16, 2014, sent via email and Federal Express. The letter informed Data Carriers of the specific items to be produced and included the Amended Protective Order.  Data Carriers has contacted HTC and approved the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

13. Garnet Digital, LLC:  HTC notified Garnet Digital of its intent to produce Garnet Digital's confidential documents by letter dated September 16, 2014, sent via facsimile and Federal Express.  The letter informed Garnet Digital of the specific items to be produced and included the Amended Protective Order.  Garnet Digital has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

14. Media Digital Corporation:  HTC notified Media Digital of its intent to produce Media Digital's confidential documents by letter dated September 16, 2014, sent via facsimile and Federal Express.  The letter informed Media Digital of the specific items to be produced and included the Amended Protective Order.  Media Digital has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

15. Hopewell Culture & Design, LLC  ("Hopewell"):  HTC notified Hopewell of its intent to produce Hopewell's confidential documents by letter dated September 16, 2014, sent via Federal Express.  The letter informed Hopewell of the specific items to be produced and included the Amended Protective Order.  Hopewell has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

16. e.Digital Corporation:  HTC notified e.Digital of its intent to produce e.Digital's confidential documents by letter dated September 16, 2014, sent via Federal Express.  The letter

informed e.Digital of the specific items to be produced and included the Amended Protective Order.  e.Digital has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

17. Koninklijke Philips Electronics, N.V. ("Philips"):  HTC notified Philips of its intent to produce Philips' confidential documents by letter dated September 3, 2014, sent via facsimile and Federal Express.  The letter informed Philips of the specific items to be produced and included the Amended Protective Order.  Philips has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

18. Fundamental Wireless LLC:  HTC notified Fundamental Wireless of its intent to produce Fundamental Wireless' confidential documents by letter dated September 16, 2014, sent via email, facsimile and Federal Express.  The letter informed Fundamental Wireless of the specific items to be produced and included the Amended Protective Order.  Fundamental Wireless has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

19. Romek Figa:  HTC notified Romek Figa of its intent to produce Romek Figa's confidential documents by letter dated September 16, 2014, sent via facsimile and Federal Express.  The letter informed Romek Figa of the specific items to be produced and included the Amended Protective Order.  Romek Figa has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

20. DownUnder Wireless, LLC:  HTC notified DownUnder Wireless of its intent to produce DownUnder Wireless' confidential documents by letter dated September 16, 2014, sent via email and Federal Express.  The letter informed DownUnder Wireless of the specific items to be produced and included the Amended Protective Order.  DownUnder Wireless has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

21. ADC Technology Inc. ("ADC"):  HTC notified ADC of its intent to produce ADC's confidential documents by letter dated September 17, 2014, sent via Federal Express.  The letter informed ADC of the specific items to be produced and included the Amended Protective Order.  ADC has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

22. Webvention Group LLC:  HTC notified Webvention of its intent to produce Webvention's confidential documents by letter dated September 18, 2014, sent via email and Federal Express.  The letter informed Webvention of the specific items to be produced and included the Amended Protective Order.  Webvention has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

23. UO! IP of Delaware, LLC ("UO! IP"):  HTC notified UO! IP of its intent to produce UO! IP's confidential documents by letter dated September 17, 2014, sent via email, facsimile and Federal Express.  The letter informed UO! IP of the specific items to be produced and included the Amended Protective Order.  UO! IP has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

24. Digital Technology Licensing LLC ("DTL"):  HTC notified DTL of its intent to produce DTL's confidential documents by letter dated September 17, 2014, sent via facsimile and Federal Express.  The letter informed DTL of the specific items to be produced and included the Amended Protective Order.  DTL has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

25. Personal Communication Devices LLC ("PCD"):  HTC notified PCD of its intent to produce PCD's confidential documents by letter dated September 17, 2014, sent via facsimile and Federal Express.  The letter informed PCD of the specific items to be produced and included the Amended Protective Order.  PCD has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

26. SP Technologies, LLC ("SPT"): HTC notified SPT of its intent to produce SPT's confidential documents by letter dated September 17, 2014, sent via email, facsimile and Federal Express. The letter informed SPT of the specific items to be produced and included the Amended Protective Order. SPT has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

27. GPNE Corporation: HTC notified GPNE of its intent to produce GPNE's confidential documents by letter dated September 18, 2014, sent via Federal Express. The letter informed GPNE of the specific items to be produced and included the Amended Protective Order. GPNE has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

28. Qualcomm Inc.: HTC notified Qualcomm of its intent to produce Qualcomm's confidential documents by letter dated September 15, 2014, sent via facsimile and Federal Express and which included the Amended Protective Order. Qualcomm contacted HTC requesting copies of the specific items to be produced which were provided to Qualcomm on October 2, 2014. Qualcomm subsequently provided approval to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

29. NVidia Corporation: HTC notified NVidia of its intent to produce NVidia's confidential documents by letter dated September 17, 2014, sent via facsimile and Federal Express and which included the Amended Protective Order. NVidia contacted HTC requesting further information regarding which documents were to be produced. HTC provided the NVidia document titles on September 23, 2014. NVidia subsequently provided approval to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

30. TVBI Company Limited ("TVBI"): HTC notified TVBI of its intent to produce TVBI's confidential documents by letter dated September 8, 2014, sent via facsimile and Federal Express. The letter informed TVBI of the specific items to be produced and included the Amended Protective Order. TVBI has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

31. <u>Innovative Patented Technology, LLC ("IPT")</u>: HTC notified IPT of its intent to produce IPT's confidential documents by letter dated September 17, 2014, sent via Federal Express. The letter informed IPT of the specific items to be produced and included the Amended Protective Order. IPT has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

32. <u>Scott C. Harris</u>: HTC notified Mr. Harris of its intent to produce Mr. Harris' confidential documents by letter dated September 17, 2014, sent via Certified Mail. The letter informed Mr. Harris of the specific items to be produced and included the Amended Protective Order. Mr. Harris has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

33. <u>Innovative Biometric Technology, LLC ("IBT")</u>: HTC notified IBT of its intent to produce IBT's confidential documents by letter dated September 17, 2014, sent via Federal Express. The letter informed IBT of the specific items to be produced and included the Amended Protective Order. IBT has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

34. <u>Bartex Research LLC</u>: HTC notified Bartex Research of its intent to produce Bartex Research's confidential documents by letter dated September 17, 2014, sent via Federal Express. The letter informed Bartex Research of the specific items to be produced and included the Amended Protective Order. Bartex Research has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

35. <u>Illinois Computer Research LLC</u>: HTC notified Illinois Computer Research of its intent to produce Illinois Computer Research's confidential documents by letter dated September 17, 2014, sent via Federal Express. The letter informed Illinois Computer Research of the specific items to be produced and included the Amended Protective Order. Illinois Computer Research has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

36. <u>Memory Control Enterprise LLC ("MCE")</u>:  HTC notified MCE of its intent to produce MCE's confidential documents by letter dated September 17, 2014, sent via Federal Express.  The letter informed MCE of the specific items to be produced and included the Amended Protective Order.  MCE has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

37. <u>Parker Innovative Technologies LLC ("PIT")</u>:  HTC notified PIT of its intent to produce PIT's confidential documents by letter dated September 17, 2014, sent via Federal Express.  The letter informed PIT of the specific items to be produced and included the Amended Protective Order.  PIT has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

38. <u>Virginia Innovative Technology LLC ("VIT")</u>:  HTC notified VIT of its intent to produce VIT's confidential documents by letter dated September 17, 2014, sent via Federal Express.  The letter informed VIT of the specific items to be produced and included the Amended Protective Order.  VIT has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

39. <u>Harris Technology, LLC</u>:  HTC notified Harris Technology of its intent to produce Harris Technology's confidential documents by letter dated September 17, 2014, sent via Certified Mail.  The letter informed Harris Technology of the specific items to be produced and included the Amended Protective Order.  Harris Technology has not contacted HTC to discuss any objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

40. <u>Southwest Technology Innovations</u>:  HTC notified Southwest Technology Innovations of its intent to produce Southwest Technology Innovations' confidential documents by letter dated September 17, 2014, sent via Certified Mail.  The letter informed Southwest Technology Innovations of the specific items to be produced and included the Amended Protective Order.  Southwest Technology Innovations has not contacted HTC to discuss any

objections to the production under the confidentiality designation "Confidential - Outside Attorneys' Eyes Only."

DATED: October 3, 2014

Respectfully submitted,

By: /s/Peter J. Wied
     Peter J. Wied

| LOCAL COUNSEL: | OF COUNSEL: |
|---|---|
| Eric Hugh Findlay | Vincent K. Yip |
| Roger Brian Craft | Terry D. Garnett |
| Findlay Craft PC | Peter J. Wied |
| 102 N College Avenue | Jay C. Chiu |
| Suite 900 | Goodwin Procter LLP Los Angeles |
| Tyler, TX 75702 | 601 S Figueroa St |
| 903/534-1100 | 41st Fl |
| Fax: 903/534-1137 | Los Angeles, CA 90017 |
| | |
| Counsel for Defendants | Counsel for Defendants |
| HTC CORPORATION and | HTC CORPORATION and |
| HTC AMERICA, INC. | HTC AMERICA, INC. |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on October 3, 2014. *See* Local Rule CV-5(a)(3)(A).

/s/Peter J. Wied
Peter J. Wied