# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ContentGuard Holdings, Inc., *Plaintiff*, v. Amazon.com, Inc.; Apple Inc.; BlackBerry Limited (fka Research In Motion Limited) and BlackBerry Corporation (fka Research In Motion Corporation); HTC Corporation and HTC America, Inc.; Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.; Motorola Mobility LLC; Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, *Defendants*. | Civil Action No. 2:13-cv-01112-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CONTENTGUARD HOLDINGS, INC.'S SUR-REPLY TO DEFENDANT AMAZON.COM, INC.'S MOTION TO SEVER (DKT. 205)**

Counsel for Amazon may be familiar with Greek mythology, but it apparently knows very little about this Court's precedent. ContentGuard's Amended Complaint readily meets the joinder requirements of this District because it pleads that (1) all Defendants provide access on their accused devices to the same infringing Digital Rights Management ("DRM") "apps," *i.e.*, the Amazon Kindle and MP3 "apps"; and (2) each Defendant sells accused products and practices methods that implement one or more versions of the DRM-related Unique Identifier Technology Solution ("UITS") standard. None of the points raised by Amazon in its reply warrants severance.

*First*, Amazon's argument that different versions of the Amazon Kindle "app" are offered for Android devices, Apple devices, and BlackBerry devices is irrelevant. Irrespective of the platform on which it is deployed, the Amazon Kindle "app" (along with the Amazon MP3 "app") uses ContentGuard's patented DRM technologies, which constitute the relevant infringing software offered by *all* Defendants in their accused products. And, as conceded by Amazon's co-Defendants, ContentGuard's infringement allegations "for each [common] accused software 'app' are *identical for each accused defendant*." Dkt. 153 at 3 (emphasis added); Dkt. 174 at 4.[1]

*Second*, ContentGuard's requests for discovery concerning new Amazon products (such as the Amazon Fire Phone) that use the accused DRM "apps" do not affect the joinder analysis. Under this Court's precedent, accused infringers are required to provide "[d]iscovery concerning products not explicitly listed in the [patentee's] infringement contentions" when "(1) the infringement contentions give notice of a specific theory of infringement; and (2) the products

---

[1] Notably, Amazon advertises that the Kindle "app" works seamlessly across various platforms. *See* Dkt. 216-04 ("The Kindle app lets you read *the same book across devices and automatically syncs where you left off so you can start reading on one device and pick up where you left off on another device*. The app syncs your furthest page read, bookmarks, notes, and highlights between Android, PC, Mac, iPad, iPhone, iPod touch, BlackBerry, Windows Phone 8, and any of our Kindle devices using our Whispersync technology.") (emphasis added).

1

for which [the patentee] seeks discovery operate in a manner reasonably similar to that theory." *Nidec Corp. v. LG Innotek Co., Ltd.*, 2009 U.S. Dist. LEXIS 106667, at *4-5 (E.D. Tex. Sept. 2, 2009) (citing *Honeywell Int'l, Inc., v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. Feb. 5, 2009)). Thus, adding the Amazon Fire Phone (or any other Amazon products that use the accused DRM "apps") to this case does not affect the analysis in the slightest.

*Third*, the fact that Amazon may not have an agreement with Huawei to supply the Amazon Kindle and the Amazon MP3 "apps" for pre-installation on Huawei devices is not determinative in the joinder analysis. That goes to only one factor in the "same transaction or occurrence" prong of the joinder analysis.[2] *See Negotiated Data Solutions*, 2012 U.S. Dist. LEXIS 174839, at *10. More importantly, Amazon does not and cannot dispute that it makes available the Amazon Kindle "app" through Google Play, the Android "app store" for the Huawei Accused Devices. *See* Dkt. 216-04. Amazon also does not dispute ContentGuard's contention that each of the Huawei Accused Devices "can be and has been used to activate the Amazon Kindle application ('Amazon Kindle App')" and "can be and has been used to activate and enable the operation of the Amazon MP3 application and server ('Amazon MP3 App')," both of which are "available on any device that has an Android operating system." Rather, Amazon merely takes issue with what it alleges to be insufficient evidence of direct infringement by Huawei customers through use of the Amazon Kindle "app" (advertised by Amazon as "the 'app' for every reader" (Dkt. 216-04)) and the Amazon MP3 "app." *See* Dkt. 222 at 3 n.3. But Amazon's complaint is misplaced—ContentGuard need not prove its infringement case at this stage. Rather, the indisputable fact that all Defendants provide the Amazon Kindle and Amazon

---

[2] At most, this argument would require severance with respect to Huawei alone.

MP3 "apps" on their accused products is enough to support joinder. *See Net Navigation Sys., LLC v. Cisco Sys.*, 2012 U.S. Dist. LEXIS 187288, at *11 (E.D. Tex. Aug. 22, 2012).

*Fourth*, Amazon's throw-away, unsupported assertion that the UITS standard "does not even come close to reading on" the ContentGuard patent fails to defeat joinder. *See* Dkt. 222 at 3. ContentGuard's infringement contentions explain the manner in which the UITS standard reads on Defendants' accused products, which need not be identical. *See Wi-Lan Inc. v. HTP Corp.*, 2013 U.S. Dist. LEXIS 99635, at *38-39 (E.D. Tex. July 17, 2013). The fact that the UITS standard reads on only one of the patents-in-suit does not make joinder improper. *See id.*; *Negotiated Data Solutions, Inc.*, 2012 U.S. Dist. LEXIS 174839, at *7 (E.D. Tex. Dec. 11, 2012).

*Fifth*, in its fallback position, Amazon insists that the case is unmanageable, but cannot articulate any grounds for its contention. *See* Dkt. 222 at 2. Indeed, Amazon fails to identify a single plausible reason why joinder should not be maintained through at least pre-trial. *See* Dkt. 222 at 4. Further Amazon does not contest that, even if the Court were to find that ContentGuard's claims against Amazon should be severed (which ContentGuard respectfully submits it should not), pre-trial consolidation would remain appropriate. *See* Fed. R. Civ. P. 42(a).

## CONCLUSION

For the foregoing reasons, ContentGuard respectfully requests that the Court deny Amazon's Motion to Sever.[3]

---

[3] ContentGuard continues to oppose Defendants' motions to transfer for the reasons explained extensively in its Oppositions. *See* Dkt. 125, 168.

Dated: October 6, 2014

Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
Shahar Harel
sharel@mckoolsmith.com
David R. Dehoney
ddehoney@mckoolsmith.com
Angela M. Vorpahl
avorpahl@mckoolsmith.com
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Dirk D. Thomas
dthomas@mckoolsmith.com
MCKOOL SMITH P.C.
1999 K Street, NW
Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344

Holly E. Engelmann
hengelmann@mckoolsmith.com
Seth R. Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

**ATTORNEYS FOR CONTENTGUARD HOLDINGS, INC.**

# CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on this the 6th Day of October 2014.  Local Rule CV-5(a)(3)(A).

*/s/ Radu A. Lelutiu*
