IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONTENTGUARD HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM, INC.; APPLE INC.; BLACKBERRY LIMITED (FKA RESEARCH IN MOTION LIMITED) AND BLACKBERRY CORPORATION (FKA RESEARCH IN MOTION CORPORATION); HTC CORPORATION AND HTC AMERICA, INC.; HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI DEVICE USA, INC.; MOTOROLA MOBILITY LLC; SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | ) No. 2:13-cv-01112 (JRG)<br><br>) JURY TRIAL DEMANDED |
| Defendants. | ) |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO
STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS [ECF NO. 218]**

## TABLE OF AUTHORITIES

**Cases**

*Michael S Sutton Ltd. v. Nokia Corp.*,
    No. 6:07-CV-203, 2009 WL 9051240 (E.D. Tex. Feb. 13, 2009) ................................. 1, 2

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) ................................................................................... 3

*Orion IP, LLC v. Staples Inc.*,
    407 F. Supp. 2d 815 (E.D. Tex. 2006) ......................................................................... 5

*Realtime Data, LLC v. Packeteer, Inc.*,
    No. 6:08cv144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ..................................... 2

*Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*,
    No. C09-05897, 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ....................................... 2

I.     **INTRODUCTION**

Apple's motion presents a straightforward legal dispute that is ripe for adjudication: whether listing over 50 disparate source code files spanning several thousand pages for a single claim element provides fair notice of a party's contentions pursuant to P.R. 3-1. Most of ContentGuard's opposition is spent raising inconsistent excuses for why the Court should avoid resolving that dispute: On the one hand ContentGuard argues that it needs more discovery before it can provide more detail — totally ignoring the "no excuses" provision in the Discovery Order that Apple cited in its motion, *see* Ex. 34, ¶ 10 — and then in the next breath ContentGuard contradicts itself and argues that it will soon provide "additional detail" in its contentions (without additional discovery from Apple) and thus Apple's motion is premature. But tellingly, ContentGuard never promises to provide the detail that Apple requested two months ago in the meet-and-confer letter that was the basis for this motion, *see* Mot. Ex. 30 — instead ContentGuard just says it will provide "additional detail" (whatever that means) and then if Apple has any "specific complaints" ContentGuard will be "available to discuss them." Opp'n at 12 n.3. But Apple already raised its "specific complaints" over two months ago in its meet-and-confer letter, *see* Mot. Ex. 30, and has already followed the procedure set forth in ¶ 9(a) of the Discovery Order for resolving these types of disputes, *see* Ex. 34, ¶ 9(a), so this motion is ripe and should be resolved now, especially given the imminent deadlines for claim construction. The Court should cut through ContentGuard's excuses and require ContentGuard to replace its citations to thousands of pages of source code with pinpoint citations to specific lines of source code, as set forth in Apple's Proposed Order. *See, e.g.*, *Michael S Sutton Ltd. v. Nokia Corp.*, No. 6:07-CV-203, 2009 WL 9051240, at *2–*3 (E.D. Tex. Feb. 13, 2009) (Davis, J.), *available at* Mot. Ex. 32.

## II. ARGUMENT

### A. ContentGuard's Infringement Contentions Fail to Comply with Rule 3-1(g)

ContentGuard does not dispute that "[o]nce source code has been provided to the plaintiffs . . . courts have required plaintiffs to supplement their infringement charges with ***pinpoint*** citations." *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. 09-5897, 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011) (emphasis added) (collecting cases from Texas and California).[1] In *Michael S Sutton*, for example, the plaintiff cited to ***seven*** pages of source code for a particular claim (far fewer than the thousands of pages of source code cited by ContentGuard for each element). *See* 2009 WL 9051240, at *2. Judge Davis granted a motion compelling more specific contentions because "Sutton does not specifically identify where these [claimed] steps are found in the source code." *Id.* The same is true here, and thus Apple's motion should be granted.[2]

ContentGuard argues that regardless of its citation to thousands of pages of source code, it complied with P.R. 3-1 because it included a screenshot from a public webpage stating that Apple rents movies for up to 30 days. *See* Opp'n at 13 & n.4. There are several flaws with this argument. First, this argument is flatly inconsistent with ContentGuard's invocation of P.R. 3-1(g), which is only permissible when a plaintiff contends that it "***require[s]*** source code to de-

---

[1] ContentGuard implies that the Amended Protective Order prevents it from ***quoting*** source code in its contentions. *See* Opp'n at 12 n.3. ContentGuard never raised this excuse with Apple until now. Nothing prevents ContentGuard from ***citing*** to the specific lines of code it is relying on. And Apple does not object to quoting limited portions of source code as needed to provide the level of detail required by Rule 3-1(g). For example, ContentGuard can quote a function name or variable name without reprinting the entire block of code.

[2] The cases cited by ContentGuard are not to the contrary, and in fact none concerns source code or P.R. 3-1(g). *See* Opp'n at 14 & n.6. ContentGuard also offers the excuse that 30 days did not give it enough time to provide the required specificity. This excuse is meritless: "When Plaintiff filed the instant lawsuit, it should have been prepared for the aggressive discovery and trial schedule necessitated by filing a multi-party, multi-patent case in this District." *Realtime Data*, 2009 WL 2590101, at *6. Furthermore, ContentGuard never sought an extension of time to provide the required specificity. In fact, ContentGuard rejected Apple's offer of a three-week extension. *See* Confidential Chandler Decl. Ex. J at 1, 5–6.

termine whether the infringing element is present." Ex. 34, ¶ 12(a) (emphasis added). That rule does *not* apply when "Plaintiff's infringement allegations depend on or can be ascertained from software functionality *visible* to an end user." *Id.* ContentGuard took the position that this claim limitation — along with every other limitation in all 106 asserted claims — was a P.R. 3-1(g) limitation, *see* Mot. Exs. 1–9 (highlighting in yellow P.R. 3-1(g) limitations), which automatically entitled ContentGuard to an extra 30 days to draft its infringement contentions (which ContentGuard has now stretched to over 90 days). Having enjoyed the delay resulting from P.R. 3-1(g), ContentGuard should be estopped from disclaiming reliance on P.R. 3-1(g) and arguing that its citation to a *public* webpage was sufficient all along. ContentGuard voluntarily invoked P.R. 3-1(g), so now it should be required to provide the pinpoint citations to source code required by P.R. 3-1(g).

Another problem with ContentGuard's argument is that ContentGuard is not *limiting* its infringement contentions to the public webpage concerning movie rentals. Instead ContentGuard is trying to reserve the ability to argue that *anything* within the thousands of pages of source code cited in its contentions could infringe that claim element. That directly contradicts the purpose of infringement contentions, which is to "'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the "shifting sands" approach to claim construction.'" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). For example, iTunes can also be used to *purchase* music, books, apps, and movies, but it is unclear the extent to which any of that is accused (and if so, what exactly).

Last but not least, ContentGuard's argument fails to address the deficiencies raised in Apple's meet-and-confer letter about this claim. *See* Mot. Ex. 30 at 2. The Stefik patents state that "[a] *key* feature of the present invention is that usage rights are *permanently* 'attached' to

3

the digital work." Mot. Ex. 1 at 6:11–12 (emphasis added). Thus it is critical for ContentGuard to be specific in its contentions so that Apple can understand what ContentGuard contends is the usage right "attached" to the digital work, both for rentals and (if accused) purchases. That is why Apple's meet-and-confer letter stated, "Apple has no way to understand whether usage rights refer to any particular data and, if so, what data is being accused. Is it a data structure in the servers? iTunes? FairPlay? Is it part of the content or something separate?" Mot. Ex. 30 at 2. Neither ContentGuard's contentions nor its brief answers this question, and ContentGuard has made no promise to provide the detail required to answer this question — or any of the other questions raised in Apple's ten-page letter — instead stating that it "does not agree" to provide enough detail to resolve all the questions raised in Apple's letter. Opp'n at 12 n.3.

### B. Apple's Alleged Discovery Deficiencies Provide No Excuse

ContentGuard spends 11 pages arguing that it needs more discovery before it can provide more detail in its contentions. Those 11 pages are copied almost verbatim from a motion to compel that ContentGuard delayed filing until the same day as its opposition to Apple's motion to strike. *See* ECF No. 239. ContentGuard's belated motion to compel is a transparent attempt to further delay providing specificity in its infringement contentions. Furthermore, ContentGuard's argument that it needs more discovery before it can provide more detail is foreclosed by the Discovery Order, which states that "[a] party is not excused from the requirements of this Discovery Order because it . . . challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures." Ex. 34, ¶ 10. Apple pointed this out in its motion, *see* Mot. at 12, and ContentGuard never disputed this point in its opposition. Nor did ContentGuard dispute that it can (but did not) provide pinpoint citations to the source code that *was* provided for inspection. Indeed, on the very next page of its brief, ContentGuard contradicts

4

the argument made on the first 11 pages of its brief and argues that it will soon provide "additional detail" in its contentions, without additional discovery from Apple. *See* Opp'n at 11–12.

### C. Apple's Motion Is Ripe

Neither ContentGuard's pledge in August that it would "strive to add additional verbiage" to its contentions, Opp'n at 11, nor its recent promise to provide "additional detail," *id.*, means that there is "no dispute for the Court to adjudicate," *id.* at 1. The dispute is that ContentGuard "does not agree" to provide the detail that Apple requested over two months ago in its meet-and-confer letter that was the basis for this motion. *See* Mot. Ex. 30; Opp'n at 12 n.3. Accordingly, under ¶ 9(a) of the Discovery Order, this motion is ripe and should be resolved now, *see* Ex. 34, ¶ 9(a), especially given the imminent deadlines for claim construction and this Court's directive that parties should promptly raise deficiencies in contentions.[3] *See Orion IP, LLC v. Staples Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006). Apple told ContentGuard that its recent promise to provide "additional detail" on October 29th would not moot this motion, *see* Ex. 35 at 1, 2, and the stipulation filed by the parties acknowledges that it will not "moot any pending motion," including this one, *see* Ex. 36 at 2 n.1. Also, Apple's Proposed Order not only calls for specificity, it also provides 30 days from receipt of proper contentions to serve proposed claim constructions (even though the local rules provide 60 days). That is another dispute that is not mooted by ContentGuard's recent promise to provide "additional detail" on October 29th.

### III. CONCLUSION

For these reasons, Apple's motion should be granted as set forth in the Proposed Order.

---

[3] ContentGuard incorrectly asserts that "for months, Apple never raised any issue concerning the adequacy of ContentGuard's infringement contentions." Opp'n at 15. To the contrary, Apple diligently raised its concerns only *four days* after ContentGuard served its P.R. 3-1(g) contentions on August 15th. *See* Mot. Ex. 30. Before that time, Apple had no basis to challenge ContentGuard's contentions because ContentGuard had invoked P.R. 3-1(g) for nearly every limitation, meaning ContentGuard was not required to provide specificity in its contentions until August 15th (i.e., 30 days after source code was produced). *See* Ex. 34, ¶ 3(a).

5

October 14, 2014                                         Respectfully submitted,

                                                                                /s/ Bryan K. Anderson

David T. Pritikin                                        Melissa Richards Smith
Dpritikin@sidley.com                                     Melissa@gillamsmithlaw.com
Richard A. Cederoth                                      GILLAM & SMITH LLP
Rcederoth@sidley.com                                     303 South Washington Avenue
Nathaniel C. Love                                        Marshall, TX 75670
Nlove@sidley.com                                         Telephone: (903) 934-8450
SIDLEY AUSTIN LLP                                        Facsimile: (903) 934-9257
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Bryan K. Anderson                                        Theodore W. Chandler
Bkanderson@sidley.com                                    Tchandler@sidley.com
Nathan Greenblatt                                        SIDLEY AUSTIN LLP
Ngreenblatt@sidley.com                                   555 West Fifth Street, Suite 4000
SIDLEY AUSTIN LLP                                        Los Angeles, CA 90013
1001 Page Mill Road, Building 1                          Telephone: (213) 896-6000
Palo Alto, CA 94304                                      Facsimile: (213) 896-6600
Telephone: (650) 565-7007
Facsimile: (650) 565-7100                                Counsel for Defendant APPLE INC.

7

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on October 14, 2014.  *See* Local Rule CV-5(a)(3)(A).

                                                      /s/ Melissa Smith