**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc., | |
| *Plaintiff*, | |
| v. | |
| Amazon.com, Inc.; Apple Inc.; BlackBerry Limited (fka Research In Motion Limited) and BlackBerry Corporation (fka Research In Motion Corporation); DirecTV, LLC; HTC Corporation and HTC America, Inc.; Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.; Motorola Mobility LLC; Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, | Civil Action No. 2:13-cv-01112-JRG<br><br>JURY TRIAL DEMANDED |
| *Defendants*. | |

**PLAINTIFF CONTENTGUARD HOLDINGS, INC.'S SURREPLY IN RESPONSE TO
DEFENDANT APPLE INC.'S MOTION TO STRIKE (DKT. 218)**

Apple's Reply confirms the flawed premise and overreaching nature of the motion to strike.

*First*, Apple does not dispute (nor can it) that, until ContentGuard receives the discovery ContentGuard is seeking in its motion to compel (Dkt. 239), it is impossible for ContentGuard to prepare the type of disclosures Apple seeks in its motion to strike. Put plainly, ContentGuard cannot explain how Apple's source code works on the accused Apple products until Apple (i) produces all its relevant source code and related technical discovery;[1] and (ii) links the produced source code to the accused product(s) on which that code runs. Apple's citation to the "no excuses" section of the Court's Discovery Order is unavailing. ContentGuard is not making any excuses—ContentGuard's infringement contentions fully comply with the Patent Local Rule 3-1 ("Rule 3-1") and include detail commensurate with the source code discovery provided to date by Apple.[2] But Apple's failure to comply with its discovery obligations is highly relevant here because the discovery Apple refuses to produce relates *directly* to the type of disclosure Apple seeks from ContentGuard—by definition, one type of discovery must be received before the other type of discovery can be given. Importantly, the Discovery Order itself makes clear that ContentGuard's obligation to supplement its infringement charts to cite source code is not in fact triggered "until 30 days after the production by [Apple] *of sufficient source* code for those claim elements that require source code to determine whether the infringing element is present in the Accused Instrumentality." Dkt. 115 ¶ 12(a) (emphasis added).[3] And the Amended Protective

---

[1] Even though Apple has produced a large amount of code, because source code files reference each other (*see* Dkt. 239-00 at 5-6, 8 n.3), ContentGuard cannot fairly understand how Apple's source code works until Apple's production of source code and related document production and interrogatory answers are complete.

[2] Specifically, ContentGuard served supplemental claim charts that identify, on an element-by-element basis, the relevant source code for the claim elements as to which ContentGuard had invoked Rule 3-1(g). In addition, although not required, ContentGuard also identified the relevant source code for elements as to which ContentGuard had not invoked Rule 3-1(g). Finally, although not required, ContentGuard also reviewed Apple's entire document production received to date and cited pertinent documents.

[3] When the parties negotiated paragraph 12(a) of the Discovery Order, ContentGuard made clear that it believed that its "obligation to amend [its] infringement contentions is triggered only when

Order requires the production of "any additionally requested Source Code material for inspection within eighteen (18) days of when it is first identified by the Receiving Party." Dkt. 152 at 20. Apple does not seriously dispute that it is yet to produce "sufficient source code." And, consistent with this Court's precedent and common sense, Apple has no right to withhold relevant source code while at the same time demanding narrative explanations that are wholly dependent upon the code being withheld.

Apple's complaints regarding the number of source code files cited for a single claim element are unavailing and misleading. The number of source code files cited in ContentGuard's infringement contentions is a direct result of Apple's failure to link the produced source code to the accused product(s) on which that code runs. Because Apple produced its source code in a flat "snapshot" format that mashes together multiple code versions without identifying which version was operative at any given time for any accused product,[4] ContentGuard was forced to cite numerous source code files for a given claim element. Until Apple provides the discovery ContentGuard is seeking in its motion to compel, ContentGuard is unable to parse the multiple code versions produced by Apple to identity the files on a product-by-product basis.

*Second*, notwithstanding Apple's protestations, Apple's hastily-filed motion does not present any issue that is ripe for the Court's attention. According to Apple, the motion to strike concerns the question of "whether ContentGuard's [August 15] infringement contentions comply with P.R. 3-1." Dkt. 210-00 at 6. But by agreement with Apple and its co-Defendants, ContentGuard's August 15 infringement contentions will be supplemented next week and, as ContentGuard has repeatedly told Apple (both before and after the motion to strike was filed), ContentGuard will "add additional verbiage to explain how the cited source code files implement

---

'sufficient source code' is produced *as to each element that require source code* review." Exhibit A (emphasis in the original). Stated differently, ContentGuard made clear that it would "not amend [its] contentions every time Defendants produce source code that may be sufficient for some, but fewer than all, elements as to which source code review is required." *Id.*

[4] This production method has been criticized by courts in this District. *See MedioStream, Inc. v. Microsoft Corp.*, 2010 U.S. Dist. LEXIS 110420, at *20-22 (E.D. Tex. Oct. 18, 2010).

the functionality at issue." Dkt. 240-23.  In light of ContentGuard's commitment to provide additional details, the dispute before the Court, which concerns a set of infringement charts that will be superseded, is wholly hypothetical.[5]  And while Apple attempts to preemptively attack ContentGuard's forthcoming supplemental infringement charts by arguing that ContentGuard has refused "to provide the detail that Apple requested over two months ago in [a] letter" (*cf.* Dkt. 241 at 5), these assertions are a red herring.  As an initial matter, Apple ignores that the detail it is seeking in its motion (a plain-English explanation of how Apple's relevant source code meets particular limitations) is quite different from the detail it requested "over two months ago" in an 11-page, single spaced letter (*see* Dkt. 240-22).  Furthermore, Apple's letter requested details about claims that ContentGuard has since dropped, *e.g.*, claims 2 and 19 of the '576 patent.  Apple fails to explain why ContentGuard should be required to provide supplemental charts about claims that are no longer at issue in the case.[6]  Finally, Apple argues that its motion deserves immediate attention because it also asks the Court to relieve Apple of the obligation to participate in the *Markman* process, which is already underway, until "30 days from receipt of [what Apple deems to be] proper contentions."  Dkt. 241 at 5.  But Apple's request for relief

---

[5] During the August 21 in-person meeting, the parties agreed that ContentGuard's supplemental infringement charts would focus on three products.  Following the in-person meeting, Apple produced some additional source code files.  This allows ContentGuard to provide certain additional details in its contentions, but does not provide sufficient discovery for ContentGuard to provide all the detail requested by Apple's motion.

[6] Moreover, Apple's letter includes numerous errors regarding ContentGuard's infringement contentions.  For example, Apple incorrectly alleges that ContentGuard failed to identify whether certain claim elements were governed by 35 U.S.C. § 112(6), when ContentGuard's claim charts specifically identified those elements as governed by 35 U.S.C. § 112(6).  Further, Apple incorrectly alleges that ContentGuard failed to identify certain corresponding structures, when ContentGuard's claim charts specifically identified the allegedly missing structures.  *Compare* Dkt. 240-22 at 7 (Apple stating that "ContentGuard does not mention whether it believes a 'means for requesting' is governed by 35 U.S.C. § 112(6).  Regardless, it does not identify the structure/function or even the accused element.") *with* Dkt. 218-16 at 4 (ContentGuard's infringement contentions stating that "This limitation is governed by 35 U.S.C. § 112(6).  The structure within the Apple Accused Instrumentalities that performs the claimed function is the user interface that allows a user to request use of the video content stored in the Apple Accused Instrumentality.").

3

from the Court's Docket Control Order is baseless.  "[A] claim is construed without regard to the accused product," *Jurgens v. McKasy*, 927 F.2d 1552, 1560 (Fed. Cir. 1991), and thus the premise of Apple's argument*, i.e.*, Apple cannot brief claim construction until all doubts about ContentGuard's infringement theories are resolved to Apple's satisfaction, is wrong.[7]

*Third*, there is nothing in this Court's precedent that requires patent holders to include in their Rule 3-1 disclosures lengthy explanations concerning the operation of the accused infringer's source code.  This Court's precedent makes clear that infringement contentions need not include "unrealistic, overly factual contentions from plaintiffs."  *Orion IP, LLC v. Staples Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006).[8]  The logic of that precedent makes perfect sense—given that Apple developed the source code for the Apple accused products, Apple necessarily understands how its code implements relevant functionality.  And, in any event, Rule 3-1 is amply satisfied by disclosures that include the accused infringer's own "plain-English" explanation of how the accused devices' source code perform certain functions and a listing of discrete source code files responsible for performing those functions.

There is no merit to Apple's argument that ContentGuard's infringement contentions are similar to those at issue in *Michael S. Sutton Ltd. v. Nokia Corp.*, where the patent holder merely provided a list of source code files with a barest of explanations of how these files "call" each other.  2009 WL 9051240, at *1 (E.D. Tex. Feb. 13, 2009).[9]  Unlike the charts at issue in

---

[7] During the parties' recent negotiations of certain adjustments to the *Markman* schedule, ContentGuard proposed modifications of the deadlines for the parties' respective claim construction briefs.  Defendants (presumably with Apple's consent), rejected that approach.  *See* Exhibit B.  It is curious that Apple would now ask the Court to grant it relief from the Docket Control Order when Apple rejected such relief when ContentGuard offered it.

[8] *See also Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 73217, at *27 (E.D. Tex. Aug. 18, 2009) ("Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof"); *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.,* 2009 U.S. Dist. LEXIS 114794, at *10 n.2 (E.D. Tex. Dec. 9, 2009) ("P.R. 3-1 does not require the disclosure of evidence and documents supporting infringement contentions").

[9] For example, the below is the sum total explanation offered for five related elements in the patent asserted in *Michael S. Sutton*:

*Michael S. Sutton*, ContentGuard's charts provide pages of plain-English narrative descriptions, including screenshots separately illustrating and identifying each element in Apple's accused products (created by the code at issue), and separately identifying for each element the code where the infringing step or function is found.  Equally lacking in merit are Apple's protestations that ContentGuard's infringement contentions (1) ought to dispel any and all questions Apple may have about ContentGuard's infringement case (*see* Dkt. 241 at 3); and (2) anticipate how the Court will resolve particular claim construction disputes (before they are even raised) (*see id.* at 4), and prepare infringement charts accordingly.  Infringement contentions are not the end of all infringement-related discovery Apple will receive in this case, and "a plaintiff is not required to explain its infringement theories in its [infringement contentions].    Explanations are appropriately given in the course of further discovery, specifically interrogatory answers and/or expert reports and depositions."  *JuxtaComm-Texas Software, LLC v. Axway, Inc.*, No. 6:10-cv-11, Dkt. 374 (E.D. Tex. Oct. 13, 2010).

## CONCLUSION

For the foregoing reasons, ContentGuard respectfully requests that the Court deny Apple's motion to strike.

---

Reference is made to Exhibit 4-B.
The Editor_HandleMessagePackingEvents function calls the EMS_Packer function implemented in emspacker.c
Reference is made to Exhibit 4-C
EMS_Packer states that this "routine packs the internally represented message data into a linked list of SMS_PACKETS_LIST.
Calls EMS_PackWithFowarding
A Call is made to the function CompressEMSData
*Michael S. Sutton*, 2009 WL 9051240, at *1.

Dated:  October 24, 2014

Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
Shahar Harel
sharel@mckoolsmith.com
David R. Dehoney
ddehoney@mckoolsmith.com
Angela M. Vorpahl
avorpahl@mckoolsmith.com
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Holly E. Engelmann
hengelmann@mckoolsmith.com
Seth R. Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:   (214) 978-4044

Dirk D. Thomas
dthomas@mckoolsmith.com
MCKOOL SMITH P.C.
1999 K Street, NW
Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344

**ATTORNEYS FOR CONTENTGUARD
HOLDINGS, INC.**

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on this the 24th Day of October 2014.  Local Rule CV-5(a)(3)(A).

*/s/ Radu A. Lelutiu*