## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **ContentGuard Holdings, Inc.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Amazon.com, Inc.,** *et al.*<br><br>**Defendants.** | **Civil Action No. 2:13-cv-1112-JRG**<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF COMPLIANCE WITH THIRD-PARTY PRODUCTION PROVISIONS BY DEFENDANT APPLE INC.

Pursuant to Paragraph 12 of the Amended Protective Order Regarding the Disclosure and Use of Discovery Materials (Dkt. No. 152), notice is given that Defendant Apple Inc. ("Apple") produced third-party confidential information in compliance with the Amended Protective Order and verifies as follows:

    1.    **Affinity Labs of Texas, LLC**:  Apple notified Affinity Labs of Texas, LLC ("Affinity Labs") of its intent to produce Affinity Labs confidential information via Federal Express overnight delivery by letter dated August 22, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose. The letter was addressed to Affinity Labs of Texas LLC, Attention: Harlie Frost.  On August 28, 2014 the Federal Express envelope was returned as undeliverable.

Apple made a second attempt to notify Affinity Labs at a different address, in Dripping Springs, Texas, of its intent to produce Affinity Labs confidential information via Federal Express overnight delivery by letter dated

October 14, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose.  The letter was once again addressed to Affinity Labs of Texas LLC, Attention: Harlie Frost.  The notice letter was successfully delivered on October 15, 2014.  However, to date Apple has not received a response.

2. **Clouding IP, LLC**:  Apple made an initial attempt to notify Clouding IP, LLC ("Clouding IP") of its intent to produce Clouding IP confidential information via Federal Express overnight delivery by letter dated August 22, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose.  The letter was addressed to the Manager of Clouding IP, LLC with copies to Russ August & Kabat, Attention: Marc Fenster, and IP Navigation Group, LLC ("IP Navigation").  After multiple delivery attempts by Federal Express to Clouding IP, the notice letter was returned on September 2, 2014 as undeliverable.  The copies to Russ August & Kabat and IP Navigation were both successfully delivered on August 25, 2014, but Apple has not received a response from either Russ August & Kabat or IP Navigation.

Apple made a second attempt to notify Clouding IP, at a different address, of its intent to produce Clouding IP confidential information via Federal Express overnight delivery by letter dated October 14, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose.  The letter was addressed to the Manager of Clouding IP, LLC with copies to Russ August & Kabat, Attention: Marc Fenster, and IP Navigation Group, LLC.  On October 23, 2014 the second notice letter addressed to Clouding

IP was also returned to Apple. The copies to Russ August & Kabat and IP Navigation were both successfully delivered on October 15, 2014, but Apple has not received a response from either Russ August & Kabat or IP Navigation.

3. **Pinpoint, Inc.**: Apple made an initial attempt to notify Pinpoint, Inc. ("Pinpoint") of its intent to produce Pinpoint confidential information via Federal Express overnight delivery by letter dated August 22, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose. The letter was addressed to Ms. Sally Wiggins, General Counsel of Pinpoint, Inc., with a copy to Paul C. Gibbons of Niro, Haller & Niro. On August 28, 2014 the notice letter addressed to Pinpoint was returned as undeliverable. The copy to Paul C. Gibbons of Niro, Haller & Niro was successfully delivered on August 25, 2014, but Apple has not received a response.

Apple made a second attempt to notify Pinpoint, at a different address, of its intent to produce Pinpoint confidential information via Federal Express overnight delivery by letter dated October 14, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose. The letter was again addressed to Ms. Sally Wiggins, General Counsel of Pinpoint, Inc., with a copy to Paul C. Gibbons of Niro, Haller & Niro.

The second notice letter addressed to Pinpoint was returned on October 21, 2014. The copy to Paul C. Gibbons of Niro, Haller & Niro was successfully delivered on October 15, 2014, but Apple has not received a response.

4. **RPX Corporation**: Apple made an initial attempt to notify RPX Corporation ("RPX") of its intent to produce RPX confidential information via Federal

Express overnight delivery by letter dated August 22, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose. The Federal Express envelope was returned to Apple as undeliverable.

Apple made a second attempt, using a different address, to notify RPX of its intent to produce RPX confidential information via Federal Express overnight delivery by letter dated October 14, 2014, with the Amended Protective Order attached and a copy of the confidential document that Apple intended to disclose. The Federal Express envelope was successfully delivered to RPX on October 15, 2014. RPX agreed to the production of this document designated Confidential – Outside Attorneys' Eyes Only under the protective order.

5. **Samsung Electronics**: Apple notified Samsung Electronics ("Samsung") of its intent to produce Samsung confidential information via an emailed letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose. The email was received on October 1, 2014. On October 7, 2014, Samsung's counsel, Neil Sirota, agreed to the disclosure of the documents, pursuant to the protective order.

6. **Imagination Technologies Limited**: Apple notified Imagination Technologies Limited ("Imagination") of its intent to produce Imagination confidential information via an emailed letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose. The email was received on October 2, 2014. On October 2,

2014, Imagination's general counsel, Ruth Orpwood, agreed to the disclosure of the documents, pursuant to the protective order.

7. **ARM Inc.**:  Apple notified ARM Inc. ("ARM") of its intent to produce ARM confidential information via Federal Express overnight delivery by letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose.  The Federal Express envelope was delivered on October 2, 2014.  On October 16, 2014, Robert Calico, Senior Counsel and Director of Litigation for ARM, agreed to the disclosure of the documents, pursuant to the protective order.

8. **Tessera, Inc.**:  Apple notified Tessera, Inc. ("Tessera") of its intent to produce Tessera confidential information via Federal Express overnight delivery by two letters dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose.  The first Federal Express envelope was delivered to its San Jose location on October 2, 2014.  A second Federal Express envelope was sent via Federal Express International Priority to Tessera's Ireland location and was delivered on October 3, 2014.  On October 15, 2014, Sriranga Veeraraghavan, Senior Director, Patent Litigation for Tessera, agreed to the disclosure of the documents, pursuant to the protective order.

9. **Apical Ltd.**:  Apple notified Apical Ltd. ("Apical") of its intent to produce Apical confidential information via Federal Express International Priority by letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the

confidential information Apple intended to disclose.  The Federal Express envelope was delivered on October 3, 2014.  Apple has not received a response.

10. **Synopsys, Inc.**:  Apple notified Synopsys, Inc. ("Synopsys") of its intent to produce Apical confidential information via Federal Express International Priority by letter dated October 2, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose.  The Federal Express envelope was delivered on October 3, 2014.  On October 16, 2014, Ean Sewell, Corporate Counsel for Synopsys, agreed to the disclosure of the documents, pursuant to the protective order.

11. **Arasan Chip Systems, Inc.**:  Apple notified Arasan Chip Systems, Inc. ("Arasan") of its intent to produce Arasan confidential information via Federal Express by letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose. The Federal Express envelope was delivered on October 2, 2014.  Apple has not received a response.

12. **Audience, Inc.**:  Apple notified Audience, Inc. ("Audience") of its intent to produce Audience confidential information via Federal Express overnight delivery by letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose. The Federal Express envelope was delivered on October 2, 2014.  On October 13, 2014, Audience's counsel, Jessica Valenzuela Santamaria, agreed to the disclosure of the documents, pursuant to the protective order.

13. **FotoNation**:  Apple notified FotoNation ("FotoNation") of its intent to produce FotoNation confidential information via Federal Express overnight delivery by letter dated October 1, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose.  The Federal Express envelope was delivered on October 2, 2014.  On October 15, 2014, Sriranga Veeraraghavan, Senior Director, Patent Litigation for FotoNation, agreed to the disclosure of the documents, pursuant to the protective order.

14. **Akamai Technologies, Inc.**:  Apple notified Akamai Technologies, Inc. ("Akamai") of its intent to produce Akamai confidential information via Federal Express overnight delivery by letter dated October 15, 2014, with the Amended Protective Order attached and a listing of the confidential information Apple intended to disclose.  The Federal Express envelope was delivered on October 16, 2014.  Apple has not received a response.

| | |
|---|---|
| Dated: November 7, 2014 | */s/ Melissa R. Smith* |
| | Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, L.L.P.<br>303 S. Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>Bryan K. Anderson<br>bkanderson@sidley.com<br>Nathan Greenblatt<br>ngreenblatt@sidley.com<br>SIDLEY AUSTIN LLP<br>1001 Page Mill Road, Bldg. 1<br>Palo Alto, CA 94304<br>650/565-7007<br>Fax: 650-565-7100<br><br>David T. Pritikin<br>dpritikin@sidley.com<br>Richard A. Cederoth<br>rcederoth@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn St.<br>Chicago, IL 60603<br>312/853-7359<br>Fax: 312/853-7036<br><br>Kelly A. Krellner<br>kkrellner@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Ste. 2000<br>San Francisco, CA 94101<br>415/772-7418<br>Fax: 415/772-7400<br><br>***Attorneys for Defendant Apple Inc.*** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on November 7, 2014.

                                        */s/ Melissa Smith*