**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Google, Inc. <br><br><br> Defendant. | Civil Action No. 2:14-cv-00061-JRG <br><br> JURY TRIAL DEMANDED |
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Amazon.com, Inc., *et al*. <br><br> Defendants. | Civil Action No. 2:13-cv-01112-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF CONTENTGUARD HOLDINGS, INC.'S SUPPLEMENTAL SUBMISSION
IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS'
<u>JOINT INVALIDITY CONTENTIONS</u>**

On October 7, Defendants sought leave to update their invalidity contentions. Dkt. 233. Based on Defendants' representation that the update would provide a number of clarifications and details Defendants had previously promised to ContentGuard,[1] ContentGuard did not oppose Defendants' request. The updated contentions Defendants served on October 29 (the "Updated Contentions"), however, are not at all what Defendants represented them to be. Far from being the innocuous "clean-up" Defendants had promised, the Updated Contentions purport to fundamentally alter the nature of Defendants' invalidity challenges by adding new art, new arguments, and new invalidity theories. Because Defendants cannot—and, indeed, have not even sought to—make a showing of "good cause" pursuant to Patent Local Rule 3-6(b), Defendants should be precluded from reinventing their invalidity challenges just weeks before *Markman*. In addition, the Updated Contentions still present an unmanageable number of invalidity arguments, and thus fail to moot ContentGuard's Emergency Motion to Strike (Dkt. 203), which ContentGuard hereby respectfully renews.

**A. The Updated Contentions Fundamentally Change the Nature of Defendants' Validity Challenges.**

In direct contravention of representations Defendants made to the Court and ContentGuard,[2] the Updated Contentions fundamentally alter the nature of Defendants' validity challenges. Specifically,

- The Updated Contentions purport to add allegedly invalidating prior art that was nowhere mentioned in Defendants' original contentions. *See* Exhibit A at 11-55.[3] Indeed, it appears that Defendants have substituted much of the art cited in their original Invalidity Contentions with brand new art.

---

[1] *See Amazon* Dkt. 207-08.
[2] *See Amazon* Dkt. 207-00 ("Defendants. . . would **not** attempt to rely on any unidentified or uncharted prior art") (emphasis in the original); *Amazon* Dkt. 233 ("Defendants have indicated a willingness to provide updated invalidity contentions, which will contain, among other things, highlights on the key portions of prior art references.").
[3] Exhibit A is a "blackline" that compares the Updated Contentions and Defendants' July 25 contentions.

1

- The Updated Contentions purport to add allegedly invalidating prior art systems that were not identified in Defendants' original contentions. *See* Exhibit A at 65-68.

- The Updated Contentions purport to challenge the asserted priority dates for several of the patents-in-suit. *See* Exhibit A at 7-8. In contrast, Defendants' original contentions indicated that Defendants were not disputing the priority dated ContentGuard was asserting. *See* Dkt. 203-03 at 4 ("Defendants have relied on [ContentGuard's] assertions for the purposes of these invalidity contentions").

- The Updated Contentions purport to add a brand-new invalidity argument concerning the '280 and '053 patents based on 35 U.S. C. § 101. *See* Exhibit A at 73.

- The Updated Contentions purport to add a brand-new invalidity argument concerning the '859 and '956 patents based on obviousness-type double patenting. *See* Exhibit A at 73-74.

- The Updated Contentions purport to add a brand-new invalidity argument concerning all the patents-in-suit based on 35 U.S. C. § 112(6). *See* Exhibit A at 91-92.

- The Updated Contentions purport to add several new brand-new invalidity arguments concerning the '849, '072, '956, and '556 patents based on allegedly insufficient written description. *See* Exhibit A at 93-98.

Defendants' attempt to dramatically change the nature of their invalidity challenges should be rejected. The Patent Local Rules make clear that "[a]mendment or supplementation [of] any . . . Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." In determining whether "good cause" exists, courts in this District considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the

2

amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *MacroSolve, Inc. v. Antenna Software, Inc.*, 2013 U.S. Dist. LEXIS 102954, at *7-8 (E.D. Tex. July 23, 2013). No "good cause" exists here, and Defendants' decision to amend their invalidity contentions without ever advising the Court or ContentGuard about the true nature of their amendments only underscores that conclusion.

As an initial matter, Defendants were obviously "not diligent in their investigation, discovery, and presentation of prior art references [and invalidity arguments], and further, lack an adequate explanation for failing to present these references [and invalidity arguments] at an earlier date." *MacroSolve, Inc.*, 2013 U.S. Dist. LEXIS 102954, at *8. Indeed, during the meet-and-confer process Defendants offered no explanation whatsoever for why their new alleged prior art references and invalidity arguments could not have been included in their original contentions. While Defendants apparently believe that the amendments are proper because (1) DirecTV has been added to the case; and (2) Mark Stefik, the lead inventor of six patents-in-suit, made an allegedly "belated" document production, neither excuse passes muster. While ContentGuard acknowledges DirecTV's right to pursue its own invalidity arguments,[4] the eight groups of Defendants who have actively litigated this case since its inception and who have already submitted a massively overbroad set of invalidity contentions months ago should not be permitted to use DirecTV's arrival as an excuse to reinvent their invalidity theories. Stefik's document production also provides no justification for the Updated Contentions. As an initial matter, Defendants' newly raised invalidity challenges based on 35 U.S. C. §§ 101 and 112 have no relationship whatsoever to any document production, let alone Stefik's. Furthermore, that production was not "belated." To the contrary, Stefik produced documents in response to a subpoena served by Google (but no other defendant) in August, a month *after* Defendants served their original contentions. *See* Exhibit C. But the prior art documents Stefik produced are all

---

[4] ContentGuard has told DirecTV that it "would not seek to preclude DirecTV from relying on art that was not cited by the original set of defendants in their July invalidity contentions." Exhibit B.

readily available patents and publications, and Defendants have no excuse for not timely retrieving them from public sources. Moreover, if documents in Stefik's possession had been material to Defendants' preparation of their invalidity contentions, Defendants should have subpoenaed Stefik sooner. In all events, the "excuses" Defendants have offered are pretextual given that (1) Defendants are seeking to add new alleged prior art and new arguments concerning patents on which DirecTV is not accused; (2) most of Defendants' new arguments are plainly not based on anything Stefik produced; and (3) three of the patents as to which Defendants wish to amend their contentions do not name Stefik as an inventor.

Furthermore, Defendants also cannot show—nor have they tried—that their new alleged prior art and invalidity arguments are in any way important. In their original contentions, Defendants took a "throw everything against the wall" approach, listing hundreds of pieces of prior art and scores of invalidity arguments against each of the patents-in-suit. And Defendants sought to justify the overbreadth of their contentions by arguing that a "vast body of prior art existed before the alleged priority dates of the patents-in-suit." *Amazon* Dkt. 207 at 9. Given the staggering scope of Defendants' original contentions, Defendants cannot credibly argue that anything of importance was left out for any reason other than a conscious tactical decision.

Finally, ContentGuard would suffer significant prejudice if Defendants are permitted to reinvent their invalidity theories shortly before *Markman*, and a continuance, which is impractical in all events, will not cure that prejudice. *See MacroSolve, Inc.*, 2013 U.S. Dist. LEXIS 102954, at *17-18 ("At this stage in the litigation—as briefing for claim construction is about to commence—to allow Defendants to amend their invalidity contentions . . . would undermine the purpose of the Local Patent Rules. . . . [The defendants] have already presented 250 prior art references on the issue of obviousness. Having [the plaintiff] contend with an additional seven references, which Defendants do not show to be noncumulative, would needlessly detract from time spent on claim construction as well as the already disclosed references.").

### B. The Updated Contentions Fundamentally Change the Nature of Defendants' Validity Challenges.

While it is true that Defendants have fixed some of the issues that plagued their original contentions, the Updated Contentions still present an inordinately large number of prior art references[5] and potential obviousness arguments. As ContentGuard explained at length in its Motion to Strike, this approach does not comply with Rule 3-3 because it fails to provide ContentGuard any meaningful "notice of potentially invalidating art that Defendants will assert in their case and at trial." *Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 114207, at \*14 (E.D. Tex. Dec. 8, 2009); *see also LML Patent Corp. v. JPMorgan Chase & Co.*, 2011 U.S. Dist. LEXIS 128724, at \*14, 19 (E.D. Tex. Aug. 10, 2011) (holding that Rule 3-3 disclosures may not leave the patentee guessing concerning "every possible combination of the references disclosed").

In light of the foregoing, ContentGuard requests that the Court strike Defendants' Joint Invalidity Contentions and limit Defendants' asserted prior art references and invalidity arguments to no more than 15 per patent and 75 for all patents-in-suit.

---

[5] ContentGuard acknowledges that the Updated Contentions appear to withdraw many of the alleged prior art references Defendants identified in their original contentions. But the Local Patent Rules do not allow Defendants the ability to substitute prior art at will, let alone do so absent a showing of "good cause."

Dated:  November 12, 2014

Respectfully submitted,

*/s/ Sam Baxter*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

| | |
|---|---|
| Robert A. Cote | Holly E. Engelmann |
| rcote@mckoolsmith.com | hengelmann@mckoolsmith.com |
| Radu A. Lelutiu | Seth R. Hasenour |
| rlelutiu@mckoolsmith.com | shasenour@mckoolsmith.com |
| Shahar Harel | MCKOOL SMITH P.C. |
| sharel@mckoolsmith.com | 300 Crescent Court, Suite 1500 |
| David R. Dehoney | Dallas, Texas 75201 |
| ddehoney@mckoolsmith.com | Telephone:  (214) 978-4000 |
| Angela M. Vorpahl | Facsimile:   (214) 978-4004 |
| avorpahl@mckoolsmith.com | |
| MCKOOL SMITH P.C. | |
| One Bryant Park, 47th Floor | |
| New York, New York 10036 | |
| Telephone: (212) 402-9400 | |
| Facsimile: (212) 402-9444 | |

**ATTORNEYS FOR CONTENTGUARD HOLDINGS, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 12th Day of November 2014. Local Rule CV-5(a)(3)(A).

*/s/ Radu A. Lelutiu*
Radu A. Lelutiu

## **CERTIFICATE OF CONFERENCE**

The parties discussed the matters at issue in this motion during a telephonic conference held on November 5. The parties' discussions ended in an impasse.

*/s/ Holly E. Engelmann*
Holly E. Engelmann