IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONTENTGUARD HOLDINGS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| AMAZON.COM, INC.; APPLE INC.; BLACKBERRY LIMITED (FKA RESEARCH IN MOTION LIMITED) AND BLACKBERRY CORPORATION (FKA RESEARCH IN MOTION CORPORATION); HTC CORPORATION AND HTC AMERICA, INC.; HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI DEVICE USA, INC.; MOTOROLA MOBILITY LLC; SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 2:13-cv-01112 (JRG)  JURY TRIAL DEMANDED |
| Defendants, | ) ) ) |
| and | ) ) |
| DIRECTV, LLC | ) ) ) |
| Intervener. | ) ) |

**AMAZON'S RESPONSE TO PLAINTIFF CONTENTGUARD HOLDINGS, INC.'S
SUPPLEMENTAL SUBMISSION IN SUPPORT OF ITS MOTION TO STRIKE
<u>DEFENDANTS' JOINT INVALIDITY CONTENTIONS</u>**

At Plaintiff ContentGuard Holdings, Inc.'s ("ContentGuard") request, on October 29, 2014, Defendants served supplemental invalidity contentions. In those invalidity contentions, Defendants cut the number of prior art references nearly in half from 189 to 119 despite the fact that ContentGuard still asserts 75 claims from nine different patents. Defendants also bolded key parts of references to address ContentGuard's concern that Defendants included large quotations from prior art references. Finally, Defendants added more detail to the explanations of motivation to combine and invalidity arguments under 35 U.S.C. §§ 101 and 112.

ContentGuard acknowledges that the updated invalidity contentions "fixed some of the issues" that ContentGuard complained about previously and, albeit in a footnote, that the updated invalidity contentions "withdraw many of the alleged prior art references" cited in the original contentions. (Dkt. No. 274 at 5 & n.5.) Yet, ContentGuard lodges new complaints to continue its attempt to get this Court to strike Defendants' entire invalidity case. ContentGuard waited two weeks after receiving the updated invalidity contentions to file those complaints in an uninvited supplemental submission just three business days before a status conference. In its latest maneuver, ContentGuard asks this Court to sever DIRECTV into a separate invalidity case despite previously agreeing to give DIRECTV, which intervened only recently in this case, "leave to supplemental Defendants' invalidity contentions," since these would be the first invalidity contentions that DIRECTV served. ContentGuard cannot hide its motivation: ContentGuard wants to prevent the remaining Defendants from relying on prior art references added to the joint invalidity contentions by DIRECTV. This is not the first time that ContentGuard has attempted to game the system. ContentGuard's repeated attempts at procedural gamesmanship should not be rewarded, otherwise this will not be the last time that ContentGuard tries to take advantage of its own agreements and this Court's rules.

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION RE:  MOTION TO STRIKE** – Page 1

## BACKGROUND

### I. ContentGuard Accuses the Defendants of Infringement Based on the Google Play Apps Without Naming Google to Gain a Venue Advantage.

From the beginning of this case, ContentGuard has been manipulating the system. First, ContentGuard tried to avoid being transferred to the Northern District of California by accusing Defendants of infringement based on the Google Play apps without naming Google, which has its principal place of business in California, as a Defendant. ContentGuard filed suit in this Court on December 18, 2013, against five Defendants: Amazon.com, Inc.; Apple Inc.; BlackBerry Corporation; Huawei Device USA; and Motorola Mobility LLC. (*See* Dkt. No. 1.) When ContentGuard amended its complaint a month later, it added two more Defendants and their affiliates, HTC Corporation and Samsung Electronics Co., Ltd., but still did not add Google. (*See* Dkt. No. 22.) ContentGuard accused the Defendants of infringing its patents related to digital rights management ("DRM") by making devices that provide access to the Amazon Kindle app and the Google Play apps. Yet ContentGuard never named Google as a Defendant in that case. Only after Google filed a declaratory judgment action in the Northern District of California, ContentGuard filed a separate suit against Google in this district. After being careful not to include Google in the first case, ContentGuard contradicted itself and asked the Court to consolidate the two cases. In refusing to consolidate, this Court recognized that ContentGuard engaged in procedural gamesmanship to try to gain an advantage in a potential venue battle. (*See* Case No. 2:14-cv-00061, Dkt. No. 109 at 9 ("[T]his Court shares the view of our sister court in California that ContentGuard appears to have gone to 'considerable effort to avoid suing Google in Texas, evidently fearing a motion to transfer.'").)

II.  **ContentGuard Tries to Take Advantage of the Defendants Serving Joint Invalidity Contentions to Hamstring the Defendants' Invalidity Case.**

Next, ContentGuard tried to take advantage of Defendants' attempt to streamline this complex case in an attempt to get this Court to strike Defendants' entire invalidity case. In the beginning of this case, ContentGuard alleged that 12 different defendants infringed 106 claims in 9 different patents based on the use of hundreds of different software apps and systems. Instead of each Defendant filing separate invalidity contentions, Defendants worked together to provide one, joint set of invalidity contentions. Naturally, with 106 claims on the table and 12 different Defendants, the invalidity contentions were lengthy.

When ContentGuard complained about the scope of the invalidity contentions, Defendants proposed reciprocal limits to narrow both the number of asserted claims and the prior art references. ContentGuard refused. Instead of agreeing to impose any limits on its own case, ContentGuard demanded that Defendants unilaterally narrow the invalidity case. When it became clear that the parties were at an impasse, Defendants agreed to an abbreviated briefing schedule on these issues with simultaneous opening briefs. After Defendants filed their brief on the agreed upon day, August 22, and just before filing its own brief, ContentGuard sent the Defendants a letter narrowing the number of asserted claims from 106 to 75 in an attempt to hide its refusal to agree to any reciprocal limits on its own case. This was the first but not the last time that ContentGuard has tried to take advantage of an agreement with Defendants.

III. **ContentGuard Accuses Samsung of Infringement for Manufacturing DIRECTV Devices Without Naming DIRECTV to Try to Keep a Venue Advantage and then Tries to Sever Off DIRECTV to Damage Defendants' Invalidity Case.**

In its most recent attempt to take advantage of an agreement with the Defendants, ContentGuard now wants to carve off a separate invalidity case for Intervener DIRECTV, LLC to prevent the Defendants from relying on prior art added by DIRECTV. Despite not naming

DIRECTV—another California company with its principal place of business in California—as a Defendant in either its original or first amended complaint, when ContentGuard served infringement contentions to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), ContentGuard accused Samsung of infringement for manufacturing set-top boxes and digital video recorders ("DVRs") for DIRECTV.  Based on those allegations, DIRECTV intervened in the case.

Despite intervening in this case nine months after ContentGuard originally filed suit, DIRECTV agreed to follow the schedule already set by the Court for the rest of the Defendants. The one caveat was that DIRECTV was "granted leave to supplement Defendants' invalidity contentions within 30 days from" intervening.  (*See* Dkt No. 210.)  At about the same time, both ContentGuard and Defendants agreed to serve updated infringement and invalidity contentions to try to address the complaints both sides had about each other's contentions.[1]  Given that Defendants were preparing updated invalidity contentions, instead of serving separate though largely identical invalidity contentions, DIRECTV joined the Defendants' joint updated invalidity contentions.

ContentGuard has opposed every motion to sever filed by the Defendants in the year that this case had been pending, but now that it sees an opportunity to use severance to detriment the Defendants' invalidity case, ContentGuard has changed its tune.  In connection with its uninvited supplemental submission to its motion to strike Defendants' invalidity contentions and before receiving an answer about whether DIRECTV would oppose its request, ContentGuard filed a motion asking this Court to sever the claims against DIRECTV.  (Dkt No. 273.)  ContentGuard

---

[1] ContentGuard still has not provided any of the Defendants with complete infringement contentions, an issue the Defendants are still attempting to resolve.

cannot deny what drives its newly found appreciation for severance: an attempt to limit the remaining Defendants to a different and smaller set of prior art references.[2]

## ARGUMENT

ContentGuard must be held to the choices it has made for its own case.  When ContentGuard decided not to include Google in this case despite accusing the Google Play apps, it had to accept the consequence that its later-filed case against Google could not be consolidated.  When ContentGuard belatedly accused Samsung of infringement based on the DIRECTV devices and then held DIRECTV to the same schedule as the remaining Defendants, it should have to accept the consequence that the remaining Defendants would be adding DIRECTV's prior art references to the joint invalidity contentions.  And when ContentGuard agreed that the parties would exchange supplemental infringement and invalidity contentions to address each other's concerns, it should have to accept the consequence.  Defendants have already cured the problems that ContentGuard complained about in its motion to strike.  ContentGuard should not be allowed to conjure up new complaints about Defendants' supplemental invalidity contentions to keep alive its hope of destroying Defendants' invalidity case.

## CONCLUSION

For the reasons explained above and more fully in Defendants' Motion to Adopt a Modified Version of General Order No. 13-20 Focusing Claims and Prior Art (Dkt. No. 202) and in Defendants' Opposition to Plaintiff's Emergency Motion to Strike Defendants' Joint Invalidity Contentions (Dkt. No. 206), Defendants respectfully request that the Court deny ContentGuard's Motion to Strike Defendants' Joint Invalidity Contentions.

---

[2] DIRECTV's intervention in the case also destroys joinder under the America Invents Act given that the allegations against DIRECTV involve set-top boxes and DVRs, not software apps like the Kindle or Google Play apps.  That is likely another motivating factor for ContentGuard's motion to sever.

November 14, 2014                                    Respectfully submitted,

                                                 */s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 2060713
HALTOM & DOAN
6500 Summerhill Road
Crown Executive Center, Suite 100
Texarkana, TX 75505
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Glen E. Summers (admitted pro hac vice)
Glen.summers@bartlit-beck.com
Alison G. Wheeler (admitted pro hac vice)
Alison.wheeler@bartlit-beck.com
Katherine Hacker (admitted pro hac vice)
Kat.hacker@bartlit-beck.com
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

Abby Mollen (admitted pro hac vice)
Abby.mollen@bartlit-beck.com
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard Street, #300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

**COUNSEL FOR DEFENDANT AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on November 14, 2014.  *See* Local Rule CV-5(a)(3)(A).

          */s/ Jennifer H. Doan*
          Jennifer H. Doan