IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONTENTGUARD HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM, INC.; APPLE INC.; | ) |
| BLACKBERRY LIMITED (FKA | ) |
| RESEARCH IN MOTION LIMITED) AND | ) |
| BLACKBERRY CORPORATION (FKA | ) |
| RESEARCH IN MOTION | ) |
| CORPORATION); HTC CORPORATION | ) |
| AND HTC AMERICA, INC.; HUAWEI | ) No. 2:13-cv-01112 (JRG) |
| TECHNOLOGIES CO., LTD. AND | ) |
| HUAWEI DEVICE USA, INC.; | ) JURY TRIAL DEMANDED |
| MOTOROLA MOBILITY LLC; SAMSUNG | ) |
| ELECTRONICS CO., LTD., SAMSUNG | ) |
| ELECTRONICS AMERICA, INC., and | ) |
| SAMSUNG TELECOMMUNICATIONS | ) |
| AMERICA, LLC, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| DIRECTV, LLC, | ) |
| | ) |
| Intervener. | ) |

## DIRECTV, LLC'S ANSWER TO
## CONTENTGUARD HOLDINGS, INC.'S COUNTERCLAIMS

DIRECTV, LLC ("DIRECTV") answers ContentGuard Holdings, Inc.'s ("ContentGuard") Counterclaims (Dkt. No. 245) as follows. Any allegations or averments not specifically admitted herein are denied.

## THE PARTIES

**A.      ContentGuard**

1.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.  Further, DIRECTV is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the identified exhibits and therefore denies that they are either true or correct.

6.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.      DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

**B.     DirectTV**

13.     DIRECTV admits that it is a California limited liability company with a principal place of business in El Segundo.  DIRECTV denies the remaining allegations of paragraph 13.

## JURISDICTION AND VENUE

14.     DIRECTV admits that this Court has subject matter jurisdiction over patent law claims.

15.     DIRECTV does not contest that, for purposes of this case only, this Court has personal jurisdiction over DIRECTV.  DIRECTV denies the remaining allegations of paragraph 15.

16.     DIRECTV does not contest that venue is proper in this District.  DIRECTV denies that this District is a convenient forum for this case.

## THE PATENTS IN SUIT

17.     DIRECTV admits that, on the face of United States Patent No. 6,963,859 (the "'859 Patent"), the '859 patent appears to be titled "Content rendering repository."  It appears to have issued on November 8, 2005.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies them.

18.     DIRECTV admits that, on the face of United States Patent No. 7,523,072 (the "'072 Patent"), the '072 patent appears to be titled "System for controlling the distribution and use of digital works."  It appears to have issued on April 21, 2009.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies them.

19.     DIRECTV admits that, on the face of United States Patent No. 7,774,280 (the "'280 Patent"), the '280 patent appears to be titled "System and method for managing transfer of rights using shared state variables."  It appears to have issued on August 10, 2010.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore denies them.

20.     DIRECTV admits that, on the face of United States Patent No. 7,269,576 (the "'576 Patent"), the '576 patent appears to be titled "Content rendering apparatus."  It appears to have issued on September 11, 2007.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and therefore denies them.

21.     DIRECTV admits that, on the face of United States Patent No. 8,370,956 (the "'956 Patent"), the '956 patent appears to be titled "System and method for rendering digital content in accordance with usage rights information."  It appears to have issued on February 5, 2013.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies them.

22.     DIRECTV admits that, on the face of United States Patent No. 8,393,007 (the "'007 Patent"), the '007 patent appears to be titled "System and method for distributing digital content in accordance with usage rights information."  It appears to have issued on March 5,

2013.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and therefore denies them.

23.     DIRECTV admits that, on the face of United States Patent No. 7,225,160 (the "'160 Patent"), the '160 patent appears to be titled "Digital works having usage rights and method for creating the same."  It appears to have issued on May 29, 2007.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and therefore denies them.

24.     DIRECTV admits that, on the face of United States Patent No. 7,725,401 (the "'401 Patent"), the '401 patent appears to be titled "Method and apparatus for establishing usage rights for digital content to be created in the future."  It appears to have issued on May 25, 2010.  DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies them.

## CONTENTGUARD'S EFFORTS TO LICENSE DIRECTV'S USE OF ITS DRM TECHNOLOGIES

25.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.     DIRECTV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     Denied.

29.     DIRECTV admits that it had discussions with ContentGuard regarding certain patents.  DIRECTV denies the remaining allegations of paragraph 29.

## COUNT 1: INFRINGEMENT OF THE '859 PATENT

30.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

31.     Denied.

## COUNT 2: INFRINGEMENT OF THE '072 PATENT

32.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

33.     Denied.

## COUNT 3: INFRINGEMENT OF THE '280 PATENT

34.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

35.     Denied.

## COUNT 4: INFRINGEMENT OF THE '576 PATENT

36.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

37.     Denied.

## COUNT 5: INFRINGEMENT OF THE '956 PATENT

38.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

39.     Denied.

## COUNT 6: INFRINGEMENT OF THE '007 PATENT

40.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

41.     Denied.

## COUNT 7: INFRINGEMENT OF THE '160 PATENT

42.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

43.     Denied.

## COUNT 8: INFRINGEMENT OF THE '401 PATENT

44.     DIRECTV incorporates by reference the foregoing paragraphs of its Answer.

45.     Denied.

## WILLFUL INFRINGEMENT

46.     Denied.

## IRREPARABLE HARM TO CONTENTGUARD

47.     Denied.

## PRAYER FOR RELIEF

48-56.   These paragraphs set forth the statement of relief requested by ContentGuard to which no response is required.   To the extent a response is required, DIRECTV denies that ContentGuard is entitled to any of the requested relief and denies all allegations.

## DEFENSES

57.     Subject to the responses above, DIRECTV alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to their responses above, DIRECTV specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Non-Infringement)

58.     DIRECTV does not infringe and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, or otherwise) any valid, enforceable claim of the '859,

'072, '280, '576, '956, '007, '160, and '401 patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

59.     The claims of the '859, '072, '280, '576, '956, '007, '160, and '401 patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 et seq., including sections 101, 102, 103, and 112.

## THIRD DEFENSE
### (Waiver, Laches, Limitations, Estoppel)

60.     The claims of the '859, '072, '280, '576, '956, '007, '160, and '401 patents are unenforceable as asserted, in whole or in part, by the doctrines of waiver, laches, limitations, and/or estoppel.

## FOURTH DEFENSE
### (Limitation on Damages)

61.     ContentGuard's requested relief is barred or otherwise limited pursuant to 35 U.S.C. §§ 286 and 287.

## FIFTH DEFENSE
### (Limitation on Costs)

62.     ContentGuard's requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

## SIXTH DEFENSE
### (Failure to State a Claim)

63.     ContentGuard fails to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel)**

64.     ContentGuard is estopped from asserting the claims of the '859, '072, '280, '576, '956, '007, '160, and '401 patents by application of the doctrine of equivalents because of admissions or statements made to the United States Patent and Trademark Office during the prosecution and/or reexamination of the applications leading to the issuance of the '859, '072, '280, '576, '956, '007, '160, and '401 patents or applications (including their foreign patent applications) related thereto.

**EIGHTH DEFENSE**
**(License and Exhaustion)**

65.     To the extent that ContentGuard has licensed, released, or otherwise exhausted its rights and remedies as to products or services that are accused, DIRECTV is not liable to ContentGuard for any alleged acts of infringement related to such products or services.

**NINTH DEFENSE**
**(Not Entitled to Equitable Relief)**

66.     ContentGuard is not entitled to injunctive relief under any theory, at least because (1) ContentGuard has not suffered, nor will it suffer, irreparable harm because of DIRECTV's conduct; (2) any harm to ContentGaurd would be outweighed by the harm to DIRECTV if an injunction were entered; (3) ContentGuard has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of ContentGuard.

**TENTH DEFENSE**
**(Cannot Prove Exceptional Case)**

67.     ContentGuard cannot prove that this is an exceptional case justifying award of attorney fees against DIRECTV pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE
### (AIA Joinder)

68.     To the extent ContentGuard has failed to comply with the joinder provisions of the Leahy-Smith America Invents Act, DIRECTV reserves the right to seek a severance in accordance with 35 U.S.C. § 299.

## TWELFTH DEFENSE
### (Reservation of Rights)

69.     DIRECTV has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available.  DIRECTV reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of ContentGuard's claims, through discovery, or through further legal analysis of ContentGuard's claims and positions in this litigation.

## DIRECTV'S COUNTERCLAIMS

1.     DIRECTV, for its Counterclaims against ContentGuard and upon information and belief, states as follows:

## THE PARTIES

2.     DIRECTV is a California limited liability company with a principal place of business at 2230 E. Imperial Highway, El Segundo, California 90245.

3.     According to ContentGuard's Counterclaims, ContentGuard is a Texas limited corporation with a principal office in this District.

## JURISDICTION AND VENUE

4.     Subject to DIRECTV's defenses and denials, DIRECTV alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

5.      This Court has personal jurisdiction over ContentGuard.

## FACTUAL BACKGROUND

6.      In its Counterclaims, ContentGuard asserts that DIRECTV has infringed the '859, '072, '280, '576, '956, '007, '160, and '401 patents.  Of those patents, DIRECTV has previously asserted a declaratory judgment action against the '859, '956, and '576 patents.[1]

7.      The '859, '072, '280, '576, '956, '007, '160, and '401 patents are invalid, and DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '859, '072, '280, '576, '956, '007, '160, and '401 patents, either literally or under the doctrine of equivalents.

8.      Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '859, '072, '280, '576, '956, '007, '160, and '401 patents.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,523,072)

9.      DIRECTV restates and incorporates by reference its foregoing allegations.

10.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '072 patent is not infringed by DIRECTV.

11.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '072 patent.

12.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '072 patent, either literally or under the doctrine of equivalents.

---

[1] DIRECTV incorporates by reference its Declaration Judgment Action filed on September 12, 2014.  *See* Dkt. No. 213.  DIRECTV further incorporates by reference its Answer to the Second Amended Complaint (Dkt. No. 244).

## COUNT TWO
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,523,072)

13.     DIRECTV restates and incorporates by reference its foregoing allegations.

14.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '072 patent is invalid.

15.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '072 patent is invalid.

16.     The '072 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,774,280)

17.     DIRECTV restates and incorporates by reference its foregoing allegations.

18.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '280 patent is not infringed by DIRECTV.

19.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '280 patent.

20.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '280 patent, either literally or under the doctrine of equivalents.

## COUNT FOUR
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,774,280)

21.     DIRECTV restates and incorporates by reference its foregoing allegations.

22.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '280 patent is invalid.

23.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '280 patent is invalid.

24.     The '280 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT FIVE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,393,007)

25.     DIRECTV restates and incorporates by reference its foregoing allegations.

26.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '007 patent is not infringed by DIRECTV.

27.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '007 patent.

28.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '007 patent, either literally or under the doctrine of equivalents.

## COUNT SIX
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,393,007)

29.     DIRECTV restates and incorporates by reference its foregoing allegations.

30.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '007 patent is invalid.

31.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '007 patent is invalid.

32.     The '007 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,225,160)

33.     DIRECTV restates and incorporates by reference its foregoing allegations.

34.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '160 patent is not infringed by DIRECTV.

35.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '160 patent.

36.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '160 patent, either literally or under the doctrine of equivalents.

## COUNT EIGHT
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,225,160)

37.     DIRECTV restates and incorporates by reference its foregoing allegations.

38.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '160 patent is invalid.

39.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '160 patent is invalid.

40.     The '160 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

**COUNT NINE**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,963,859)**

41.     DIRECTV restates and incorporates by reference its foregoing allegations.

42.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '859 patent is not infringed by DIRECTV.

43.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '859 patent.

44.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '859 patent, either literally or under the doctrine of equivalents.

**COUNT TEN**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,963,859)**

45.     DIRECTV restates and incorporates by reference its foregoing allegations.

46.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '859 patent is invalid.

47.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '859 patent is invalid.

48.     The '859 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

**COUNT ELEVEN**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,269,576)**

49.     DIRECTV restates and incorporates by reference its foregoing allegations.

50.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '576 patent is not infringed by DIRECTV.

51.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '576 patent.

52.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '576 patent, either literally or under the doctrine of equivalents.

**COUNT TWELVE**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,269,576)**

53.     DIRECTV restates and incorporates by reference its foregoing allegations.

54.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '576 patent is invalid.

55.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '576 patent is invalid.

56.     The '576 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

**COUNT THIRTEEN**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,370,956)**

57.     DIRECTV restates and incorporates by reference its foregoing allegations.

58.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '956 patent is not infringed by DIRECTV.

59.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '956 patent.

60.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '956 patent, either literally or under the doctrine of equivalents.

## COUNT FOURTEEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,370,956)

61.     DIRECTV restates and incorporates by reference its foregoing allegations.

62.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '956 patent is invalid.

63.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '956 patent is invalid.

64.     The '956 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## COUNT FIFTEEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,725,401)

65.     DIRECTV restates and incorporates by reference its foregoing allegations.

66.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '401 patent is not infringed by DIRECTV.

67.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights regarding the '401 patent.

68.     DIRECTV has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '401 patent, either literally or under the doctrine of equivalents.

## COUNT SIXTEEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,725,401)

69.     DIRECTV restates and incorporates by reference its foregoing allegations.

70.     An actual case or controversy exists between DIRECTV and ContentGuard as to whether the '401 patent is invalid.

71.     A judicial declaration is necessary and appropriate so that DIRECTV may ascertain its rights as to whether the '401 patent is invalid.

72.     The '401 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

## PRAYER FOR RELIEF

DIRECTV respectfully prays for the following relief:

a.     A judgment dismissing ContentGuard's Counterclaims against DIRECTV with prejudice;

b.     A judgment in favor of DIRECTV on all of its Counterclaims;

c.     A declaration that DIRECTV has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '859, '072, '280, '576, '956, '007, '160, and '401 patents;

d.     A declaration that the claims of the '859, '072, '280, '576, '956, '007, '160, and '401 patents are invalid and unenforceable;

e.     A declaration that this case is exceptional under 35 U.S.C. § 285, including, without limitation, because ContentGuard filed its Counterclaims against DIRECTV with knowledge of the facts stated herein, and an award to DIRECTV of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

     f.      A judgment limiting or barring ContentGuard's ability to enforce the '859, '072, '280, '576, '956, '007, '160, and '401 patents in equity; and

     g.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, DIRECTV respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted this 17th day of November, 2014.

/s/ Charles Everingham IV
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles Everingham IV
State Bar No. 00787447
911 West Loop 281, Suite 412
Longview, TX 75604
Telephone: (903) 297-7404
Facsimile: (903) 297-7402
Email: ceveringham@akingump.com

Kevin G. McBride
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone: (949) 885-4200
Facsimile: (949) 885-4101
Email: kmcbride@akingump.com

Todd Landis
State Bar No. 24030226
Eric J. Klein
State Bar No. 24041258
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: tlandis@akingump.com
Email: eklein@akingump.com

James Loughlin Duncan III
State Bar No. 24059700
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Telephone: (713) 220-5800
Facsimile: (713) 236-0822
Email: jduncan@akingump.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served this 17th day of November, 2014, with a copy of

the foregoing document and supporting attachments via the Court's CM/ECF system.


_/s/ Charles Everingham IV_
Charles Everingham IV