**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Amazon.com, Inc.; Apple Inc.; BlackBerry Limited (fka Research In Motion Limited) and BlackBerry Corporation (fka Research In Motion Corporation); DirecTV, LLC; HTC Corporation and HTC America, Inc.; Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.; Motorola Mobility LLC; Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC. <br><br> Defendants. | Civil Action No. 2:13-cv-01112-JRG <br><br> JURY TRIAL DEMANDED |
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Google, Inc. <br><br> Defendant. | Civil Action No. 2:13-cv-01161-JRG <br><br> JURY TRIAL DEMANDED |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

In accordance with Patent Rule 4-3 and the Court's Docket Control Order of November 13, 2014 (Dkt. 279), the parties hereby submit this Joint Claim Construction and Prehearing Statement. In accordance with Patent Rule 4-2(c), the parties met and conferred on several occasions for the purposes of narrowing the issues and finalizing preparation of this Joint Claim Construction and Prehearing Statement.

### A. Agreed-Upon Constructions

The parties conducted meet-and-confers and have been able to reach agreement regarding the construction of the following claim terms/phrases in the asserted patents.[1] The chart below provides the construction of those claim terms, phrases, or clauses on which the parties agree:

| Stefik Patents | Agreed-Upon Construction |
| --- | --- |
| "rendering engine" | a processor and associated software that renders |
| "master device" | A special type of device which issues identification certificates and distributes lists of repositories whose integrity has been compromised and which should be denied access to digital works (referred to as repository 'hotlists'). |
| "master repository" | A special type of repository which issues identification certificates and distributes lists of repositories whose integrity have been compromised and which should be denied access to digital works (referred to as repository "hotlists".) |
| "session key" | a cryptographic key for encryption of messages during a single session |

| Nguyen/Chen Patents | Agreed-Upon Construction |
| --- | --- |
| "right(s)" | The term "right" in the claims of the '280 and '053 patents means a "meta-right" or a "usage right," depending on context (see proposed constructions for "meta-right" and "usage right" in Exhibits A and B hereto) |

---

[1] U.S. Patent Nos. 6,963,859 ("'859"), 7,523,072 ("'072"), 7,225,160 ("'160"), 7,269,576 ("'576"), 8,370,956 ("'956"), 8,393,007 ("'007") (collectively, the "Stefik Patents"); U.S. Patent Nos. 7,774,280 ("'280") and 8,001,053 ("'053") (collectively, the "Nguyen/Chen Patents"); and U.S. Patent No. 8,583,556 (the "Dunkeld Patent").

### B.     Disputed Claim Constructions

Exhibits A and B, attached hereto, identify the disputed claim terms.

Exhibit A provides ContentGuard's identification of intrinsic and extrinsic evidence supporting its proposed constructions, as required by P.R. 4-3(b).

Exhibit B provides Defendants' identification of intrinsic and extrinsic evidence supporting their proposed constructions, as required by P.R. 4-3(b).

### C.     Anticipated Length of Time for the Claim Construction Hearing

The Parties anticipate that the Claim Construction Hearing will take no longer than six hours, or an amount of time to be determined by the Court.

### D.     Identification of Witnesses

#### 1.     Statement by ContentGuard

ContentGuard may rely upon testimony (by declaration) from Dr. Michael Goodrich and/or Dr. Mark Stefik and/or Marc Kaufman.  In accordance with P.R. 4-3(d), ContentGuard provides Exhibit C.  Defendants' purported objection to testimony from Dr. Michael Goodrich, Dr. Mark Stefik, and Marc Kaufman (which Defendants raised for the first time via e-mail late in the evening that this Joint Claim Construction Statement was filed) is meritless and without basis in the Docket Control Order, the Local Rules, or applicable law.  In compliance with Local Patent Rule 4-2, ContentGuard informed Defendants in its P.R. 4-2 disclosures served on November 5, 2014 that it may "offer the testimony of one or more experts, inventors, or patent prosecution attorneys who were involved in the prosecution of the patents-in-suit."

#### 2.     Statement by Defendants

Defendants object to ContentGuard's untimely identification of Dr. Michael Goodrich, Dr. Mark Stefik, and Marc Kaufman as witnesses.  Local Patent Rule 4-2 and the Docket Control Order required ContentGuard to identify any extrinsic evidence, including "testimony of

3

percipient and expert witnesses" that it contends supports its claim constructions to Defendants on November 5, 2014. ContentGuard failed to identify the testimony of Dr. Michael Goodrich, Mark Stefik, or Marc Kaufman in that exchange.

Defendants may rely on the testimony (by declaration and/or by live testimony) of Dr. Jack Grimes as an expert witness. Dr. Grimes may provide testimony regarding the technology of the patents-in-suit, and, in particular, an explanation of how one of ordinary skill in the art would have understood the identified terms in light of the specifications, prosecution histories, *inter partes* review histories, and knowledge of one of ordinary skill in the art. Such testimony may include a discussion of Dr. Grimes's qualifications and background, including his qualifications and background related to the digital rights management ("DRM") technology at issue in the patents-in-suit. Such testimony may also include a discussion and tutorial regarding DRM technology, as well as of the state of the prior art for this technology. Dr. Grimes' testimony may also include rebuttal of proposed constructions and expert testimony presented by ContentGuard. Pursuant to Local Patent Rule 4-3(d), a summary of each opinion to be offered by Dr. Grimes is identified in the charts in Exhibit B.

### E. Other Issues

At present, the parties are unaware of any additional issues that would require the scheduling of a pre-hearing conference.

DATED: November 17, 2014

Respectfully submitted,

                                                */s/ Sam Baxter*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

| | |
|---|---|
| Robert A. Cote | Holly E. Engelmann |
| rcote@mckoolsmith.com | hengelmann@mckoolsmith.com |
| Radu A. Lelutiu | Seth R. Hasenour |
| rlelutiu@mckoolsmith.com | shasenour@mckoolsmith.com |
| Shahar Harel | Eric S. Hansen |
| sharel@mckoolsmith.com | ehansen@mckoolsmith.com |
| David R. Dehoney | MCKOOL SMITH P.C. |
| ddehoney@mckoolsmith.com | 300 Crescent Court, Suite 1500 |
| Angela M. Vorpahl | Dallas, Texas 75201 |
| avorpahl@mckoolsmith.com | Telephone: (214) 978-4000 |
| MCKOOL SMITH P.C. | Facsimile: (214) 978-4004 |
| One Bryant Park, 47th Floor | |
| New York, New York 10036 | |
| Telephone: (212) 402-9400 | |
| Facsimile: (212) 402-9444 | |

                                           **ATTORNEYS FOR CONTENTGUARD HOLDINGS, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff and counsel for Defendants have conferred regarding the forgoing Joint Claim Construction and Prehearing Statement.

*/s/ Sam Baxter*
Sam Baxter

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 17, 2014.

*/s/ Sam Baxter*
Sam Baxter