# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ContentGuard Holdings, Inc., *Plaintiff*, v. Amazon.com, Inc.; Apple Inc.; BlackBerry Limited (fka Research In Motion Limited) and BlackBerry Corporation (fka Research In Motion Corporation); DirecTV, LLC; HTC Corporation and HTC America, Inc.; Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.; Motorola Mobility LLC; Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, *Defendants*. | Civil Action No. 2:13-cv-01112-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CONTENTGUARD HOLDINGS, INC.'S RESPONSE TO DIRECTV, LLC'S NOTICE OF JOINDER IN MOTION TO CHANGE VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA (DKT. 275)**

ContentGuard respectfully files this Response to Intervener-Defendant DirecTV, LLC's (DirecTV) Notice of Joinder in Defendants' Motion to Change Venue to the Northern District of California (Dkt. 275).  DirecTV's Notice of Joinder does not come close to establishing that the Northern District of California is a "clearly more convenient forum."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

**The relative ease of access to sources of proof does not favor transfer.**  DirecTV's assertion that transfer is warranted because DirecTV is "a California limited liability company that maintains its headquarters, principal offices, and development facilities in El Segundo, California" (Dkt. 275) is entirely cursory and thus deserves no evidentiary weight.[1]  Indeed, the Notice of Joinder does not identify even a single witness who would be inconvenienced by having to travel to Marshall, and, in any event, El Segundo is not even located within the Northern District of California.  Finally, the Notice of Joinder fails to acknowledge the presence within the Eastern District of Texas of Samsung, the business partner on whose behalf DirecTV sought to intervene in this case (*see* Dkt. 199), and of plaintiff ContentGuard.

**The availability of compulsory process does not favor transfer.**  The Notice of Joinder fails to identify a single third-party witness located in the Northern District of California.  While DirecTV is presumably seeking to rely on the presence in the Bay Area of a number of the inventors, the Court has already noted that this consideration does not favor transfer.[2]

---

[1] *See Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 24922, at *9-10 (E.D. Tex. Feb. 22, 2013) (finding assertions that "the alleged infringing products were designed and developed in Cupertino, CA and the employees responsible for that development are based in the Cupertino area" to be entirely "vague" such that "weighing [them in the analysis] . . . would be merely speculative").

[2] *See* Google Transfer Opinion at 8-9 ("[s]even out of the nine non-party inventors . . . have declared their willingness to voluntarily appear in person at trial '*if [the case] is held in Texas.*' These seven inventors have not expressed similar willingness to voluntarily appear at trial should the case be tried in NDCA.  As such, despite the availability of compulsory process at NDCA for the three inventors residing there, transferring the case to NDCA may actually result in a *lesser* attendance of these non-party witnesses.").

- 1 -

**The cost of attendance for willing witnesses does not favor transfer.**  The Notice of Joinder fails to identify a single DirecTV witness whose attendance at trial justifies transfer, nor does it particularize the costs allegedly involved.³

**Other practical problems do not favor transfer.**  This litigation has been pending before the Court for almost a year, and the Court has invested significant resources in managing the case and learning the complex technology taught by ContentGuard's patents.  A *Markman* hearing concerning seven of the patents ContentGuard is asserting against DirecTV is just weeks away, and transferring this case to the Northern District of California at this stage "runs directly counter to the principles of judicial economy and comity."  Google Transfer Opinion at 10-11.

**The "public interest" factors do not favor transfer.**  ContentGuard's legitimate" and "extensive" presence within this District (*see* Google Transfer Opinion at 3-6) and the relative speed of this Court's docket (*see id.* at 11) both counsel against transfer.

In sum, DirecTV does not come close to meeting the significant burden it bears to prove that transfer is warranted.

---

³ *See B.E. Tech, LLC v. Motorola Mobility Holdings LLC*, 2013 U.S. Dist. LEXIS 86581, at *10-11 (W.D. Tenn. June 20, 2013) (holding that, "[w]hen asserting that a transferee district is more convenient for witnesses, a party must produce evidence regarding the *precise details of the inconvenience* of the forum chosen by the plaintiff.  To satisfy its burden, the movant must do more than simply assert that another forum would be more appropriate for the witnesses; *he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district*.  Further. . . the party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, *sufficient details respecting the witnesses and their potential testimony* to enable a court to assess the materiality of evidence and the degree of inconvenience.").

Dated: December 1, 2014                               Respectfully submitted,

                                                     /s/ Sam Baxter
                                                     Samuel F. Baxter
                                                     Texas State Bar No. 01938000
                                                     sbaxter@mckoolsmith.com
                                                     MCKOOL SMITH P.C.
                                                     104 East Houston, Suite 300
                                                     Marshall, Texas 75670
                                                     Telephone: (903) 923-9000
                                                     Facsimile: (903) 923-9099

Robert A. Cote                                       Holly E. Engelmann
rcote@mckoolsmith.com                                hengelmann@mckoolsmith.com
Radu A. Lelutiu                                      Seth R. Hasenour
rlelutiu@mckoolsmith.com                             shasenour@mckoolsmith.com
Shahar Harel                                         Eric S. Hansen
sharel@mckoolsmith.com                               ehansen@mckoolsmith.com
David R. Dehoney                                     MCKOOL SMITH P.C.
ddehoney@mckoolsmith.com                             300 Crescent Court, Suite 1500
Angela M. Vorpahl                                    Dallas, Texas 75201
avorpahl@mckoolsmith.com                             Telephone: (214) 978-4000
MCKOOL SMITH P.C.                                    Facsimile: (214) 978-4004
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

                                                     **ATTORNEYS FOR CONTENTGUARD
                                                     HOLDINGS, INC.**

McKool 1057410v1

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on this the 1st Day of December 2014.  Local Rule CV-5(a)(3)(A).

                                          */s/ Radu A. Lelutiu*