IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ContentGuard Holdings, Inc.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:13-cv-1112-JRG** |
| **Amazon.com, Inc.,** *et al.* | |
| **Defendants.** | |

## DEFENDANT APPLE INC.'S MOTION TO STAY

Apple respectfully moves this Court to stay all proceedings against Apple in the above-captioned case on three grounds:  First, all proceedings against Apple should be stayed pending resolution of Apple's Motion to Sever and Transfer (Dkt. No. 156).  Second, proceedings against Apple should be stayed pending resolution of Apple's petitions for *Inter Partes* Review ("IPR") of all patents ContentGuard asserts against Apple.  Third, proceedings against Apple should be stayed pending resolution of Apple's petitions for Covered Business Method ("CBM" ) Review of U.S. Patent No. 8,583,556 (the "'556 patent").

## BACKGROUND

Apple filed its Motion to Sever and Transfer nearly seven months ago, on June 18, 2014. Apple's motion has been fully briefed since August 1, 2014, when ContentGuard filed its sur-reply brief.  (Dkt. No. 183.)  While this motion has been pending, Apple has participated in discovery and engaged in substantive matters, including the briefing accompanying claim construction.

In December 2014, Apple filed twenty-nine IPR petitions for review (on multiple grounds per patent) of the nine patents asserted by ContentGuard against Apple.  (*See* Dkt. No. 342.)  Apple also filed three CBM petitions for review of the '556 patent.  (*See id.*)  Based on the usual patent office timelines for such proceedings, ContentGuard will have approximately three months (until mid-March 2015) to file a preliminary response to Apple's petitions, and the patent office will decide whether to institute review within approximately three months thereafter.

Apple now faces the fast-approaching *Markman* hearing on February 6, 2015, the close of fact discovery on March 20, 2015, the start of expert witness disclosures on April 7, 2015, and dispositive motion practice on May 19, 2015.  (Dkt. No. 253.)  Each of these deadlines requires Apple to provide substantive positions, and for both Apple and ContentGuard to expend significant effort far in advance of their arrival.  Accordingly, Apple respectfully requests that this Court stay the proceedings against Apple to allow this Court to decide whether ContentGuard's claims against Apple are properly joined in this matter, and whether those claims should proceed in United States District Court for the Northern District of California, and also to allow the PTAB review processes to unfold.

## ARGUMENT

This Court has the inherent authority to stay proceedings.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

I. **All Proceedings Against Apple Should be Stayed Pending Resolution of Apple's Motion to Sever and Transfer.**

In the Fifth Circuit, motions to transfer should take "a top priority in the handling" of a case. *In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003).  Likewise, the Federal Circuit has recognized "the importance of addressing motions to transfer at the outset of litigation," as forcing parties to litigate while a motion to transfer is pending may "thwart[]" "Congress' intent to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *In re EMC Corp.,* 501 Fed. App'x 973, 975-76 (Fed. Cir. 2013).  The Federal Circuit has directed "that a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013).

Staying proceedings pending resolution of transfer issues may therefore be necessary.  In addressing the disposition on remand of a mandamus action in *In re Fusion-IO, Inc.*, 489 Fed. App'x 465, 466 (Fed. Cir. 2012) the Federal Circuit stated that it "fully expect[ed]" the defendant "to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action," citing *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30, 30-31 (3d Cir. 1970) ("[I]t is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.").  On remand, the *Fusion-IO* defendant promptly moved for transfer, and the court granted the defendant's motion for a stay pending resolution of the transfer issue.  *See* Ex. B (Order, *Solid State Solutions, Inc. v. STEC, Inc.*, No. 2:11-cv-391-JRG-RSP (E.D. Tex. Jan. 3, 2013).)  *See also* Ex. C (Order, *Secure Axcess, LLC v. Nintendo of Am., Inc.*, No. 2:13-cv-32-JRG (E.D. Tex. Feb. 10, 2014) (staying

3

proceedings during claim construction stage pending resolution of severance and transfer

motions).)

Such a stay is necessary here.  The upcoming *Markman* hearing will lead the Court to

addressing significant, substantive portions of this case.  The looming close of fact discovery and

commencement of expert discovery will force Apple to take additional substantive positions.

For the reasons set for in Apple's briefs in support of its motion to sever and transfer, all claims

against Apple are improperly joined with those against other defendants in this case, and should

be litigated in the Northern District of California.  Accordingly, any further proceedings as to

Apple in this Court should be stayed, only to proceed after full resolution of Apple's motion.

*See Horseshoe Entm't,* 337 F.3d at 433; *Nintendo*, 544 Fed. App'x at 941; *EMC Corp*., 501 Fed.

App'x at 975-76; *Fusion-IO*, 489 Fed. App'x at 466.

## II.   All Proceedings Against Apple Should Be Stayed Pending Resolution of Apple's Petitions for Review of the Asserted Patents.

### A.   Legal Standards

*IPR*:  Courts determine whether to stay district court litigation pending resolution of IPR

proceedings based on three factors: (A) whether a stay, or the denial thereof, will simplify the

issues in question and streamline the trial; (B) whether discovery is complete and whether a trial

date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the

nonmoving party or present a clear tactical advantage for the moving party (or tactical

disadvantage to the non-moving party).  *See Norman IP Holdings, LLC v. TP-Link Technologies,*

*Co.*, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); *Soverain*, 356 F. Supp. 2d at 662.

*CBM:*  Section 18 of the America Invents Act codifies standard for evaluating whether to

stay district court proceedings pending CBM Review, including the same three factors above,

with the addition of a fourth factor considering "whether a stay, or the denial thereof, will reduce

the burden of litigation on the parties and on the court."  AIA § 18(b)(1); *Virtual Agility Inc. v Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).  Courts have interpreted the additional factor as having "ease[d] the movant's task of demonstrating the need for a stay." *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013); *see* Ex. A (Order, *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL (E.D. Tex. Jan. 24, 2014)) at 3 (collecting cases).

Congress intended this provision to encourage stays of litigation pending CBM review, providing a cost-effective alternative to litigation in the district courts.  *See* 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) ("[Section 18] "places a very heavy thumb on the scale in favor of a stay being granted"); *id.* at S1364 (statement of Sen. Schumer) ("[I]f a proceeding against a business method patent is instituted, the district court would institute a stay of litigation unless there were an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination."); 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer) ("Since the entire purpose of the transitional program at the PTO is to reduce the burden of litigation, it is nearly impossible to imagine a scenario in which a district court would not issue a stay.").  Infringement proceedings may be stayed following the filing of a CBM petition, rather than waiting for institution.  *See* Ex. A (*Landmark Tech.*) at 9.

### B.   A Stay Pending the Resolution of the Review Proceedings is Appropriate.

A stay pending resolution of Apple's petitions seeking IPR and CBM review of ContentGuard's patents is appropriate and justified here because: (1) the Patent Trial and Appeals Board's ("PTAB") post grant review of the patents is likely to narrow the issues pending before this Court, if not completely eliminate one or more patents from the case; (2) the case is still in its early stages such that substantial resources will be saved by staying the case

now; and (3) ContentGuard will not be prejudiced by the stay.  Further, with respect to the CBM review of the '556 patent, a stay will decrease the burden of litigation on the parties and this Court.

### 1.      PTAB Review Will Simplify or Eliminate Issues for Trial.

*IPR:*  Apple's IPR petitions of all nine patents asserted by ContentGuard will simplify or eliminate issues for trial.  The twenty-nine petitions have the potential to invalidate all of the claims ContentGuard asserts against Apple in this case.  *Cf. Versata Software Inc. v. Callidu Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) ("If the PTAB invalidates every claim, the CBM review would dispose of Versata's entire affirmative case.").  Regardless of the outcome, if instituted, the IPRs may resolve certain of Apple's invalidity defenses.  Even invalidation of a subset of claims would significantly reduce the infringement and remaining invalidity issues stemming from ContentGuard's broad allegations across its nine patents.  These considerations strongly favor a stay.  *See Norman IP Holdings*, 2014 WL 5035718, at *2 ("Though a stay is never required, it may be particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue.") (quotation marks omitted).  *See also SightSound Techs., LLC v. Apple Inc.*, No. 11-1292, 2013 U.S. Dist. LEXIS 79319 at * 5 (W.D. Pa. June 6, 2013) (stay may simplify issues by having prior art considered by PTO first, reducing discovery problems, invalidating patents, encouraging settlement, record of administrative review may be entered at trial to reduce complexity and length, other issues may be eliminated more easily in pre-trial conference).

*CBM:*  CBM review of the '556 patent will also simplify or eliminate issues for trial. Apple's three CBM petitions may ultimately invalidate one or more claims of the '556 patent, or eliminate the '556 patent completely from the current set of nine patents asserted by

ContentGuard.  *See Versata*, 771 F.3d at 1372 ("[T]here can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged in a CBM review.").  Here, elimination of the '556 patent would substantially simplify issues because it is the only patent ContentGuard asserts against Apple's iTunes Music and App Store products.  All of ContentGuard's infringement allegations as to the other 8 patents are directed to Apple's Videos and iBooks products.  Further, as explained in Apple's motion to sever and transfer (Dkt. No. 156), the '556 is the only patent for which ContentGuard even *claims* to have common allegations of infringement across all misjoined defendants' products.  While those common allegations are wholly meritless (they are premised on the claim that Apple uses a metadata format called UITS that Apple has demonstrated it does *not* use), elimination of the '556 patent would remove even ContentGuard's argument that its claims against Apple software and services have any possible basis for joinder with claims against other defendants.  Further, the CBM petitions Apple filed against the '556 patent are broad, and raise invalidity and unpatenability issues under 35 U.S.C. §§ 112 and 101 beyond the anticipation and obviousness grounds at issue in Apple's IPR petitions.  Estoppel provisions will also obviate litigation of these invalidity grounds at trial following the lift of the stay.  *See Versata*, 771 F.3d at 1372-73.

### 2. The Early Stage of this Case Favors Granting a Stay.

*IPR & CBM:*  ContentGuard filed its Second Amended Complaint October 17, 2014, about two months before Apple's IPR and CBM petitions were filed.  Most of the defendants have not even answered the pleading due to pending motions to dismiss; discovery does not close until March 20, 2014; and trial is still nine months away.  A stay will obviate the need for the parties to expend a great deal of additional effort in the coming months, including participation in *Markman* proceedings, completing fact discovery, engaging in expert discovery, and resolving dispositive motions.  *See Versata*, 771 F.3d at 1374 (finding timing favored a stay

where fact discovery was ongoing, "the parties had not filed any expert reports or taken any

expert depositions," and summary judgment motions had not yet been made).

### 3.     A Stay Will Not Prejudice ContentGuard.

*IPR & CBM:*  ContentGuard will not be prejudiced by a stay pending resolution of

Apple's petitions for IPR and CBM review.  ContentGuard and Apple are not competitors.

ContentGuard is essentially a non-practicing entity, while Apple designs and manufactures

popular devices such as smartphones, tablets, computers, and music players.  ContentGuard

cannot be expected to suffer any loss of customer goodwill or market share from a stay.  *Cf.*

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (finding

minimal prejudice even where parties "were in the same business space" as there was no

evidence of direct competition).  ContentGuard did not seek a preliminary injunction in this

matter, suggesting that it is not particularly hurried to pursue injunctive relief against Apple (not

that ContentGuard could possibly be entitled to such relief here).  *See id.* at 1319 (failure to seek

a preliminary injunction weighs against a finding of undue prejudice).  Moreover, four of the

nine patents ContentGuard asserts have already expired, and another two will expire in the next

six months.  A stay pending the resolution of Apple's petitions would not impact ContentGuard's

potential recovery, as any damages it may obtain (presuming any valid patent claims remain, and

ContentGuard is able to prove infringement) will, at most, be slightly delayed.  With any

potential prejudice minimized by the expedited schedule of both IPR and CBM Review, this

factor strongly favors a stay.  *See* 37 C.F.R. §§ 42.301, 42.200(c).

### 4.     Issuing a Stay Pending CBM Review of the '556 Patent Will Reduce the Burden of Litigation on the Parties and the Court.

*CBM:*  Staying proceedings as to the '556 patent will reduce the burdens of litigation by

allowing the PTAB to address the asserted claims, potentially eliminating the need for this Court

to expend substantial resources on claim construction, non-infringement, and invalidity issues. *Versata*, 771 F.3d at 1375 ("[I]f [the CBM petitioner] is successful, a stay will relieve the parties and the district court of having to expend substantial resources on claim construction and both noninfringement and invalidity defenses.")  A stay would potentially spare the parties and the Court from the burden of unnecessarily litigating the '556 patent as the PTAB tests its validity and patentability.  Without a stay, claim construction, expert discovery, and dispositive motions (and maybe even trial) may proceed in parallel with the PTAB, wasting time and resources. Should the claims be cancelled or amended, the work performed could be rendered moot. Accordingly, this factor strongly favors stay.

## CONCLUSION

Apple respectfully requests that this Court stay all proceedings as to Apple until full resolution of Apple's motion to sever and transfer.  Apple additionally requests that this Court stay all proceedings as to Apple until resolution of Apple's IPR and CBM petitions as to all of ContentGuard's asserted patents.

Dated:  January 22, 2015                    */s/ Melissa R. Smith*

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com

Bryan K. Anderson
bkanderson@sidley.com
Nathan Greenblatt
ngreenblatt@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Bldg. 1
Palo Alto, CA 94304
650/565-7007
Fax:  650-565-7100

David T. Pritikin
dpritikin@sidley.com
Richard A. Cederoth
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
312/853-7359
Fax:  312/853-7036

Kelly A. Krellner
kkrellner@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Ste.  2000
San Francisco, CA 94101
415/772-7418
Fax:  415/772-7400

**Attorneys for Defendant Apple Inc.**

**CERTIFICATE OF SERVICE**

This is to certify that Plaintiff's counsel of record are being served with a copy of this document by electronic mail on this 22 day of January, 2015.

/s/ *Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that the parties complied with Local Rule CV-7(g)'s meet and confer requirement. On January 21, 2015, counsel for Defendant, including the undersigned, met and conferred with counsel for Plaintiff in person.  The parties attempted to resolve the issue in this motion but reached an impasse.

/s/ *Bryan Anderson*
Bryan Anderson