**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENT GUARD HOLDINGS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-CV-1112-JRG |
| AMAZON.COM, INC., et al., | § § | |
| Defendants. | § § | |

## ORDER

Given the expected length of the Court's claim construction hearing on February 6, 2015, the Court hereby reschedules the hearing on Defendant Amazon's Motion to Dismiss (Dkt. No. 289) from February 6, 2015 to 9:00 a.m. on February 4, 2015.

The Court also hereby sets the following pending motions for a hearing at 9:00 a.m. on Wednesday, February 4, 2015:

- Defendant Motorola Mobility LLC's Motion to Preclude Dr. David J. Teece From Accessing Confidential Information Under the Protective Order and Acting as a Consultant in This Matter (Dkt. No. 350); and

- Plaintiff "ContentGuard Holding, Inc.'s Motion for Continuation of the November 19, 2014 Hearing on ContentGuard's Motion to Compel Defendant Apple Inc. to Produce Relevant Discovery (Dkt. No. 239)" (Dkt. No. 367). Apple asserts that ContentGuard has not informed Apple of specific deficiencies and that "Apple has no idea what the issue is." (Dkt. No. 368). The Court had expected this matter to be resolved after the statements made and the assurances given to the Court by the parties at its November 19, 2014 hearing. As ContentGuard and

- 2 -

Apple do not appear to be able to work out what, if anything, actually remains in dispute, the Court hereby ORDERS the following framework: 1) by 6:00 p.m. CST, Friday, January 30, 2015, ContentGuard will provide Apple with a specific (and detailed) list of the deficiencies it alleges; 2) by 3:00 p.m. CST on Tuesday, February 3, 2015, Apple will provide ContentGuard with a response detailing whether or not the specific items listed by ContentGuard have been (or will be) produced; 3) the parties will then meet and confer to discuss each remaining disputed item; and 4) should any items remain in dispute, the parties will provide the court with a joint list of those disputes by 8:00 a.m. the morning of the hearing, and the Court will resolve those disputes.  While the Court has ordered the parties to formally meet and confer as part of this process, the parties are strongly and additionally encouraged to call opposing counsel and use each party's best efforts to fully communicate both formally and informally.  The Court see no reasonable impediment that would prevent resolution of this matter between the parties prior to February 4, 2015.

**So ORDERED and SIGNED this 28th day of January, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE