IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONTENTGUARD HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMAZON.COM, INC.; APPLE INC.; ) | |
| BLACKBERRY LIMITED (FKA RESEARCH ) | |
| IN MOTION LIMITED) AND BLACKBERRY ) | |
| CORPORATION (FKA RESEARCH IN ) | |
| MOTION CORPORATION); HTC ) | |
| CORPORATION AND HTC AMERICA, INC.; ) | No. 2:13-cv-01112 (JRG) |
| HUAWEI TECHNOLOGIES CO., LTD. AND ) | |
| HUAWEI DEVICE USA, INC.; MOTOROLA ) | JURY TRIAL DEMANDED |
| MOBILITY LLC; SAMSUNG ELECTRONICS ) | |
| CO., LTD., SAMSUNG ELECTRONICS ) | |
| AMERICA, INC., and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| DIRECTV, LLC ) | |
| ) | |
| Intervener. ) | |
| ) | |

**DEFENDANTS' EMERGENCY MOTION TO PRECLUDE CONTENTGUARD
FROM PRESENTING LIVE TESTIMONY FROM DR. GOODRICH
AT THE FEBRUARY 6 CLAIM CONSTRUCTION HEARING**

Just one week before the upcoming February 6 claim construction hearing in this case, Plaintiff ContentGuard Holdings, Inc. notified Defendants for the first time that it planned to call its expert witness, Michael Goodrich, to offer live testimony even though it unequivocally stated in its Patent Rule 4-3 disclosures that it would rely only on Dr. Goodrich's declaration.  Allowing ContentGuard to present this live testimony without the advance notice to Defendants required by the Local Patent Rules will result in substantial prejudice to Defendants and should not be allowed.

I.      **ContentGuard Did Not Disclose in Its Patent Rule 4-3 Disclosures that It Would Rely on Live Testimony at the Claim Construction Hearing**

Patent Local Rule 4-3(d) requires parties to file a Joint Claim Construction Chart and Prehearing Statement that identifies whether it "proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert . . . ." Patent Rule 4-3(d).  "Both the letter and the spirit of the Patent Rules require early and complete disclosure of extrinsic evidence relevant to claim construction."  *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90, 2013 WL 6442185, at *1 (E.D. Tex. Mar. 12, 2013).

On November 19, 2014, the parties filed their joint claim construction and prehearing statement, and ContentGuard stated twice that it "may rely upon testimony *(by declaration)* from Dr. Michael Goodrich." (Dkt. No. 292 at 3 (emphasis added); Dkt. No. 292-3 at 2.)  At 7:57 p.m. on January 28, 2015, only eight days before the claim construction hearing, ContentGuard notified the Defendants for the first time that it "plans to rely on Dr. Goodrich's live testimony." (Ex. 1.)[1]

ContentGuard asserts that it should be allowed to present live testimony despite the lack of proper notice to Defendants because of the Supreme Court's recent decision in *Teva Pharmaceuticals*

---

[1] On January 23, 2015, in response to a request to confirm that ContentGuard would not be offering live testimony, ContentGuard suggested that it was "reconsidering the issue." (Ex. 2.)  Then, ContentGuard waited almost another week before saying anything more.  ContentGuard "may not merely drop a *hint* that it *may*" rely on live testimony.  *Lodsys*, 2013 WL 6442185, at *2.

*USA, Inc. v. Sandoz, Inc.*, 574 U.S. __, 135 S. Ct. 831 (2015).  Not only had the Supreme Court granted certiorari in that case on March 31, 2014, but *Teva* also did not alter the role of expert testimony in claim construction.  The decision merely clarified the appellate standard of review for subsidiary factual disputes based on extrinsic evidence bearing on claim construction.  574 U.S. __, at *11–12; *cf. Martinez v. Tex. Dep't Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002) ("Normally, we will entertain legal issues raised for the first time on appeal *only* 'in extraordinary instances . . . to avoid a miscarriage of justice.'").  Dr. Goodrich's testimony remains extrinsic evidence whether ContentGuard relies on his declaration or live testimony.

ContentGuard has also represented to Defendants that Dr. Goodrich will not testify outside of the statements made in his declarations.  If Dr. Goodrich's testimony will, in fact, be the same as what he stated in his declaration, then there is no need to present it in a different medium.

## II.   Allowing ContentGuard to Rely on Live Testimony Would Substantially Prejudice Defendants

If ContentGuard is permitted to call Dr. Goodrich at the claim construction hearing without proper notice, Patent Rule 4-3 is rendered meaningless.  In reliance on ContentGuard's representations in its Patent Rule 4-3 disclosures that it would not be offering live testimony, Defendants elected not to depose Dr. Goodrich.  Defendants also agreed to the three-hour duration of the hearing with the understanding that there would not be live testimony.  For the same reasons, Defendants have not prepared to cross-examine Dr. Goodrich at the hearing and have not made plans to present live testimony of their own expert.

To try to alleviate this prejudice, Defendants suggested rescheduling the claim construction hearing to give Defendants adequate time to depose Dr. Goodrich and to prepare for his live testimony, but ContentGuard refused.  ContentGuard offered a two-hour deposition the day before the claim construction hearing.  That would not allow Defendants enough time to meaningfully prepare, take, and review a deposition transcript or to prepare their own expert witness.

**CONCLUSION**

For the foregoing reasons, the Court should preclude ContentGuard from calling Dr. Goodrich live at the February 6 claim construction hearing.  Because of the urgency of this issue, Defendants respectfully request a telephonic hearing as soon as possible.[2]

---

[2] During the parties' meet and confers on January 29, 2015, counsel for ContentGuard represented that it did not object to the Court holding a telephonic conference on this issue.  In addition, counsel for ContentGuard agreed to respond to this motion by noon on January 30, 2015, so that the Court can resolve this issue quickly, if possible.

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road
Crown Executive Center, Suite 100
Texarkana, TX 75505
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Glen E. Summers (admitted pro hac vice)
Glen.summers@bartlit-beck.com
Alison G. Wheeler (admitted pro hac vice)
Alison.wheeler@bartlit-beck.com
Katherine Hacker (admitted pro hac vice)
Kat.hacker@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile:  (303) 592-3140

Michael Valaik (admitted pro hac vie)
michael.valaik@bartlit-beck.com
Abby Mollen (admitted pro hac vice)
Abby.mollen@bartlit-beck.com
Joshua Ackerman (admitted pro hac vice)
joshua.ackerman@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 West Hubbard Street, #300
Chicago, IL  60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

**COUNSEL FOR DEFENDANT
AMAZON.COM, INC.**

/s/ Bryan K. Anderson (w/ permission)
Bryan K. Anderson
Bkanderson@sidley.com
Nathan Greenblatt
Ngreenblatt@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: (650) 565-7007
Facsimile: (650) 565-7100

David T. Pritikin
Dpritikin@sidley.com
Richard A. Cederoth
Rcederoth@sidley.com
Nathaniel C. Love
Nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Melissa Richards Smith
Melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**COUNSEL FOR DEFENDANT
APPLE INC.**

*/s/ Charles Everingham, IV (w/ permission)*
Charles Everingham, IV
Ceveringham@akingump.com
AKIN GUMP STRAUSS HAUER & FELD
LLP
911 West Loop 281, Suite 412
Longview, TX 75604
Telephone: 903-297-7404
Facsimile: 903-297-7402

Todd Landis
Tlandis@akingump.com
Eric Klein
Eklein@akingump.com
AKIN GUMP STRAUSS
HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: 214-969-2800
Facsimile: 214-969-4343

Kevin McBride
Kmcbride@akingump.com
AKIN GUMP STRAUSS
HAUER & FELD LLP
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: 949-885-4200
Facsimile: 949-885-4101

James Loughlin Duncan III
Jduncan@akingump.com
AKIN GUMP STRAUSS
HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone: 713-220-5800
Facsimile: 713-236-0822

**COUNSEL FOR DEFENDANT
DIRECTV, LLC**

*/s/ Scott Partridge (w/ permission)*
Scott Partridge
Scott.partridge@bakerbotts.com
Lisa Kelly
Lisa.kelly@bakerbotts.com
Bradley Bowling
Brad.bowling@bakerbotts.com
BAKER BOTTS LLP
One Shell Plaza
901 Louisiana
Houston, TX 77002
Telephone: 713-229-1569
Facsimile: 713-229-7769

**COUNSEL FOR DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
AND HUAWEI DEVICE USA, INC.**

*/s/ Peter Wied (w/ permission)*
Eric H. Findlay
Efindlay@findlaycraft.com
Brian Craft
Bcraft@findlaycraft.com
FINDLAY CRAFT, P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: 903-534-1100
Facsimile: 903-534-1137

Peter J. Wied
Pwied@goodwinprocter.com
Vincent K. Yip
Vyip@goodwinprocter.com
Jay Chiu
Jchiu@goodwinprocter.com
GOODWIN PROCTER LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Telephone: 213-426-2500
Facsimile: 213-623-1673

**COUNSEL FOR DEFENDANTS
HTC CORP. AND HTC AMERICA, INC.**

*/s/ Robert W. Unikel (w/ permission)*
Robert W. Unikel
Robert.unikel@kayescholer.com
KAY SCHOLER LLP
80 W. Madison Street, Suite 4200
Chicago, IL 60602-4231
Telephone: 312-583-2300
Facsimile: 312-583-2360

Michael J. Malacek
Michael.malacek@kayescholer.com
Timothy K. Chao
Timothy.chao@kayescholer.com
KAY SCHOLER LLP
3000 El Camino Real
2 Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: 650-319-4500
Facsimile: 650-319-4700

Gregory Blake Thompson
Blake@themannfirm.com
James Mark Mann
Mark@themannfirm.com
MANN TINDEL & THOMPSON
300 W. Main Street
Henderson, TX 75652
Telephone: 903-657-8540
Facsimile: 903-657-6003

**COUNSEL FOR DEFENDANT
MOTOROLA MOBILITY LLC**

*/s/ Neil Phillip Sirota (w/ permission)*
Neil Phillip Sirota
Neil.sirota@bakerbotts.com
Robert Lawrence Maier
Robert.maier@bakerbotts.com
Brian Boerman
Brian.boerman@bakerbotts.com
Guy Eddon
Guy.eddon@bakerbotts.com
BAKER BOTTS LLP
30 Rockefeller Plaza, 44th Floor
New York, NY 10112
Telephone: (212) 408-2548
Facsimile: (212) 259-2548

Michael Joseph Barta
Michael.barta@bakerbotts.com
BAKER BOTTS LLP
The Warner
1299 Pennsylvania Avenue NW

Washington, DC 20004
Telephone: (202) 639-7703
Facsimile: (202) 585-1058

Michael E. Jones
Mikejones@potterminton.com
Allen F. Gardner
Allengardner@potterminton.com
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

**COUNSEL FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.
SAMSUNG ELECTRONICS AMERICA,
INC. AND SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  Counsel for ContentGuard opposes this motion.  Counsel for Defendants conducted two telephonic meet and confers with counsel for ContentGuard on January 29, 2015, with the following attendees: Glen Summers, Kat Hacker, Josh Ackerman and Josh Thane for Amazon.com, Inc.; Ted Chandler for Apple, Inc.; Eric Findlay for HTC Corp. and HTC America, Inc.; Scott Partridge for Huawei Technologies Co. Ltd. and Huawei Device USA, Inc.; Rob Unikel for Motorola Mobility LLC; Neil Sirota, Brian Boerman, and Allen Gardner for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC; and Radu Lelutiu, Sam Baxter, and Holly Engelmann for ContentGuard.  The parties could not reach an agreement on reasonable limits for the number of asserted claims and prior art references, and, therefore, the parties are at an impasse.

/s/ Jennifer H. Doan
Jennifer H. Doan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on January 29, 2015.  *See* Local Rule CV-5(a)(3)(A).

/s/ Jennifer H. Doan
Jennifer H. Doan