**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENT GUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| CONTENT GUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-CV-61-JRG |
| | § | |
| GOOGLE, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is a January 29, 2015 letter from Plaintiff that provides the Court with notice of Plaintiff's intent "to provide live expert testimony during the upcoming claim construction proceedings" through a certain Dr. Michael Goodrich. (Dkt. No. 382); Case No. 2:14-CV-61, Dkt. No. 134.[1]  Plaintiff seeks to provide this testimony in light of Supreme Court's January 20, 2015 decision in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015).

The Court observes that this is the first claim construction proceeding in which a party has addressed the *Teva* decision to the Court.  This Court has long maintained an established

---

[1] On January 29, 2015, after this order had already been drafted, Defendants filed an Emergency Motion to Preclude ContentGuard from Presenting Live Testimony from Dr. Goodrich at the February 6 Claim Construction Hearing (Dkt. No. 381.)

custom and practice of providing that evidentiary support for a parties' claim construction positions be submitted as sworn declarations attached to the briefing filed with the Court, rather than via live witness(es).[2]   The parties have not asserted (and the Court is not aware) of any requirement in *Teva* that would compel the Court to alter either its established custom and practice or its rules.

In light of the above and as a means to furnish guidance to these and future litigants, the Court, *sua sponte*, ORDERS that without a prior order granting leave to call witnesses (in person or by deposition) such live testimony will not be permitted at claim construction hearings before this Court.  Without such leave, witness testimony for the purposes of claim construction shall be submitted solely by way of sworn declarations attached to a party's claim construction briefing. Such leave to call live witnesses may be sought—by a party that has otherwise complied with the Court's rules—by filing a motion supported by a clear showing of good cause presented in detail and compelling in nature.  Such motions must also be filed in a timely manner that does not work a surprise or hardship upon opposing parties, their counsel or the Court.

The Court intends this procedure and practice to apply in the current cases noted above, and the parties should also expect that the substance of this order will hereafter be entered as a standing order to memorialize this Court's longstanding practice.

In light of the above, Defendants' Emergency Motion to Preclude ContentGuard from Presenting Live Testimony from Dr. Goodrich at the February 6 Claim Construction Hearing (Dkt. No. 381) is **DENIED AS MOOT**.

---

[2] The Court notes that the recent letter from Plaintiff ContentGuard makes it clear that the "testimony ContentGuard intends to proffer is already before the Court through the declarations Dr. Goodrich has submitted in support of ContentGuard's opening and reply briefs . . . ."

**So ORDERED and SIGNED this 30th day of January, 2015.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE