**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENT GUARD HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Apple Inc.'s Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD") (Dkt. No. 95) and Defendant Apple Inc.'s Renewed Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Renewed Motion") (Dkt. No. 254) and their respective briefing. The Court held a hearing on this motion on November 18, 2014.

## APPLICABLE LAW

The Federal Circuit "review[s] a district court's dismissal for failure to state a claim under the law of the regional circuit. *Content Extraction & Transmission LLC v. Wells Fargo Bank*, Nat. Ass'n, 776 F.3d 1343, 1346 (Fed. Cir. 2014) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) is a defense that a pleading "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under F.R.C.P. 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced

by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).   The court must then decide whether those facts state a claim for relief that is plausible on its face.   *Bowlby*, 681 F.3d at 217.   "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "The plausibility standard 'does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial.'"   *Id.*   (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011)).   The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold."   *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011).   "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument."   *Id.*

"Form 18 sets forth a sample complaint for direct patent infringement and requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) cert. denied sub nom. *DIRECTV v. K-Tech Telecommunications, Inc.*, 134 S. Ct. 1026, 188 L. Ed. 2d 139 (2014).   "Form 18 includes no indication that a patent holder must

prospectively anticipate [] noninfringement arguments." *Id.* at 1284. "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility." *Id.* at 1286. The Federal Circuit does not read "Form 18 [] to require that a plaintiff identify an accused device by name." *Id.* "The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities." *Id.*

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which Court may conclude that the claim is plausible. *In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1332 (citing *Iqbal*, 556 U.S. at 679). A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented

and infringing," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). Thus, in order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by a defendant's customers, (2) contain facts plausibly showing that the defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that the defendant knew that the customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339. *Global-Tech* requires only that the defendant "[know] that the induced acts constitute patent infringement," and contains no requirement that the knowledge arise before the filing of the suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011).

## BACKGROUND

This suit is a suit concerning the infringement and validity of certain U.S. patents. Plaintiff ContentGuard was originally formed as a partnership between Xerox Corporation and Microsoft Corporation[1] to pursue digital rights management ("DRM") technology.[2] As part of

---

[1] ContentGuard is now owned by Pendrell Technologies, LLC. (Dkt. No. 2.) ContentGuard's website suggests that may also be owned by Time Warner. *See*

its business, ContentGuard filed and obtained various patents, including the nine patents that it asserts in this action.  The Defendants in this action—Amazon, Apple, Huawei, Motorola, HTC, and Samsung[3]—are well-known technology companies that, among their varied businesses, provide electronic hardware and software products.  Generally in this suit, ContentGuard accuses DRM aspects of certain of Defendants' software applications ("apps") (e.g. iTunes, Amazon Kindle, Amazon Instant Video) and hardware and software components of infringing its patent claims.  Apple has asserted that the details of the its accused DRM technology are "highly-sensitive" and that "Apple's DRM technology is so sensitive that transporting the underlying source code from California to Texas presents significant commercial risks; it therefore must be inspected in or around Apple's headquarters."  (Dkt. No. 156 at 14.)

## ANALYSIS

In its Renewed Motion, Apple "adopts and renews the statements and arguments in Apple's previously filed motion to dismiss and reply." (Renewed Mot. at 1.)  ContentGuard also adopts its earlier briefing.  (Renewed Mot. Resp., Dkt. No. 288 at 1.)  The Court therefore focuses its analysis on Apple's MTD.

Apple asserts that ContentGuard's complaint fails to adequately plead any type of patent infringement.  Apple's Motion requests the Court dismiss ContentGuard's "Amended Complaint for Patent Infringement because the Amended Complaint fails to state a claim of infringement,

---

http://contentguard.com/company/ ("ContentGuard is owned by Pendrell Corporation and Time Warner") (last visited January 30, 2015).

[2] Broadly, DRM technology, which might also be thought of as "copy protection," seeks to control access (e.g. viewing, copying) to digital information, including media, such as music, movies, and software.

[3] BlackBerry Corporation (f/k/a Research In Motion Corporation), another technology company, was dismissed on January 21, 2015.  As Blackberry is no longer a party, the Court omits Blackberry from its discussion.

whether direct, indirect, joint or willful." (MTD at 1.)   Apple asserts that "[r]ather than plead sufficient facts in support of the purported claims, ContentGuard's Amended Complaint impermissibly intermixes and confuses asserted infringement theories and alleged infringers, baldly asserts that Apple possessed the requisite notice, knowledge, and intent without any factual basis, and obfuscates the accused Apple and other defendants' products and components and their alleged infringing use." (*Id.*)   Apple asserts that "[b]ecause ContentGuard's Amended Complaint fails to plead comprehensible claims supported by plausible facts, it must be dismissed for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6)." (*Id.*)

Apple asserts that ContentGuard's Amended Complaint "never identifies any alleged DRM technology used or provided by Apple" and "never alleges that the Apple iPad or any other Apple product infringes any of the asserted ContentGuard patents."   (MTD at 1, 6.) ContentGuard asserts that it adequately pleads direct infringement by identifying that certain categories of DRM-protected devices infringe and by providing exemplary devices and apps that infringe.  (MTD Resp. at 1.)  ContentGuard asserts that "[t]he Amended Complaint identifies the categories of products accused of infringement, i.e., "devices such as smartphones, tablets, e-readers, smart televisions, or set top boxes . . . capable . . . to download, play, and display digital content" (collectively, "DRM-protected devices")."   (MTD Resp., Dkt. No. 122 at 1.) ContentGuard asserts that "[t]he Amended Complaint then goes even further and identifies specific names of exemplary devices and particular DRM-enabling software "apps" (e.g., Amazon Kindle, Google Play, and Apple iTunes) that, when added to the devices, give rise to direct infringement."   (*Id.*)   ContentGuard asserts that "[t]he direct infringement alleged by ContentGuard includes Defendants' making, using, and selling such DRM-protected devices, as

well as the use of DRM-protected devices by end users and/or content providers." (*Id.* at 2.) The Court observes that Apple neither disputes that it employs DRM technology nor asserts that it does not understand that its DRM technology is accused of infringing the patents-in-suit. Apple also does not assert that the ContentGuard's complaint names specific apple products. Instead, Apple asserts that ContentGuard does not name Apple's DRM technology or its products with sufficient particularity.[4]  Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of direct infringement.

Apple asserts that ContentGuard has not shown the knowledge of the patents requisite for induced or contributory infringement.   (MTD at 7-9.)   Apple asserts that the "Amended Complaint's induced and contributory infringement claims also fail because they lack any specificity as to the direct infringement allegedly caused by Apple."  (MTD at 9 (emphasis removed).)   For the reasons discussed above, the Court cannot agree with Apple that the Amended Complaint lacks "any specificity" regarding Apple's alleged direct infringement. ContentGuard asserts that its Amended Complaint adequately pleads the elements of induced infringement: "(1) sufficiently pleads knowledge of the patents-in-suit; (2) adequately identifies the direct infringers whom Defendants are alleged to cause to directly infringe (end users and/or content providers); and (3) particularizes instances of conduct that support an inference of specific intent to induce infringement."  (MTD Resp. at 2.)  According to ContentGuard, "[t]he type of conduct that is expressly identified includes Defendants' provision of instructions to

---

[4] As the Court noted above, Apple has separately asserted that its DRM technology is confidential.

access and use DRM-enabling software "apps" on Defendants' devices to "DRM-protect" the devices so that the devices can be used for downloading, playing, and displaying content." (*Id.*)

Apple asserts that the Amended Complaint "wholly fails" to set forth allegations concerning the underlying direct infringement by others. (MTD Reply, Dkt. No. 127 at 3.) The Court does not find Apple's conclusory statements on this point to be supported: the Amended Complaint appears to identify such direct infringers in relation to Apple. Apple also asserts that the Amended Complaint "includes no plausible facts supporting the required notice of the patents" and that there are "no factual allegations to support th[e] assertion" that "Apple has notice of the [] patent." (MTD at 7, 8.) The Court does not find support for Apple's assertion that there are "no factual allegations to support the assertion" in the Amended Complaint. For example, Apple does not appear to dispute ContentGuard's allegation that Apple had knowledge of ContentGuard's patents through, at least, negotiations with ContentGuard that occurred before the suit was filed. Apple also acknowledges that even if Apple did not have pre-suit notice, that the complaint would be sufficient to create notice for post-suit conduct. (MTD at 3.) Apple also appears to suggest the following rule: in order to be accused of induced infringement a plaintiff must show that the accused infringer had pre-suit knowledge of the specific infringement allegations of plaintiff's later filed suit. (MTD Reply at 2.) The Court observes that Apple's proposed rule is not supported with a citation. The parties' briefing also vigorously disputes whether or not the pleadings contain facts sufficient to make intent plausible. For example, Apple asserts that ContentGuard's pleadings "have no connection to any specific intent that end users or content providers engage in some unspecified conduct constituting infringement," and ContentGuard asserts that "the instructions ContentGuard identifies in the Amended Complaint are not instructions on how to power up the accused devices—they are instructions on how to

access, download, and play DRM-protected content." (MTD Reply at 4; MTD Sur-reply, Dkt. No. 143 at 6.)  Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of induced infringement.

Apple asserts that ContentGuard's contributory infringement allegations fail to provide plausible facts: 1) that identify the Apple components that allegedly infringe; 2) that explain why such components are a material part of the infringing combination; and 3) that explain why such components lack any substantial non-infringing use.  (*See* MTD at 11; MTD Reply at 4-5.) ContentGuard asserts that it sufficiently alleges the underlying direct infringement; identifies the infringing combination; alleges facts supporting materiality; and alleges the lack of substantial non-infringing uses.  (*See* MTD Sur-reply at 7-9.)  Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of contributory infringement.

Apple asserts that "[t]he Amended Complaint contains only a conclusory allegation of willful infringement" and that the paragraphs of the Amended Complaint "fail to set out 'particular facts' suggesting an obvious, objective risk to Apple that any of its conduct might constitute infringement."   (MTD Reply at 8.)   Apple further asserts that "ContentGuard's inability … to set out any coherent theory of direct or indirect infringement only confirms the absence of any objectively-high risk of infringement obvious to anyone."  ContentGuard asserts that it adequately pleads facts that support its willful infringement claims:

> (1) the inventions disclosed in the patents-insuit represent the "prevailing paradigm for distributing digital content over the

> Internet"; (2) market commentators have recognized that ContentGuard's innovations represent "the technological building blocks necessary to make the digital delivery of music, movies and other files secure," without which content creators would not permit their content to be distributed to users of Defendants' devices; (3) the strength of ContentGuard's patents-in-suit is underscored by the numerous patent license agreements ContentGuard has executed without any threat of litigation; (4) Defendants had knowledge of ContentGuard's patents-in-suit; and (5) ContentGuard has made numerous attempts to negotiate a license agreement with Defendants.

(MTD Sur-reply at 10.)   Apple is correct that ContentGuard only directly refers to willful infringement in one paragraph of its Amended Complaint.[5]   (Dkt. No. 22 ¶ 126.)   Were this paragraph the entirety of ContentGuard's complaint, the Court would agree with Apple. However, there is significantly more to the allegations of ContentGuard's complaint than this one paragraph.   Here, like many other parts of its MTD, Apple is, in effect, asking the Court to go significantly beyond the plausibility of the well plead allegations and into the merits.   Apple also asserts that ContentGuard fails to "set out 'particular facts' suggesting an obvious, objective risk," but the law does not place the stringent "state with particularity" requirement of Rule 9(b) on pleadings of willful patent infringement.   *See Mega Sys.*, 350 F.3d at 1343.   Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of willful infringement.

## CONCLUSION

Rule 12(b)(6) is a defense to pleading where there is a "failure to state a claim upon which relief can be granted."   As described above, a "failure to state a claim upon which relief can be granted" is, generally speaking, an initial threshold test in which a court evaluates the

---

[5] If the allegation of knowledge was not true at the time ContentGuard filed its original complaint, the burden is on ContentGuard to amend its complaint to comply with Rule 11.

facial plausibility of claims set forth in a pleading, considering the well-pleaded facts in the complaint as true, construing the complaint in a light most favorable to the plaintiff, and drawing reasonable inferences in favor of the plaintiff.  Having passed this initial threshold, a case can go forward—under the due process of law—and additional rules of procedure and, in some cases, local rules, such as those employed by this Court, come into play that allow both plaintiffs and defendants to have insight into the details of the other's case.[6]

For the reasons set forth above, having found that ContentGuard has pled a case upon which relief can be granted, the court **DENIES** Defendant Apple Inc.'s Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 95) and Defendant Apple Inc.'s Renewed Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 254).

**So ORDERED and SIGNED this 29th day of March, 2015.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[6] For example, this Court's local rules require a plaintiff in a patent infringement case to serve, on each defendant, a specifically defined "Disclosure of Asserted Claims and Infringement Contentions" in advance of the Court's initial case management conference.  *See* P. R. 3-1.