IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENT GUARD HOLDINGS, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:13-CV-1112-JRG |
| AMAZON.COM, INC., et al., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Amazon.com, Inc., HTC Corporation, HTC America, Inc., Huawei Technologies Co., LTD., Huawei Device USA, Inc., Motorola Mobility LLC, Samsung Electronics Co., LTD., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC's (collectively "Movants") Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (hereinafter "MTD") (Dkt. No. 104)[1] and Amazon.com's Motion to Dismiss Second Amended Complaint (Dkt. No. 298) ("Renewed Motion") and their respective briefing. The Court held a hearing on the initial motion on November 18, 2014.

## APPLICABLE LAW

The Federal Circuit "review[s] a district court's dismissal for failure to state a claim under the law of the regional circuit. *Content Extraction & Transmission LLC v. Wells Fargo Bank*, Nat. Ass'n, 776 F.3d 1343, 1346 (Fed. Cir. 2014) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

---

[1] An identical motion was also separately filed by Motorola as Dkt. No. 103 fifteen minutes before the MTD. As Motorola is also a signatory on the MTD, the Court consolidated the identical motions and therefore proceeds only on Dkt. No. 104.

Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) is a defense that a pleading "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under F.R.C.P. 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard 'does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial.'" *Id.* (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011)). The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011). "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Id.*

"Form 18 sets forth a sample complaint for direct patent infringement and requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) cert. denied sub nom. *DIRECTV v. K-Tech Telecommunications, Inc.*, 134 S. Ct. 1026, 188 L. Ed. 2d 139 (2014). "Form 18 includes no indication that a patent holder must prospectively anticipate [] noninfringement arguments." *Id.* at 1284. "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility," and "[w]hile these requirements serve as a bar against frivolous pleading, it is not an extraordinarily high one." *Id.* at 1286. The Federal Circuit does not read "Form 18 [] to require that a plaintiff identify an accused device by name." *Id.* "The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities." *Id.*

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which Court may conclude that the claim is plausible. *In re Bill of Lading*

*Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1332 (citing *Iqbal*, 556 U.S. at 679). A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). Thus, in order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by a defendant's customers, (2) contain facts plausibly showing that the defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that the defendant knew that the customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339. *Global-Tech* requires only that the defendant "[know] that the induced acts constitute patent infringement," and contains no

requirement that the knowledge arise before the filing of the suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011).

## BACKGROUND

This suit is a suit concerning the infringement and validity of certain U.S. patents. Plaintiff ContentGuard was originally formed as a partnership between Xerox Corporation and Microsoft Corporation[2] to pursue digital rights management ("DRM") technology.[3] As part of its business, ContentGuard filed and obtained various patents, including the nine patents that it asserts in this action. The Defendants in this action—Amazon, Apple, Huawei, Motorola, HTC, and Samsung—are well-known technology companies that, among their varied businesses, provide electronic hardware and software products. Generally in this suit, ContentGuard accuses DRM aspects of certain of Defendants' software applications ("apps") (e.g. iTunes, Amazon Kindle, Amazon Instant Video) and hardware and software components of infringing its patent claims.

## ANALYSIS

Separate from the defendants in the MTD, Amazon filed its separate Renewed Motion. Amazon's Renewed Motion focuses almost entirely on issues under 35 U.S.C. § 101 and only briefly addresses the complaint's alleged failure to sufficiently plead induced, contributory, and willful infringement. ContentGuard's response adopts its earlier briefing on those issues. (Dkt. No. 332 at n.1.) Amazon's Renewed Motion Reply focuses entirely on § 101 issues. The Court

---

[2] ContentGuard is now owned by Pendrell Technologies, LLC. (Dkt. No. 2.) ContentGuard's website suggests that may also be owned by Time Warner. *See* http://contentguard.com/company/ ("ContentGuard is owned by Pendrell Corporation and Time Warner") (last visited January 30, 2015).

[3] Broadly, DRM technology, which might also be thought of as "copy protection," seeks to control access (e.g. viewing, copying) to digital information, including media, such as music, movies, and software.

therefore finds the portions of Amazon's Renewed Motion that focus on an alleged failure to sufficiently plead induced, contributory, and willful infringement under Rule 12(b)(6) to be duplicative with the MTD.

Movants assert that ContentGuard's complaint only properly pleads direct infringement for "certain accused devices [identified] by name." (MTD at 1.) Movants assert that "[t]he Court should [] dismiss ContentGuard's claims for direct infringement to the extent they purport to go beyond the specific devices named in the Amended Complaint, and should dismiss ContentGuard's claims for induced infringement, contributory infringement, and willful infringement for failure to state upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6)." (*Id.*)

Movants asserts that ContentGuard does not name their products containing DRM technology with sufficient particularity. ContentGuard asserts that it adequately pleads direct infringement by identifying that certain categories of DRM-protected devices infringe and by providing exemplary devices and apps that infringe. (MTD Resp., Dkt. No. 122 at 1.) ContentGuard asserts that "[t]he Amended Complaint identifies the categories of products accused of infringement, i.e., "devices such as smartphones, tablets, e-readers, smart televisions, or set top boxes . . . capable . . . to download, play, and display digital content" (collectively, "DRM-protected devices")." (MTD Resp. at 1.) ContentGuard asserts that "[t]he Amended Complaint then goes even further and identifies specific names of exemplary devices and particular DRM-enabling software "apps" (e.g., Amazon Kindle, Google Play, and Apple iTunes) that, when added to the devices, give rise to direct infringement." (*Id.*) ContentGuard asserts that "[t]he direct infringement alleged by ContentGuard includes Defendants' making, using, and selling such DRM-protected devices, as well as the use of DRM-protected devices by

end users and/or content providers." (*Id.* at 2.) Movants do not dispute that ContentGuard's pleadings identify at least one specific device and/or application provided by Movants. (MTD Reply, Dkt. No. 126 at 8.) The Court observes, having considered the Amended Complaint, that Movants also neglect to mention the considerable additional detail available in the complaint if its paragraphs are read in combination rather than in isolation. The Court finds that, taken together, the allegations of ContentGuard's complaint do, additionally, identify types or categories of products that infringe. Movants also ask the Court to read *K-Tech*[4] as requiring that a plaintiff must specifically identify each and every accused product if such information is non-confidential and regardless of the sufficiency of other well-pled facts, but the Court does not find such an exacting requirement in *K-Tech* or under the Federal Rules of Procedure. Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of direct infringement.

Movants assert that ContentGuard's pleadings are insufficient as to ContentGuard's claim of induced infringement. ContentGuard asserts that its Amended Complaint adequately pleads the elements of induced infringement: "(1) sufficiently pleads knowledge of the patents-in-suit; (2) adequately identifies the direct infringers whom Defendants are alleged to cause to directly infringe (end users and/or content providers); and (3) particularizes instances of conduct that support an inference of specific intent to induce infringement." (MTD Resp. at 2.) According to ContentGuard, "[t]he type of conduct that is expressly identified includes Defendants' provision of instructions to access and use DRM-enabling software "apps" on Defendants' devices to

---

[4] *Supra* pp. 2-3.

"DRM-protect" the devices so that the devices can be used for downloading, playing, and displaying content." (*Id.*)

Movants assert that "Amended Complaint fails sufficiently to allege that any third party directly infringes the patents-in-suit" and so fails to support a claim of induced infringement. (MTD Reply, Dkt. No. 126 at 4.) The Court does not find Movants' conclusory statements on this point to be supported: the Amended Complaint appears to identify such direct infringers in relation to Movants.  Movants assert that "[t]he Amended Complaint provides only the conclusory assertion that each defendant 'has notice of the [] Patent,' with *no* factual allegations to support this assertion."  (MTD 6 (emphasis in original).)  Movants then acknowledge that ContentGuard, in fact, does allege that pre-suit license negotiations occurred between Movants and ContentGuard.  (MTD Reply at 1.)  The Court observes that Movants do not appear to dispute ContentGuard's allegation that Movants had knowledge of ContentGuard's patents through, at least, negotiations with ContentGuard that occurred before the suit was filed. Movants then shift their assertion to a claim that the notice alleged is insufficient. (*Id.*) Movants also acknowledge that even if Movants did not have pre-suit notice, that the complaint would be sufficient to create notice for post-suit conduct. (*Id.* at 2.) Movants also assert that the amended complaint does not provide sufficient allegations "suggesting *how* 'end users and content providers' might be found to be direct infringers." (MTD Reply at 11.) ContentGuard asserts that it is not required to provide such precise detail at the pleading stage. (MTD Sur-reply, Dkt. No. 143 at 6-7.) The parties' briefing also vigorously disputes—primarily with conclusory statements—whether or not the pleadings contain facts sufficient to make intent plausible. For example, Movants assert that ContentGuard's pleadings "fail[] to allege any facts to support an inference that Defendants had the specific intent to induce third parties to infringe the patents-in-

suit," and ContentGuard asserts that "the instructions ContentGuard identifies in the Amended Complaint are not instructions on how to power up the accused devices—they are instructions on how to access, download, and play DRM-protected content." (MTD Reply at 2; MTD Sur-reply at 6.) Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of induced infringement.

Movants assert that ContentGuard's contributory infringement allegations fail to provide plausible facts: 1) are "unclear as to what the accused 'component' is for purposes of contributory infringement"; 2) that explain why such components are a material part of the infringing combination; and 3) that explain why such components lack any substantial non-infringing use. (MTD at 5-7.) ContentGuard asserts that it sufficiently alleges the underlying direct infringement; identifies the infringing combination; alleges facts supporting materiality; and alleges the lack of substantial non-infringing uses. (MTD Sur-reply at 7-9.) Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of contributory infringement.

Movants assert that "[t]he Amended Complaint fails to allege any facts in support of its wholly conclusory claim of willful infringement" and that ContentGuard's pleadings "fail to support an inference that any of the Defendants acted with objective recklessness as to their risk of infringement of any of the asserted Patents." (MTD Reply at 9, 10.) ContentGuard asserts that it adequately pleads facts that support its willful infringement claims:

> (1) the inventions disclosed in the patents-insuit represent the "prevailing paradigm for distributing digital content over the Internet"; (2) market commentators have recognized that ContentGuard's innovations represent "the technological building blocks necessary to make the digital delivery of music, movies and other files secure," without which content creators would not permit their content to be distributed to users of Defendants' devices; (3) the strength of ContentGuard's patents-in-suit is underscored by the numerous patent license agreements ContentGuard has executed without any threat of litigation; (4) Defendants had knowledge of ContentGuard's patents-in-suit; and (5) ContentGuard has made numerous attempts to negotiate a license agreement with Defendants.

(MTD Sur-reply at 10.) Movants are correct that ContentGuard only directly refers to willful infringement in one paragraph of its Amended Complaint.[5] (*See* MTD at 17.) Were this paragraph the entirety of ContentGuard's complaint, the Court would agree with Movants. However, there is significantly more to the allegations of ContentGuard's complaint than this one paragraph. Here, like many other parts of its MTD, Movants are, in effect, asking the Court to go significantly beyond the plausibility of the well-plead allegations and into the merits. The Court cannot agree with Movants that ContentGuard fails "to allege any facts" supporting its theory. Having considered the pleadings, the briefing, and the relevant attachments, and taking all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff, the Court finds that ContentGuard's pleadings are sufficiently plausible to plead a claim of willful infringement.

## CONCLUSION

Rule 12(b)(6) is a defense to pleading where there is a "failure to state a claim upon which relief can be granted." As described above, a "failure to state a claim upon which relief can be granted" is, generally speaking, an initial threshold test in which a court evaluates the

---

[5] If the allegation of knowledge was not true at the time ContentGuard filed its original complaint, the burden is on ContentGuard to amend its complaint to comply with Rule 11.

facial plausibility of claims set forth in a pleading, considering the well-pleaded facts in the complaint as true, construing the complaint in a light most favorable to the plaintiff, and drawing reasonable inferences in favor of the plaintiff. Having passed this initial threshold, a case can go forward—under the due process of law—and additional rules of procedure and, in some cases, local rules, such as those employed by this Court, come into play that allow both plaintiffs and defendants to have insight into the details of the other's case.[6]

For the reasons set forth above, having found that ContentGuard has pled a case upon which relief can be granted, the court **DENIES** Movants' Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 104)[7] and the portions of Amazon.com's Motion to Dismiss Second Amended Complaint (Dkt. No. 298) other than those under 35 U.S.C. § 101.

**So ORDERED and SIGNED this 29th day of March, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[6] For example, this Court's local rules require a plaintiff in a patent infringement case to serve, on each defendant, a specifically defined "Disclosure of Asserted Claims and Infringement Contentions" in advance of the Court's initial case management conference. *See* P. R. 3-1.

[7] An identical motion was also separately filed by Motorola as Dkt. No. 103 fifteen minutes before the MTD. As Motorola is also a signatory on the MTD, the Court consolidated the identical motions and therefore proceeds only on Dkt. No. 104.