# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:13-CV-1112-JRG |
| AMAZON.COM, INC., et al., | § § § | |
| *Defendants*. | § § § § | |
| CONTENTGUARD HOLDINGS, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Case No. 2:14-CV-61-JRG |
| GOOGLE, INC., | § § § | |
| *Defendant*. | § | |

# ORDER

On April 28, 2015, the Court held a hearing the motions set forth below and ruled as follows:

1) Having reviewed the record and heard argument, the Court **DENIED** the following motions for the reasons set forth at the hearing:

   a) Apple's Renewal of its Motion to Strike Plaintiff's Infringement Contentions (Case No. 2:13-cv-1112; Dkt. No. 499)

   b) Motion to Amend Invalidity Contentions to Include the Intertrust VDE System as § 102 (g) Prior Art (Case No. 2:13-cv-1112; Dkt. No. 470)

  c) Defendant Google Inc.'s Motion to Strike Materials Improperly Submitted by Plaintiff ContentGuard Holdings, Inc. in Response to Court Order Regarding *In Camera* Inspection (Case No. 2:14-cv-61; Dkt. No. 190)

2) Having reviewed the record and heard argument, the Court **GRANTED** the following motions in the manner and for the reasons set forth at the hearing:

  a) Defendant Motorola Mobility LLC's Motion to Compel (Case No. 2:13-cv-1112; Dkt. No. 502)

  b) Defendant Google Inc.'s Motion to Compel (Case No. 2:14-cv-61; Dkt. No. 175)

Counsel for Google and Motorola chose not to argue the portions of their motions addressing the sufficiency of ContentGuard's infringement contentions, and the Court considered those arguments waived. In granting the portion of Google and Motorola's directed to interrogatory responses, the Court ordered ContentGuard to supplement—within seven days—and the Court directed ContentGuard to serve its supplemental responses in the procedural and substantive manner requested by Motorola and Google. The Court ordered the parties to meet and confer if there were questions or concerns about how Motorola and Google's requests were structured. In granting the portion of the motion concerning privilege log entries, the Court granted the request to allow the parties to meet and confer further.

3) Having reviewed the record and heard argument, the Court **CARRIED** the following motions in the manner and for the reasons set forth at the hearing:

  a) Plaintiff ContentGuard Holdings, Inc.'s Motion to Compel Defendants Samsung Electronics Co., LTD, Samsung Telecommunications America, LLC, and Samsung Electronics America, Inc. to Provide Relevant Discovery (Case No. 2:13-cv-1112; Dkt. No. 503) was carried based on ContentGuard's and Samsung's representations that they

had reached an agreement that they were in the process of reducing to a written statement. The Court gave the parties to the motion 48 hours to file written notice of such agreement with enough detail so that there would be no figure disputes as to what was and was not agreed.

b) Motion to Compel Defendant Google Inc. to Provide Relevant Discovery (Case No. 2:14-cv-61; Dkt. No. 177) was heard and taken under submission as to the portions concerning Chromecast.

Having subsequently considered the record and the arguments set forth at the Court's April 28, 2015 hearing, the Court hereby **DENIES** the carried portions of ContentGuard's Motion to Compel Defendant Google Inc. to Provide Relevant Discovery (Case No. 2:14-cv-61; Dkt. No. 177) concerning Chromecast.

**So Ordered and Signed on this**

**Apr 28, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE