**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc., | |
| Plaintiff, | Civil Action No. 2:13-cv-1112-JRG |
| v. | JURY TRIAL DEMANDED |
| HTC Corporation and HTC America, Inc., *et al.* | |
| Defendants. | |

**DEFENDANTS HTC CORPORATION AND HTC AMERICA, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS FOR CONTENTGUARD'S FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST HTC WITH REGARD
TO THE '859 PATENT**

In its Second Amended Complaint, ContentGuard Holdings, Inc.'s ("ContentGuard") first cause of action is for infringement of United States Patent No. 6,963,859 ("'859 Patent").  Dkt. 619 at 5.  The Court has granted permission to Defendants HTC Corporation and HTC America, Inc. (collectively "HTC") to file a motion to summarily adjudicate ContentGuard's first cause of action.  Accordingly, HTC seeks a judgment on the pleadings under Fed. R. Civ. P. 12(c) for ContentGuard's failure to state a claim upon which relief may be granted.  "A motion for judgment on the pleadings provides a court with a method for summary adjudication of a defense after the pleadings are closed, but before trial." *Mosaid Techs., Inc. v. Freescale Semiconductor, Inc.*, 2012 U.S. Dist. LEXIS 189803, *9-10 (E.D. Tex. Sept. 27, 2012).

The pleadings in this case are closed.  ContentGuard filed its Second Amended Complaint (Dkt. 244), HTC filed its Answer thereto (Dkt. 497), and HTC did not file counterclaims or cross-claims in this action.  *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made.").  In its answer, HTC pleaded the affirmative defense of "fail[ure] to state facts sufficient to constitute a claim upon which relief can be granted."  Dkt. 497 at 19-20.  ContentGuard's Second Amended Complaint fails to state a claim upon which relief can be granted against HTC with regard to the '859 Patent because it does not present any allegations against HTC under the first cause of action.

Failure to state a claim upon which relief can be granted is appropriately raised by a motion under Rule 12(c).  Fed. R. Civ. P. 12(h)(2).  The standard for deciding a Rule 12(c) motion for failure to state a claim upon which relief can be granted is the same as that for deciding a Rule 12(b)(6) motion to dismiss.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.

2008).  Under the 12(c) and 12(b)(6) standard, "a court cannot look beyond the face of the pleadings."  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).  Thus, "[t]o withstand a Rule 12(c) motion, a complaint must provide sufficient facts 'to state a claim to relief that is plausible on its face.'"  *Porter v. Valdez*, 424 Fed. Appx. 382, 385 (5th Cir. 2011) (unpublished) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

A complaint with an adequate claim of direct patent infringement requires, among other things, "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'"  *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012).  Similarly, a complaint with an adequate claim of indirect patent infringement requires, among other things, allegations relating to infringement of the patent under 35 U.S.C. 271(b) or (c).  *Id.* at 1295-96.

ContentGuard's Second Amended Complaint (Dkt. 244), which is the operative complaint, fails to present any substantive allegations of infringement by HTC  of United States Patent No. 6,963,859 ("'859 Patent").  By comparison, ContentGuard pleads a basis for infringement of the '859 Patent against Amazon, Apple, Blackberry, DirecTv, Huawei, Motorola, and Samsung.  *See* Dkt. 244, ¶¶ 52-58.  In fact, ContentGuard admits that it did not allege in its Second Amended Complaint any infringement of the '859 patent by HTC.  Dkt. 570-1 at 2.

ContentGuard argues that its failure to present any claim of infringement of the '859 patent by HTC should be excused as a "scrivener's error."  Dkt. 570-1 at 2.  But ContentGuard's wholesale omission of a claim does not qualify as a "scrivener's error."  *See State Nat'l Ins. Co. v. Access Gen. Agency, Inc.*, 2007 U.S. Dist. LEXIS 102120 at 5-6 (N.D. Ga. January 26, 2007)

(court denied Plaintiff's request to correct purported scrivener's error in complaint and stated that "[t]he wholesale omission of a claim from a complaint does not qualify as a scrivener's error, as such an omission is not a 'minor mistake or inadvertance [sic]' or the equivalent of omitting an appendix or listing incorrect names.").  Regardless of ContentGuard's excuses, the bottom line is that the Second Amended Complaint, which was served over eight months ago and is ContentGuard's third try at a complaint, does not contain a claim of infringement of the '859 Patent by HTC.  It is too late in the day for ContentGuard to seek a fourth try at a complaint now that all discovery has ended and the parties are preparing for trial.

ContentGuard improperly relies on information outside the Second Amended Complaint in an  attempt to cure its pleading deficiency, and points to such documents as its First Amended Complaint, infringement contentions, expert reports, and HTC's purported failure to "ask[] ContentGuard whether it was withdrawing its infringement allegations for the '859 patent." *See* Dkt 570-1 at 2-3.  But, such information is irrelevant because a court cannot look beyond the complaint when ruling on a motion under Fed. R. Civ. Pro. 12(c) for failure to state a claim upon which relief can be granted.  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) ("the district court is confined to the pleadings"); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *United States v. 0.073 Acres of land*, 705 F.3d 540, 543 (5th Cir. 2013).[1]

Accordingly, HTC respectfully requests that the Court grant judgment on the pleadings under Fed. R. Civ. P. 12(c) with respect to ContentGuard's first cause of action for infringement

---

[1] Federal Circuit law requires adequate allegations of patent infringement on the face of the complaint. *Superior Indus., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012).  Even assuming, *arguendo*, that this requirement did not apply, none of ContentGuard's now-relied upon information was attached to or referenced by ContentGuard in its Second Amended Complaint.  *See Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (stating that the court may review documents attached to or referenced by the complaint in assessing a 12(b)(6) motion).

of the '859 patent in its Second Amended Complaint, and dismiss that claim as to HTC with

prejudice.


Dated:  June 26, 2015                    By:   /s/ Terrence D. Garnett
                                               Terrence D. Garnett

LOCAL COUNSEL                            OF COUNSEL

Eric Hugh Findlay                        Terrence D. Garnett
Roger Brian Craft                        Donald A. Miller
Findlay Craft PC                         Loeb & Loeb LLP
102 N College Avenue                     10100 Santa Monica Blvd, Suite 2200
Suite 900                                Los Angeles, CA 90067-4164
Tyler, TX 75702
903/534-1100                             Jay C. Chiu
Fax: 903/534-1137                        Goodwin Procter LLP Los Angeles
                                         601 S Figueroa St, 41st Floor
                                         Los Angeles, CA 90017

*Counsel for Defendants HTC Corporation and HTC America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)3) this 26th day of June, 2015.


By:     /s/ Terrence D. Garnett
        Terrence D. Garnett