# EXHIBIT B

Trials@uspto.gov                                                     Paper 9
571-272-7822                                                  Date: July 2, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

APPLE, INC.,
Petitioner,

v.

CONTENTGUARD HOLDINGS, INC.,
Patent Owner.

Case IPR2015-00358
Patent 8,001,053 B2

Before KARL D. EASTHOM, GLENN J. PERRY, and
MICHAEL J. FITZPATRICK, *Administrative Patent Judges*.

FITZPATRICK, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314(a) and 37 C.F.R. § 42.108*

IPR2015-00358
Patent 8,001,053 B2

## I. INTRODUCTION

Petitioner, Apple, Inc., filed a Petition to institute an *inter partes* review of claims 1–5, 8, 9, 15–19, 22, 23, 26–30, 33, and 34 (the "challenged claims") of U.S. Patent No. 8,001,053 B2 (the "'053 patent"). Paper 1, "Pet." Patent Owner, ContentGuard Holdings, Inc., filed a Preliminary Response pursuant to 35 U.S.C. § 313. Paper 8, "Prelim. Resp."

We have authority to determine whether to institute an *inter partes* review. 35 U.S.C. § 314(b); 37 C.F.R. § 42.4(a). We deny the Petition.

### A. *The Asserted Grounds*

Petitioner identifies the following as asserted grounds of unpatentability:

| References | Basis | Claims Challenged |
|---|---|---|
| Ginter (Ex. 1007)[1] | § 103(a)[2] | 1–5, 8, 9, 15–19, 22, 23, 26–30, 33, and 34 |
| Ginter and Wiggins (Ex. 1011)[3] | § 103(a) | 1–5, 8, 9, 15–19, 22, 23, 26–30, 33, and 34 |

Pet. 2–3.

---

[1] U.S. Patent No. 5,892,900 (Apr. 6, 1999).
[2] The Leahy-Smith America Invents Act ("AIA"), Pub.L. No. 112-29, took effect on March 18, 2013. Because the application from which the '053 patent issued was filed before that date, our citations to Title 35 are to its pre-AIA version.
[3] U.S. Patent No. 5,717,604 (Feb. 10, 1998).

2

IPR2015-00358
Patent 8,001,053 B2

### B. The '053 Patent

The '053 patent generally relates to systems and methods for digital rights management ("DRM"). Ex. 1005, 1:20–23, 1:48.

### C. The Challenged Claims

The challenged claims are 1–5, 8, 9, 15–19, 22, 23, 26–30, 33, and 34. Pet. 3. Claim 1 is illustrative and reproduced below:

> 1. A method for sharing rights adapted to be associated with an item, the method comprising:
>
> specifying, in a first license, using a processor, at least one usage right and at least one meta-right for the item, wherein the usage right and the meta-right include at least one right that is shared among one or more users or devices;
>
> defining, via the at least one usage right, using a processor, a manner of use selected from a plurality of permitted manners of use for the item;
>
> defining, via the at least one meta-right, using a processor, a manner of rights creation for the item, wherein said at least one meta-right is enforceable by a repository and allows said one or more users or devices to create new rights;
>
> associating, using a processor, at least one state variable with the at least one right in the first license, wherein the at least one state variable identifies a location where a state of rights is tracked;
>
> generating, in a second license, using a processor, one or more rights based on the meta-right in the first license, wherein the one or more rights in the second license includes at least one right that is shared among one or more users or devices; and
>
> associating at least one state variable with the at least one right that is shared in the second license, wherein the at least one state variable that is associated with the second license is

IPR2015-00358
Patent 8,001,053 B2

based on the at least one state variable that is associated with the first license.

## II. ANALYSIS

### A. *Failure to Identify Related Matters*

A petition for an *inter partes* review "may be considered only if," among other things, "the petition provides such other information as the Director may require by regulation." 35 U.S.C. § 312(a)(4). In that regard, the Director requires a petitioner to include certain mandatory notices with its petition. 37 C.F.R. § 42.8(a)(1). The mandatory notices include a requirement to "[i]dentify any other judicial or administrative matter that would affect, or be affected by, a decision in the proceeding." 37 C.F.R. § 42.8(b)(2) (titled "Related matters"). "Judicial matters include actions involving the patent in federal court. Administrative matters include every application and patent claiming, or which may claim, the benefit of the priority of the filing date of the party's involved patent or application as well as any *ex parte* and *inter partes* reexaminations for an involved patent." Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,760 (Aug. 14, 2012).

Pursuant to 37 C.F.R. § 42.8(b)(2), Petitioner identifies only the following related matters: *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, Case No. 2:13-cv-01112 (E.D. Tex.) (the "Texas lawsuit against Apple"); Cases IPR2015-00355, -00356, and -00357 (involving the '053 patent); and Cases IPR2015-00351, -00352, -00353, and -00354 (involving related U.S. Patent No. 7,774,280 B2 ("the '280 patent")). Pet. 1–2.

According to Patent Owner, however, there are numerous additional related matters: *Google Inc. v. ContentGuard Holdings, Inc.*, Case No. 14-

4

IPR2015-00358
Patent 8,001,053 B2

cv-0498 (N.D. Cal.) (the "California lawsuit"); *ContentGuard Holdings, Inc. v. Google Inc.*, Case No. 14-cv-0061 (E.D. Tex.) (the "Texas lawsuit against Google"); pending U.S. Patent Application No. 13/162,826 ("the '826 application"), which is a continuation of the application from which the '053 patent issued; Case CBM2015-00040 (involving the '280 patent); and Case CBM2015-00043 (involving the '053 patent).[4] Paper 7, 1–2.

      Patent Owner is correct that the California lawsuit is a related matter, as it involves a declaratory judgment action for non-infringement of the '053 patent. Ex. 3001 ¶¶ 48–55. The Texas lawsuit against Google also is a related matter, as it involves an assertion of infringement of the '053 patent. Ex. 3002 ¶¶ 44–45. Thus, Petitioner should have identified both of those lawsuits in order to have its Petition considered. 35 U.S.C. § 312(a)(4); 37 C.F.R. § 42.8(b)(2). Although it is possible that Petitioner was not aware of the California lawsuit, it was informed of the Texas lawsuit against Google. *See* Ex. 3003 (Order denying Patent Owner's motion for consolidation of the Texas lawsuits, said order entered in the Texas lawsuit against Apple).

      Patent Owner is also correct that the '826 application is a related matter. The '826 application was published on October 6, 2011, and it is listed in the child continuity data field in the Public PAIR search report of the '053 patent. Thus, Petitioner should have been aware of it and identified it in the Petition.

---

[4] The petition in CBM2015-00043 was filed December 11, 2014, and, thus, did not exist when the instant Petition was filed on December 10, 2014. The petition in CBM2015-00040 was filed December 9, 2014, and, thus, we do not presume Petitioner was aware of it when it filed its Petition the next day.

5

IPR2015-00358
Patent 8,001,053 B2

Additionally, Petitioner's declarant, Atul Prakash, Ph.D., cites several PTAB decisions involving patents belonging to Patent Owner, as affecting the construction of claims of the '053 patent. *See* Ex. 1003 ¶ 284 (citing *ZTE Corp. v. ContentGuard Holdings Inc.*, Case IPR2013-00139, Paper 57 (PTAB June 26, 2014); *ZTE Corp. v. ContentGuard Holdings Inc.*, Case IPR2013-00133, Paper 61 (PTAB July 1, 2014); *ZTE Corp. v. ContentGuard Holdings Inc.*, Case IPR2013-00138, Paper 57 (PTAB July 1, 2014)); *see also* Ex. 1003 ¶ 285 (citing *ZTE Corp. v. ContentGuard Holdings Inc.*, Case IPR2013-00133, Paper 15 (PTAB July 1, 2013)). Yet, the Petition does not identify, as related matters, the *inter partes* reviews in which those decisions were rendered. Pet. 2.

The Petition's failure to comply with 37 C.F.R. § 42.8(b)(2), and thus also 35 U.S.C. § 312(a)(4), could be grounds for denial of the Petition. 35 U.S.C. § 312(a)(4); *cf. Reflectix, Inc., v. Promethian Insulation Tech. LLC*, Case IPR2015-00039, 2015 WL 1927414, at *9 (PTAB Apr. 24, 2015) (denying institution because petition did not comply with parallel requirement, under 35 U.S.C. § 312(a)(2), to identify all real parties-in-interest). It is unnecessary to determine whether to deny the Petition on that basis, however, because the Petition is denied for additional reasons, as explained below.

### B. *No Reasonable Likelihood of Prevailing*

A petition must show how the challenged claims are unpatentable under the statutory grounds it identifies. 37 C.F.R. § 42.104(b)(4). All of Petitioner's grounds of unpatentability challenge the claims as obvious under 35 U.S.C. § 103(a).

IPR2015-00358
Patent 8,001,053 B2

A patent claim is unpatentable under 35 U.S.C. § 103(a) if the differences between the claimed subject matter and the prior art are such that the subject matter, as a whole, would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007). The question of obviousness is resolved on the basis of underlying factual determinations, including: (1) the scope and content of the prior art, (2) any differences between the claimed subject matter and the prior art, (3) the level of skill in the art, and (4) where in evidence, so-called secondary considerations. *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966).

There is not a reasonable likelihood that Petitioner would prevail in showing the subject matter of any of the challenged claims is obvious over any of the grounds identified in the Petition.

First, the Petition does not identify sufficiently the differences between the claimed invention and the prior art, or how the prior art teachings are to be modified or combined, if at all. Pet. 43–60; *see Graham*, 383 U.S. at 17–18 (obviousness inquiry is based on factual inquiries including the difference between the claimed invention and the prior art). Indeed, it is difficult to understand the distinctions (if any) between the asserted grounds, because they are lumped together. *Id*. For example, the Petition states the following:

> To the person of ordinary skill, <u>Ginter</u>, *by itself or in view of other prior art*, suggests a range of possible implementations of its scheme, particularly in view of the knowledge and experience the person of skill would have

7

IPR2015-00358
Patent 8,001,053 B2

>possessed in 2001 or before.  As a consequence, <u>Ginter</u>, *alone or with other prior art*, would have rendered obvious variations of the processes, systems and devices it expressly describes, including variations such as the following: (i) particular data constructs and system configurations not explicitly described in <u>Ginter</u> but which have same or comparable functionality to components or elements described in <u>Ginter</u>, including those reflecting conventional design or implementation choices; (ii) storing data elements used in <u>Ginter</u> corresponding to "usage rights" and "meta rights" in the '053 patent in the same or difference data constructs (e.g., "licenses"); (iii) system components with varying security capabilities, including those capable of functioning as "trusted systems"; or (iv) implementing functionality of <u>Ginter</u> in an integrated (e.g., single logical or actual computer system) or in a distributed (e.g., using components that communicate over networks) manner, such as using a remote server to track shared rights.
>
>Each of these types of variations would have been considered obvious design or implementation choices based on the guidance in <u>Ginter</u> *in view of what would have been known to the person of ordinary skill and other prior art*.  For the reasons which follow, this is why possible distinctions between <u>Ginter</u> and the contested '053 claims, even if found to exist, would not render those claims patentable, as a person of ordinary skill would have considered such processes, systems and devices to have been obvious variations of processes, systems and devices described and suggested by <u>Ginter</u>, *alone or with other prior art*.

Pet. 43–44 (italics added).

8

IPR2015-00358
Patent 8,001,053 B2

The Petition also lacks an articulated or apparent reason supported by "some rationale underpinning" to modify/combine the purportedly known elements into the fashion claimed by the '053 patent. *See KSR*, 550 U.S. at 418 (quoting *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)). Instead, and as demonstrated in the block quote above, Petitioner leaves it to the Board to ascertain what gaps to fill, stating that "possible distinctions between Ginter and the contested '053 claims, even if found to exist, would not render [the challenged] claims patentable." Pet. 44.[5] Contrary to Petitioner's implication, however, Patent Owner need not present a showing to "render" its claims patentable. The burden is on Petitioner to show unpatentability. 35 U.S.C. § 42.20(c).

Petitioner's vague statements regarding what the prior art suggests, referring to "a range of possible implementations," "obvious variations," and "obvious design or implementation choices" does not satisfy its burden. Pet. 43–44. Petitioner's blanket citation to over one hundred paragraphs of Dr. Prakash's declaration to support its assertion that "the core techniques and functionalities of the '053 claimed processes and systems were well-known to persons of ordinary skill in the art before 2001," and that a "person of ordinary skill could readily implement systems for distributing digital

---

[5] The Petition does not identify the differences between Ginter and the claimed inventions. Yet, the Petition also does not show that there are no differences. The Petition fails to show, let alone assert, anticipation at least because the Petition does not show that Ginter discloses all the limitations of the challenged claims, as arranged in the challenged claims. *See Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1370 (Fed. Cir. 2008) (holding that an anticipatory reference must show all limitations arranged or combined in the same way as recited in the claims).

9

IPR2015-00358
Patent 8,001,053 B2

content using these design elements based on the guidance in Ginter and routine programming skills" also does not satisfy its burden. (Pet. 44 (citing Ex. 1003 ¶¶ 129–154, 156–185, 188–231, and 819–824)). Board rules require an identification of "specific portions of the evidence that support the challenge." 37 C.F.R. § 42.104(b)(5). Board rules also prohibit incorporation by reference, such as incorporating over one hundred paragraphs[6] of a declaration into a petition. 37 C.F.R. § 42.6(a)(3). It is unreasonable to expect the Board to sort through this huge swath of declaration testimony.[7]

A reason to modify Ginter, or combine it with Wiggins, is not the only thing unclear in the Petition. Also not clear is any particular modification or combination of the asserted prior art, let alone how such modification/ combination would have rendered obvious any of the challenged claims. Indeed, the Petition lacks a meaningful, if any, discussion showing how the prior art renders obvious any particular claim, *as a whole*, being challenged. *See* 35 U.S.C. § 103(a); *see also Vandenberg v. Dairy Equipment Co.*, 740

---

[6] Many of these paragraphs of Dr. Prakash's declaration, which are cited by the Petition, include internal citations to additional paragraphs of Dr. Prakash's declaration. *See*, *e.g.*, Ex. 1003 ¶ 824 (citing ¶¶ 388–390, 400–408, and 434–442).

[7] In fact, much of the cited declaration testimony regarding "these design elements" is based on patents and a printed publication that are not asserted in this Petition. *See*, *e.g.*, Ex 1003 ¶¶ 174–176 (discussing U.S. Patent No. 6,389,538 to Gruse, which is asserted in IPR2015-0000355, -00356, and -00357), ¶¶ 177–182, 226–229 (discussing U.S. Patent No. 6,327,652 to England, which is asserted in IPR2015-00355 and -00357), and ¶¶ 183–185, 230 (discussing U.S. Patent Application Publication No. 2002/0077984 to Ireton, which is asserted in IPR2015-0000355)).

10

IPR2015-00358
Patent 8,001,053 B2

F.2d 1560, 1566 (Fed. Cir. 1984) (holding that, to find a claim obvious, even if "all of the elements in the claimed invention are disclosed in the prior art, . . . the invention as a whole must have been obvious to one skilled in the art at the time it was made, and, in order to combine the teachings of the prior art references, the prior art must suggest[8] the desirability of the combination").

A petition must show how the challenged claims are unpatentable under the statutory ground(s) it identifies. 37 C.F.R. § 42.104(b)(4). The instant Petition does not do this, and there is not a reasonable likelihood that Petitioner would prevail with respect to any of the challenged claims on any of the challenged grounds. *See* 35 U.S.C. § 314(a).

*C. Additional Considerations*

The Director requires us to apply our trial rules "to secure the just, speedy, and inexpensive resolution of every proceeding." 37 C.F.R. § 42.1. No such proceeding could be secured with the record presented to us by Petitioner.

Dr. Prakash's declaration is an omnibus declaration used by Petitioner in eight separate petitions, collectively challenging both the '053 patent and the related '280 patent with four sets of prior art each.[9] The declaration is

---

[8] The Supreme Court subsequently held that "[t]he obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation." *See KSR*, 550 U.S. at 419. However, there still must be "an apparent reason to combine the known elements in the fashion claimed." *Id*. at 418.

[9] Cases IPR2015-00351 through -00358.

11

IPR2015-00358
Patent 8,001,053 B2

342 pages, includes voluminous information not relevant to this Petition, and, as discussed above, contains numerous self-citations.

The Petition includes sixty-one exhibits totaling over 30,000 pages. *See* Exs. 1001–1061. Petitioner asserts that all exhibits are relied upon in the Petition. *See* Pet. 3 ("**Attachment B** lists the evidence relied upon in support of this petition."). Fifty of the exhibits, however, are not cited in the Petition. Although some of those fifty exhibits are cited in Dr. Prakash's declaration, several of them are not. Also, mere citation of an exhibit in Dr. Prakash's declaration should not be equated with being relied upon in the Petition, because the declaration is being offered in seven other IPR petitions, each of which challenges a different patent and/or asserts a different set of prior art.

The Office Patent Trial Practice Guide cautions that petitioners should "avoid submitting a repository of all the information that a judge could possibly consider, and instead focus on concise, well-organized, easy-to-follow arguments supported by readily identifiable evidence of record." 77 Fed. Reg. at 48,763. The Petition widely misses that mark.

### III.   CONCLUSION

The Petition fails to show there is a reasonable likelihood that Petitioner would prevail with respect to at least one of the claims challenged in the Petition. *See* 35 U.S.C. § 314(a); 37 C.F.R. § 42.108.

### IV.   ORDER

Accordingly, it is ORDERED that the Petition is denied, and no trial is instituted.

IPR2015-00358
Patent 8,001,053 B2

Petitioner:

Jeffrey Kushan
Michael Franzinger
SIDLEY AUSTIN LLP
jkushan@sidley.com
IPRnotices@sidley.com

Patent Owner:

Timothy P. Maloney
Nicolas Peters
FITCH, EVEN, TABIN & FLANNERY LLP
tim@fitcheven.com
ntpete@fitcheven.com

Robert Cote
McKOOL SMITH, P.C.
rcote@mckoolsmith.com