**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Amazon.com, Inc., *et al*. <br><br> Defendants. | Civil Action No. 2:13-cv-01112-JRG <br><br> JURY TRIAL DEMANDED |
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Google, Inc. <br><br> Defendant. | Civil Action No. 2:14-cv-00061-JRG <br><br> JURY TRIAL DEMANDED |

## JOINT NOTICE REGARDING MOTIONS *IN LIMINE*

Pursuant to the Court's July 22, 2015 Order (Dkt. 785), Plaintiff ContentGuard Holdings, Inc., ("ContentGuard") and Defendants Apple, Inc. ("Apple"), Amazon.com, Inc. ("Amazon"), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung"), and Google, Inc. ("Google") file this Joint Notice Regarding Motions *in Limine*.  The following is a list of the remaining *limines* along with the following information: (1) text of the proposed *limine*, (2) which party proposes the *limine*, (3) whether the *limine* is agreed or disputed (and by which specific parties), and (4) the docket entries and accompanying page numbers that provide argument on that *limine*.

On July 24, 2015, ContentGuard and Amazon filed a Joint Motion to Stay all Deadlines and Notice of Settlement.  (Dkt. 797)  The Joint Motion requested a four week stay of all unreached deadlines.  Accordingly, the ContentGuard and Amazon specific motions in *limine* are separately listed.

Rows in gray indicate agreed *limines*.

| LIMINE | PROPONENT | AGREED/ DISPUTED | Dkt. No., Page No. |
|---|---|---|---|
| *INTER PARTES* REVIEWS, COVERED BUSINESS METHOD PROCEEDINGS, & OTHER LITIGATIONS | | | |
| **Apple MIL 2:** Preclude ContentGuard from presenting argument, evidence or testimony referencing other legal proceedings in which Apple or ContentGuard were parties or Inter Partes Review and Covered Business Method Proceedings involving the patents-in-suit. | Apple | Disputed ContentGuard | Motion 757, 3 Response 793, 2 |
| **Samsung MIL 3:** ContentGuard should be precluded from introducing any evidence or argument regarding inter partes reviews ("IPRs") or covered business method reviews ("CBMs") of ContentGuard patents. | Samsung | Disputed ContentGuard | Motion 761, 6 Response 794, 6 |
| **Google MIL 4:** The parties should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion to post-issuance USPTO proceedings (IPRs and CBMs) of ContentGuard's patents. | Google | Disputed ContentGuard | Motion 269, 7 Response 285, 5 |
| **ContentGuard MIL 9:** Any reference regarding ContentGuard's claims against other defendants, or co-pending or subsequent trials in ContentGuard Holdings, Inc. v. Amazon, et Al., Case no. 2:13-cv-01112-JRG, *ContentGuard Holdings, Inc. v.  Google*, Case No. 2:14-cv-0061-JRG and *ContentGuard Holdings, Inc. v. DirecTV, LLC*, Case No. 2:15-cv-00128, including but not limited to damages claims made against other defendants. | ContentGuard | Disputed Apple Samsung Google Amazon | Motion 758, 11/ 270, 11 Apple Response 796, 10 Google/ Samsung Response 284, 6 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Samsung in unrelated legal proceedings or unrelated disputed matters between Samsung and any third party (including Google). | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google | Motion 759/271 |

| | | | |
|---|---|---|---|
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Google in unrelated legal proceedings or unrelated disputed matters between Google and any third party (including Samsung). | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google | Motion 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding Dr. Teece's prior work for Samsung, per the parties' prior agreement. | ContentGuard Samsung | Agreed ContentGuard Samsung | Motion 759/271 |
| **EXPERT TESTIMONY** | | | |
| **ContentGuard MIL 7:** Any reference, argument, evidence, or testimony regarding claim constructions proposed by Defendants that are identified in ContentGuard's *Daubert* motions as differing from the constructions set forth in the Court's March 20, 2015 Claim Construction Memorandum Opinion and Order. | ContentGuard | Disputed Apple Samsung Google Amazon | Motion 758, 8/ 270, 8 Apple Response 796, 8 Google/ Samsung Response 284, 3 |
| **Apple MIL 3:** Preclude ContentGuard's experts from offering opinions at trial inconsistent with ContentGuard's representations to the PTAB. | Apple | Disputed ContentGuard | Motion 757, 9 Response 793, 6 |
| **Apple MIL 5:** Preclude ContentGuard's experts from offering opinions construing contractual provisions in Apple's agreements with content providers. | Apple | Disputed ContentGuard | Motion 757, 10 Response 793, 8 |
| **Google MIL 8:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion as to a litigation multiplier or uncertainty discount. | Google | Disputed ContentGuard | Motion 269, 11 Response 285, 12 |

| | | | |
|---|---|---|---|
| **Google MIL 10:** ContentGuard should be precluded from introducing any argument, testimony, insinuation, reference, or assertion relating to "mass infringement" or suggesting a coordinated effort or conspiracy to infringe the patents-in-suit between Google and any third parties not in Google's trial. | Google | Disputed ContentGuard | Motion 269, 14 <br><br> Response 285, 15 |
| **Apple MIL 6:** Preclude ContentGuard from presenting argument, evidence or testimony asserting that Usage Rules in Apple's contracts with content suppliers meet the 'meta-rights' or 'usage rights' claim limitations. | Apple | Disputed ContentGuard | Motion 757, 11 <br><br> Response 793, 9 |
| **NON-EXPERT TESTIMONY** | | | |
| **ContentGuard MIL 8:** Improper expert opinions by Dr. Robert Kahn. | ContentGuard | Disputed Apple Samsung Google Amazon | Motion 758, 8/ 270, 8 <br><br> Apple Response 796, 9 <br><br> Google/ Samsung Response 284, 3 |
| **Google MIL 1:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion by Mark Stefik, Peter Pirolli, Ralph Merkle, or Eddie Chen regarding any differences between the alleged inventions in the asserted patents and the prior art. | Google | Disputed ContentGuard | Motion 269, 1 <br><br> Response 285, 1 |
| **OPINION OF COUNSEL** | | | |
| **Google MIL 6:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion (1) that Google did not investigate allegations of infringement, (2) that Google had a duty to investigate or obtain opinion of counsel, or (3) speculating as to the results of any infringement investigation or opinion. | Google | Disputed ContentGuard | Motion 269, 8 <br><br> Response 285, 9 |

| JOINT DEFENSE | | | |
|---|---|---|---|
| **Google MIL 5:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference or assertion regarding communications or agreements between Google and other parties ContentGuard has accused of infringement, related to such infringement allegations. | Google | Disputed ContentGuard | Motion 269, 7<br><br>Response 285, 8 |
| **CLAIMS & DEFENSES** | | | |
| **ContentGuard MIL 2:** References to FRAND/RAND and/or arguments that ContentGuard has breached or would be breaching FRAND/RAND obligations through the damages demands it has made in this litigation. | ContentGuard | Disputed Samsung Google Apple Amazon | 758, 2 270, 2<br><br>Apple Response 796, 4<br><br>Google/ Samsung Response 284, 1 |
| **ContentGuard MIL 5:** Any argument, evidence, testimony or reference to claims or defenses that have been withdrawn, unless such argument, evidence, testimony or reference is relevant to any claims or defenses that properly remain in the case or to any matter put in issue by a party. | ContentGuard | Disputed Apple Amazon<br><br>Agreed Samsung Google | Motion 758, 5/ 270, 5<br><br>Apple Response 796, 7 |
| **ContentGuard MIL 6:** Any argument, evidence, testimony, insinuation, or reference that the scope of the asserted claims should be judged, or infringement decided, by comparing the accused devices/methods to any alleged non-prior art commercial embodiments or licensed embodiments of the patents-in-suit, including but not limited to OMA. | ContentGuard | Disputed Apple Amazon<br><br>Agreed Samsung Google | Motion 758, 6/ 270, 6<br><br>Apple Response 796, 7 |

| | | | |
|---|---|---|---|
| The parties shall not introduce any argument, evidence, testimony, or reference to claims and defenses that have been withdrawn, unless such argument, evidence, testimony or reference is relevant to any claims or defenses that properly remain in the case or to any matter put in issue by a party. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google  Not Agreed Apple | 759/271 |
| The parties shall not make any references or arguments stating or suggesting that ContentGuard has breached any FRAND/RAND obligations, or that it would be breaching FRAND/RAND obligations through the damages demands it has made in this litigation. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google  Not Agreed Apple | 759/271 |
| The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions that the scope of the asserted claims should be judged, or infringement decided, by comparing the accused devices/methods to any alleged non-prior art commercial embodiments or licensed embodiments of the patents-in-suit, including but not limited to OMA. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google  Not Agreed Apple | 759/271 |
| The parties shall not introduce any evidence or testimony, or make attorney argument or other comments that Robert Kahn should have been a named inventor on any patents for which Mark Stefik is a named inventor. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google  Not Agreed Apple | 759/271 |
| **PRE-SUIT COMMUNICATIONS, SETTLEMENT OFFERS & NEGOTIATIONS** | | | |
| **Apple MIL 1:** Preclude ContentGuard from presenting argument, evidence, or testimony concerning pre-suit communications. | Apple | Disputed ContentGuard | Motion 757, 1  Response 793, 1 |
| **Apple MIL 4:** Preclude ContentGuard from presenting argument, evidence or testimony referencing any meetings or discussions between Apple and Xerox PARC unrelated to digital rights management. | Apple | Disputed ContentGuard | Motion 757, 10  Response 793, 7 |

| | | | |
|---|---|---|---|
| **Apple MIL 7:** Preclude ContentGuard from presenting argument, evidence or testimony suggesting or inferring infringement based on unasserted patents. | Apple | Disputed ContentGuard | Motion 757, 12<br><br>Response 793, 11 |
| **Google MIL 2:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion that Motorola Mobility LLC should be treated as the same entity as Google. | Google | Disputed ContentGuard | Motion 269, 2<br><br>Response 285, 2 |
| **Google MIL 3:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion that it provided notice of its patents-in-suit or infringement allegations against Google Play to Google. | Google | Disputed ContentGuard | Motion 269, 3<br><br>Response 285, 3 |
| **Google MIL 7:** ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion as to the subject of communications covered by attorney-client privilege, including any argument, evidence, testimony, insinuation, reference, or assertion that speculates about the content of these privileged communications, or that that suggest to the jury that it do so. | Google | Disputed ContentGuard | Motion 269, 9<br><br>Response 285, 10 |
| **Samsung MIL 1:** ContentGuard should be precluded from introducing communications between Samsung and ContentGuard or Pendrell supporting or relating to offers and counteroffers made during the course of pre-suit settlement negotiations, including at least PX-0148 and related testimony. | Samsung | Disputed ContentGuard | Motion 761, 1<br><br>Response 794, 1 |
| **Samsung MIL 6:** ContentGuard should be precluded from introducing any evidence or argument that Samsung had notice of the patents-in-suit for purposes of willful infringement by any means other than actual notice of the patent numbers. | Samsung | Disputed ContentGuard | Motion 761, 11<br><br>Response 794, 12 |

| | | | |
|---|---|---|---|
| **Samsung MIL 7:** ContentGuard should be precluded from introducing any evidence or argument related to alleged "notice of the infringement" under 35 U.S.C. § 287(a) that is not notice of the alleged infringement at issue in this case, i.e., infringement based on Google Play Books or Google Play Movies & TV. | Samsung | **WITHDRAWN** | Motion 761, 12 <br><br> Response 794, 13 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding (1) specific offers and counteroffers communicated between Samsung and ContentGuard or Pendrell including the fact that any such specific offer or counteroffer was made; (2) any oral or written agreements that may have been reached between Samsung and ContentGuard or Pendrell pre-litigation with respect to ContentGuard's patent portfolio; and (3) any defense or indemnification agreement(s) between Samsung and Google. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google | 759/271 |
| The parties shall not introduce any reference, argument, or testimony regarding, or introduction into evidence of, the documents bearing bates numbers SAMS00120971 and SAMS00120972-74 and identified by Samsung as trial exhibits nos. DX-2243, DX-2244, and DX-2245, as well as the documents identified by ContentGuard as trial exhibit nos. PX-744, PX-762 and PX-763. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google | 759/271 |
| <div align="center">**LICENSE AGREEMENTS & NEGOTIATIONS**</div> | | | |
| **Samsung MIL 2:** ContentGuard should be precluded from introducing any evidence or argument regarding the license agreement between Intertrust Technologies ("Intertrust") and Samsung because the license was entered into under a threat of litigation. | Samsung | Disputed ContentGuard | Motion 761, 5 <br><br> Response 794, 4 |

| | | | |
|---|---|---|---|
| The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding any license agreements not produced in this litigation. | ContentGuard Samsung Google Amazon | Agreed ContentGuard Samsung Google Amazon<br><br>Not Agreed Apple | 759/271 |
| **REVENUES, PROFITS, INTEREST, COSTS & BUSINESS CONSIDERATIONS** | | | |
| **Apple MIL 8:** Preclude ContentGuard from presenting argument, evidence or testimony referencing (1) total revenues and profits from sales of the accused products and (2) Apple's overall size and wealth. | Apple | Disputed ContentGuard | Motion 757, 13<br><br>Response 793, 12 |
| **Samsung MIL 4:** ContentGuard should be precluded from introducing any evidence or argument regarding Samsung's total revenues and profits from sales of the accused products. | Samsung | Disputed ContentGuard | Motion 761, 9<br><br>Response 794, 10 |
| **Samsung MIL 5:** ContentGuard should be precluded from introducing any evidence or argument regarding Samsung' size, market capitalization, or revenues and profits not derived from accused products. | Samsung | Disputed ContentGuard | Motion 761, 10<br><br>Response 794, 11 |
| **Google MIL 9:** ContentGuard should be precluded from any argument, evidence, testimony, insinuation, reference, or assertion as to Google's or Samsung's market capitalization and revenues and profits not derived from the accused products or services. | Google | Disputed ContentGuard | Motion 269, 13<br><br>Response 285, 14 |
| The parties shall not introduce any parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, or references to the possible consequences of a verdict in any parties' favor, including the possible issuance of an injunction, an award of enhanced damages, an award of attorney's fees, or arguments that a verdict would result in (1) consumers paying more for devices; (2) the economy being negatively impacted; (3) an injunction or the method of use no longer being available for use; or (4) firings or layoffs. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google<br><br>Not Agreed Apple | 759/271 |

| | | | |
|---|---|---|---|
| The parties shall not introduce any argument, evidence, or testimony referencing prejudgment interest. | ContentGuard Apple | Agreed ContentGuard Apple | 759 /271 |
| The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding the amount of legal fees and expenses that the parties have incurred in this litigation. | ContentGuard Samsung Google Apple | Agreed ContentGuard Samsung Google Apple | 759/271 |
| **NATIONALITY, RESIDENCY, RELIGION  & ALLEGED PEJORATIVE TERMS** | | | |
| **ContentGuard MIL 1:** Any argument, evidence, testimony, insinuation, reference, or assertion implying that ContentGuard or Pendrell are "patent trolls," "patent pirates," non-practicing entities, or other pejorative terms, or otherwise disparaging ContentGuard or Pendrell's business model. | ContentGuard | Disputed Apple Amazon  Agreed Samsung Google | Motion 758, 1/ 270, 1  Apple Response 796, 2 |
| **ContentGuard MIL 3:** Any reference, argument, or testimony regarding, or introduction into evidence of, the document bearing bates numbers CG-001300894-CG-001300909 and identified by Apple as trial exhibit no. AX-106 and by Amazon as trial exhibit no. A-30. | ContentGuard | Disputed Apple Amazon  Agreed Samsung Google | Motion 758, 3/ 270, 3  Apple Response 796, 5 |
| **ContentGuard MIL 4:** Any argument, evidence, testimony, insinuation, reference, or assertion concerning ContentGuard's move to Plano, Texas and the timing of that move. | ContentGuard | Disputed Apple Amazon  Agreed Samsung Google | Motion 758, 4/ 270, 4  Apple Response 796, 6 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning ContentGuard's move to Plano, Texas and the timing of that move. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google  Not Agreed Apple | 759/271 |

| | | | |
|---|---|---|---|
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion stating or implying that ContentGuard or Pendrell are "patent trolls," patent assertion entity, non-practicing entity, or other pejorative terms, or otherwise disparaging ContentGuard or Pendrell's business model. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google<br><br>Not Agreed Apple | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion about the personal use by ContentGuard, Pendrell, or its fact witnesses of the Accused Devices and Accused Apps. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google<br><br>Not Agreed Apple | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference or assertion denigrating, disparaging, touting, exalting or commenting unnecessarily on the nationality or place of residence of a party or witness, or otherwise differentiating the nationality or place of residence of a party or witness from Texas or the United States.  The nationality and/or residency of Samsung and its witnesses will not be identified or otherwise commented upon during opening statements or closing arguments. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning God or Jesus, the religious beliefs, political convictions, race, ethnicity, relative distance of witness or party residence to Texas or the United States, native language, and sexual orientation of the parties, witnesses and counsel. | ContentGuard Samsung Google | Agreed ContentGuard Samsung Google | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning God or Jesus, the religious beliefs, political convictions, race, ethnicity, relative distance to Texas or the United States, native language, and sexual orientation of the parties, witnesses and counsel. | ContentGuard Apple | Agreed ContentGuard Apple | 759/271 |

| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding a witness' choice to testify in his or her native or chosen language. | ContentGuard Samsung | <u>Agreed</u> ContentGuard Samsung | 759/271 |
|---|---|---|---|
| The parties shall not refer to the location of Apple's suppliers, manufacturers or assemblers, and any press concerning those entities, or any argument, evidence, testimony, insinuation, reference, or assertion concerning payment of taxes. | ContentGuard Apple | <u>Agreed</u> ContentGuard Apple | 759/271 |
| The parties shall not introduce any reference, argument, or testimony regarding, or introduction into evidence of, the document bearing bates numbers CG-001300894-CG-001300909 and identified by Samsung as trial exhibit no. DX-2124. | ContentGuard Samsung Google | <u>Agreed</u> ContentGuard Samsung Google | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning the religious beliefs, political convictions, and sexual preference or orientation of witnesses and counsel. | ContentGuard Amazon | <u>Agreed</u> ContentGuard Amazon | 759/271 |
| **ISSACSON BOOK** | | | |
| **Apple MIL 9:** Preclude ContentGuard from presenting argument, evidence, or testimony regarding statements allegedly made by Steve Jobs to Walter Issacson. | Apple | <u>Disputed</u> ContentGuard | <u>Motion</u> 757, 15 <br><br> <u>Response</u> 793, 14 |
| **COURT RULINGS & ATTORNEY ARGUMENT** | | | |
| The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding concerning the filing, contents, and rulings of any Motions *in Limine* (other than objections based on such rulings). | ContentGuard Samsung Google Apple | <u>Agreed</u> ContentGuard Samsung Google Apple | 759/271 |

| | | | |
|---|---|---|---|
| The parties shall not make any reference or attempt to read or show to the jury any non-relevant exchanges between counsel during depositions (including objections) for the reason that same are irrelevant and misleading.  Parties request that all non-relevant exchanges be eliminated from the reading or showing of any depositions in this case.  The parties agree that this applies only to deposition designations and not impeachments using depositions. | ContentGuard Samsung Google Apple Amazon | <u>Agreed</u> ContentGuard Samsung Google Apple Amazon | 759/271 |
| The parties shall not make any reference, in whole or in part, to any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury. | ContentGuard Samsung Google Apple | <u>Agreed</u> ContentGuard Samsung Google Apple | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding the filing, contents, and rulings of any motions *in limine* or other motions and rulings in this case except the Court's claim construction order. | ContentGuard Amazon | <u>Agreed</u> ContentGuard Amazon | 759/271 |
| **DISCOVERY** | | | |
| The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions concerning alleged deficiencies or failures in the parties' production of documents or other discovery (pursuant to any Federal or Local Rules concerning discovery) or litigation misconduct. | ContentGuard Samsung Google | <u>Agreed</u> ContentGuard Samsung Google | 759/271 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning the sufficiency of a parties' production of documents or information, or any other discovery disputes. | ContentGuard Apple | <u>Agreed</u> ContentGuard Apple | 759/271 |

The following are ContentGuard and Amazon specific *limines*.

| LIMINE | PROPONENT | AGREED/ DISPUTED | Dkt. No., Page No. |
|---|---|---|---|
| ***INTER PARTES* REVIEWS, COVERED BUSINESS METHOD PROCEEDINGS, AND OTHER LITIGATIONS** | | | |
| **Amazon MIL 1:** All evidence of the proceedings in the Patent Trial and Appeal Board cases should be excluded. | Amazon | Disputed ContentGuard | Motion 760, 1 |
| **Amazon MIL 2:** ContentGuard should not be allowed to reference outcomes of previous trials in this case. | Amazon | Disputed ContentGuard | Motion 760, 3 |
| **EXPERT TESTIMONY** | | | |
| **Amazon MIL 3:** ContentGuard should not be allowed to argue that encryption keys are usage rights. | Amazon | Disputed ContentGuard | Motion 760, 4 |
| **Amazon MIL 4:** ContentGuard should not be allowed to argue that Amazon's devices are "capable" of infringement or "take steps" towards infringement. | Amazon | Disputed ContentGuard | Motion 760, 6 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion to the "win/loss" record of the parties' expert witnesses, what percentage of the time the juries agreed with an expert in other cases. | ContentGuard Amazon | Agreed ContentGuard Amazon | 759/271 |
| **NON-EXPERT TESTIMONY** | | | |
| **Amazon MIL 6:** ContentGuard should not be allowed to offer testimony, beyond that of its designated 30(b)(6) witness, about what was new and non-obvious about the alleged invention. | Amazon | Disputed ContentGuard | Motion 760, 9 |
| **Amazon MIL 8:** ContentGuard should not be allowed to offer evidence about conception or reduction to practice before the claimed priority date. | Amazon | Disputed ContentGuard | Motion 760, 12 |

| PRE-SUIT COMMUNICATIONS, SETTLEMENT OFFERS & NEGOTIATIONS | | | |
|---|---|---|---|
| **Amazon MIL 5:** ContentGuard should not be allowed to argue that citing its website in pre-suit communications provides notice of specific patents. | Amazon | Disputed ContentGuard | Motion 760, 8 |
| LICENSE AGREEMENTS & NEGOTIATIONS | | | |
| **Amazon MIL 7:** ContentGuard should not be allowed to offer evidence about current licensing negotiations | Amazon | Disputed ContentGuard | Motion 760, 11 |
| REVENUES, PROFITS, INTEREST, COSTS & BUSINESS CONSIDERATIONS | | | |
| The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding the amount of legal fees and expenses that the parties have incurred in this litigation, except for payments to consultants and experts. | ContentGuard Amazon | Agreed ContentGuard Amazon | 759/271 |
| NATIONALITY, RESIDENCY, RELIGION  & ALLEGED PEJORATIVE TERMS | | | |
| **Amazon MIL 10:** ContentGuard should not be allowed to reference where counsel lives or work. | Amazon | **AGREED** ContentGuard | 760, 13 |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning the religious beliefs, political convictions, and sexual preference or orientation of witnesses and counsel. | ContentGuard Amazon | Agreed ContentGuard Amazon | 759/271 |
| TRIAL PRESENTATION | | | |
| **Amazon MIL 9:** ContentGuard should not be allowed to make inflammatory statements about the "clear and convincing" evidence standard. | Amazon | Disputed ContentGuard | Motion 760, 12 |
| COURT RULINGS & ATTORNEY ARGUMENT | | | |
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding the filing, contents, and rulings of any motions *in limine* or other motions and rulings in this case except the Court's claim construction order. | ContentGuard Amazon | Agreed ContentGuard Amazon | 759/271 |

16

| DISCOVERY | | | |
|---|---|---|---|
| The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning the parties' production of documents and sufficiency thereof. | ContentGuard Amazon | Agreed ContentGuard Amazon | 759/271 |

Dated:  July 26, 2015

Respectfully submitted,


_____/s/ Sam Baxter_____

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
David R. Dehoney
ddehoney@mckoolsmith.com
Dana Vallera
dvallera@mckoolsmith.om
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Holly E. Engelmann
hengelmann@mckoolsmith.com
Seth R. Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:   (214) 978-4004

**ATTORNEYS FOR CONTENTGUARD
HOLDINGS, INC.**

Dated:  July 26, 2015                         Respectfully submitted,

                                              */s/ Jennifer H. Doan* (with permission)

                                              Jennifer H. Doan
                                              State Bar No. 08809050
                                              jdoan@haltomdoan.com
                                              Haltom & Doan
                                              6500 Summerhill Road, Suite 100
                                              Texarkana, TX 75503
                                              (903) 255-1000
                                              Fax: (903) 255-0800

                                              ATTORNEY FOR AMAZON.COM, INC.

                                              */s/ Melissa Richards Smith* (with permission)

                                              Melissa Richards Smith
                                              State Bar No. 24001351
                                              melissa@gillamsmithlaw.com
                                              Gillam & Smith, LLP
                                              303 South Washington Avenue
                                              Marshall, TX 75670
                                              (903) 934-8450
                                              Fax: (903)-934-9257

                                              ATTORNEY FOR APPLE INC.

                                              */s/ J. Mark Mann* (with permission)

                                              J. Mark Mann
                                              State Bar No. 12926150
                                              Mark@TheMannFirm.com
                                              MANN, TINDEL, THOMPSON
                                              300 West Main Street
                                              Henderson, Texas 75652
                                              (903) 657-8540
                                              Fax:  (903) 657-6003

                                              ATTORNEY FOR GOOGLE INC.

*/s/ Michael E. Jones* (with permission)

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
(903) 597-8311
Fax: (903) 593-0846

ATTORNEY FOR SAMSUNG ELECTRONICS
CO., LTD.; SAMSUNG ELECTRONICS
AMERICA, INC.; SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on July 26, 2015.  Local Rule CV-5(a)(3)(A).

<div align="right">

*/s/ Holly Engelmann*
Holly E. Engelmann

</div>