# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the briefing on Plaintiff ContentGuard Holdings, Inc.'s Motion to Enforce the Court's Order Precluding Apple Inc.'s Reliance on the Intertrust VDE System and to Preclude Expert Testimony Concerning Certain Alleged Non-Infringing Alternatives (Dkt. No. 667.) On July 29, 2015, the Court held a hearing on the Motion. Having considered the briefing and heard argument, the Court hereby **GRANTS** ContentGuard's Motion for the reasons set forth below.

## BACKGROUND

Earlier in the case, Apple moved for leave to amend its invalidity contentions to include material on Intertrust's VDE system. During an April 28, 2015 hearing, having heard argument and reviewed the briefing, the Court denied Apple's motion for leave to amend its invalidity contentions to include additional materials on an Intertrust VDE reference and stated:

> With regard to Apple's motion to amend its invalidity contentions, the Court is persuaded that at this late date, whatever the reasons are that we're here at this late date, we are at this late date. And to allow that amendment would in and of itself create prejudice to the Plaintiff in preparing a defense at this late date. And the Court has real questions about the degree of diligence exercised by Apple previously which goes directly to the issue of why the timing is so late in the case, and consequently that late timing gives rise in and

> of itself to a prejudicial effect. For those reasons, the Court is
> going to deny Apple's motion to amend its invalidity contentions.

(Dkt. No. 577 44:5-16.) Approximately two weeks later, on May 14, 2015, Apple filed an 82 page expert report by Dr. Somesh Jha—styled as a declaration—on invalidity of the patents-in-suit based on the VDE system (hereinafter "First Jha Report") as an "offer of proof" on the Motion to Amend Invalidity Contentions that the Court had denied. (Dkt. No. 604.) Approximately two weeks after that, on May 29, 2015, Apple served a 41 page expert report by Dr. Jha (hereinafter "Second Jha Report"). Though there were some differences in formatting, such as reordering paragraphs and moving sentences into new paragraphs, the Second Jha Report, substantially, contained identical content to the First Jha Report. Despite having substantially identical content to the First Jha Report that addressed invalidity and the VDE system, the Second Jha Report was ostensibly styled as a report on the invention dates of Intertrust's VDE patents.[1]

Apple asserts that it has two non-infringement experts, Dr. Jha and Dr. John Kelly. (Resp. at 2.) Apple asserts that "the expert reports by Drs. Kelly and Jha concern non-infringement and non-infringing alternatives, not invalidity, and thus, they are unrelated to the Court's denial of Apple's motion to amend its invalidity contentions." (Resp. at 3.) ContentGuard's moves to preclude the Second Jha Report on the grounds that it improperly evades the Court's earlier ruling. ContentGuard also moves to exclude Dr. Jha's report and portions of Dr. Kelly's report on the grounds that they offer opinions on non-infringement that were not timely disclosed.

---

[1] The First Jha Report also contained opinions on invention dates. In fact, the First Jha Report contained sections such as Invention Date; Reduction to Practice; Diligence; and Lack of Abandonment, Suppression, or Concealment that appear to be identical to those in the Second Jha Report.

# ANALYSIS

At the Court's July 29, 2015 hearing (hereinafter "the Hearing"), Apple admitted that ContentGuard had served an interrogatory asking Apple to "identify and describe all acceptable noninfringing alternatives." In answering that interrogatory, Apple did not list Intertrust's systems as a non-infringing alternative. Apple's response was that, while it did not answer that Intertrust was a non-infringing alternative, it did, at the same time, disclose Intertrust in an answer to a different interrogatory regarding Apple's licenses. In other words, Apple's theory is that ContentGuard should have inferred, from the interrogatory answer disclosing the Intertrust license, that Apple would later raise the Intertrust system as a non-infringing alternative despite Apple's simultaneous omission of Intertrust from an interrogatory specifically asking about non-infringing alternatives. The Court finds, having considered the evidence presented in the briefing and at the hearing, that Apple provided no meaningful explanation of its omission and no showing of cause sufficient to balance the clear prejudice that would result at this point. The Court finds this basis alone to be sufficient to **GRANT** ContentGuard's Motion as to the exclusion of Dr. Jha's report and portions of Dr. Kelly's report regarding Intertrust (detailed below) and non-infringement. Though the Court does not analyze them in-depth, the remaining grounds in ContentGuard's Motion also appear to be persuasive grounds to exclude this same material.

The Court finds it to be significant that the Second Jha Report is almost entirely comprised of content that is substantively identical to that found in the First Jha Report, which Apple explicitly acknowledged was directed to what the Court had excluded. At the Hearing, Apple's counsel asserted that the two reports contained "different material," but, when pressed, Apple's counsel admitted that the Second Jha Report did include the "same documents" the Court had previously excluded. It is therefore unmistakably clear to the Court that the

substance—the documents and opinions—of the two reports substantially overlaps even if Apple characterizes the reports differently. Apple knew of the Court's ruling; of the overlap in the reports; and that both reports referenced material the Court had excluded and did not seek the Court's leave. On balance, it appears that ContentGuard's characterization of the Second Jha Report is likely correct: it is an attempt to repurpose evidence and argument that the Court had previously ruled was excluded.

ContentGuard's Motion also raises issues concerning Apple's use of Cloakware. At the hearing, ContentGuard stated that it was not seeking to exclude the Cloakware license from the case. ContentGuard similarly stated that it was not seeking to exclude challenges to the Nguyen/Chen patents based on the Ginter patents.

## CONCLUSION

For the reasons set forth above, Plaintiff ContentGuard Holdings, Inc.'s Motion to Enforce the Court's Order Precluding Apple Inc.'s Reliance on the Intertrust VDE System and to Preclude Expert Testimony Concerning Certain Alleged Non-Infringing Alternatives (Dkt. No. 667) is **GRANTED**. Dr. Jha's opinion and his report—the Second Jha Report—are hereby excluded. Dr. Kelly's opinions concerning the VDE system and non-infringement are also hereby excluded, specifically including ¶¶ 573, 576-77, 626-631 of Dr. Kelly's report. The portion of the first sentence of ¶ 622 of Dr. Kelly's report stating "which predated the work performed by Xerox's own Mark Stefik that led to ContentGuard's patents-insuit" is also accordingly struck. The Court's intention in striking these specific paragraphs is to exclude those portions of Dr. Kelly's report that either offer opinions on Intertrust's VDE system as a non-infringing alternative or rely upon Dr. Jha's report.

**So ORDERED and SIGNED this 3rd day of August, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE