**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| CONTENT GUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-CV-61-JRG |
| | § | |
| GOOGLE, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Joint Renewed Motion for Judgment on the Pleadings Declaring

All Asserted Patent Claims Invalid Pursuant to 35 U.S.C. § 101 (Dkt. No. 539) ("Motion") filed

by Defendants Motorola Mobility, LLC, Amazon.com, Inc., Apple Inc., Huawei Technologies

Co., Ltd., Huawei Device USA, Inc., HTC Corp., HTC America, Inc., Samsung Electronics Co.,

Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

(collectively, "Defendants").  Plaintiff ContentGuard Holdings, Inc. ("ContentGuard") filed a

Response in Opposition to the Motion (Dkt. No. 597) ("Response").  For at least the reasons

stated below, the motion is **DENIED**.

## I.        Background

On December 18, 2013, ContentGuard filed suit against Amazon, Apple, Blackberry, Huawei, and Motorola Mobility asserting claims of patent infringement of the patents in this suit. (Dkt. No. 1).  On January 17, 2014, ContentGuard filed an amended complaint also bringing suit on the same patents against HTC and Samsung.  (Dkt. No. 22).

Defendants Motorola and Amazon each separately filed motions requesting dismissal pursuant to 35 U.S.C. § 101.  (Dkt. Nos. 298 and 390).  The Court held a Markman hearing on February 6, 2015, and issued a 144-page Claim Construction Order on March 20, 2015.  The Court then, on April 9, 2015, denied Defendants' pending § 101 motions without prejudice to re-filing, and directed that the parties re-brief the issue in accordance with the Court's Claim Construction Order.  On April 24, 2015, Defendants filed this Joint Motion to Dismiss on the Pleadings Under Federal Rule of Civil Procedure ("F.R.C.P.") 12(c) re-raising the § 101 issue. Because both Defendants and Plaintiff submitted evidence outside the scope of what can properly be considered under F.R.C.P. 12(c)[1], pursuant to Rule 12(d), the Court converted the motion to a motion for summary judgment under F.R.C.P. 56.  (Dkt. No. 669).  The Court heard oral argument from the parties on July 29, 2015.

ContentGuard has asserted the following twenty claims from six related patents issued to Mark Stefik: Claims 1, 3, 6, 8, 11, and 13 from U.S. Patent No. 8,393,007 ("the '007 patent"); Claims 1, 7, and 13 from U.S. Patent No. 8,370,956 ("the '956 patent"); Claims 1 and 8 from U.S. Patent No. 7,523,072 ("the '072 patent"); Claims 18, 21, and 34 from U.S. Patent No. 7,269,576 ("the '576 patent"); and Claims 1, 21, and 58 from U.S. Patent No. 6,963,859 ("the '859 patent") (collectively, the "Stefik Patents").  ContentGuard has also asserted the following five claims from two related patents issued to Mai Nguyen: Claims 1 and 5 of U.S. Patent No.

---

[1] *See, e.g.*, (Mot., Ex. 3, Dkt. 539-3; Resp., Ex. 6, Dkt. No. 597-6.)

7,774,280 ("the '280 patent"); and Claims 1, 3, and 5 from U.S. Patent No. 8,001,053 ("the '053 patent") (collectively, the "Nguyen Patents").

At a high level, the Stefik Patents are generally directed toward systems and methods for controlling the use and distribution of digital works in accordance with "usage rights" through the use of "trusted" systems. *See* claim 1 of the '007 Patent ("sending the digital content . . . to the at least one recipient computing device only if the at least one recipient device has been determined to be trusted"). The Court construed "trusted" to require that three types of "integrities"—physical, communication, and behavioral—be maintained. *See* (Dkt. No. 459, at 15). Similarly, the Nguyen Patents are generally directed toward systems and methods for controlling the use and distribution of digital works in accordance with "usage rights"—and more particularly, "meta-rights"—through the use of "trusted" systems.

Defendants contend that the above claims are directed to patent-ineligible subject matter and therefore are invalid under 35 U.S.C. § 101. More specifically, Defendants argue that the Stefik Patents address nothing more than the "abstract idea of enforcing usage rights and restrictions on digital content." (Motion at 8). Similarly, Defendants argue that the Nguyen Patents address nothing more than the "abstract idea of enforcing sublicensing rights and restrictions (which the patents name 'meta-rights') on digital content." (Motion at 28).

## II. LEGAL STANDARD

### A. Summary Judgment Under Rule 56

Federal Rule of Civil Procedure 56(c) authorizes a Court to grant summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." A party moving for summary judgment can satisfy its initial burden of establishing its right to judgment by showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).

3

### B.      Patent Eligibility under 35 U.S.C. § 101

35 U.S.C. § 101 provides that:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

In deciding *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014) ("*Alice*"), the Supreme Court addressed a series of cases concerning the patent eligibility of software claims under 35 U.S.C. § 101.  *See Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013) ("*Myriad*"); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012) ("*Mayo*"); *Bilski v. Kappos*, 561 U.S. 593, 130 S. Ct. 3218 (2010) ("*Bilski*").  In *Alice*, the Court reiterated that the right of inventors to obtain patents, as codified in § 101, "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." 134 S. Ct. at 2354 (citing *Myriad*, 133 S. Ct. at 2116).

In determining whether to apply this exception under § 101, courts "must distinguish between patents that claim the 'buildin[g] block[s]' of human ingenuity and those that integrate the building blocks into something more, thereby 'transform[ing]' them into a patent-eligible invention." *Alice*, 134 S. Ct. at 2354. To make that distinction, courts apply a two-step test originally articulated in *Mayo*, and reaffirmed in *Alice*.  This test requires the Court to "determine whether the claims at issue are directed to one of those patent-ineligible concepts," *e.g.*, an abstract idea. *Id.* at 2355.  If the challenged claims satisfy this "ineligible concept" step, the court must then "determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application."  *Id.* (quoting *Mayo*, 132 S. Ct. at 1296–97).   In this second, "inventive concept" step, the Court considers the elements of each claim both individually and "as an ordered combination" in order to determine if an element or combination

of elements within the claims are "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.*

The Federal Circuit has issued numerous opinions since *Alice* discussing the contours of the § 101 analysis in relation to computer-related patents. *See, e.g.*, *Intellectual Ventures I LLC v. Capital One Bank*, No. 2014-1506, 2015 WL 4068798 (Fed. Cir. July 6, 2015); *Internet Patents Corp. v. Active Network, Inc.*, No. 2014-1048, 2015 WL 3852975 (Fed. Cir. June 23, 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359 (Fed. Cir. 2015); *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343 (Fed. Cir. 2015); *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2015); *Ultramercial, Inc. v. Hulu*, 772 F.3d 709 (Fed. Cir. 2015); *buySafe, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2015); *Planet Bingo, LLC v. VKGS LLC*, 576 Fed. App'x. 1005 (Fed. Cir. 2015); *I/P Engine, Inc. v. AOL Inc.*, 576 Fed. App'x 982 (Fed. Cir. 2015); *Digitech Image Techs., LLC v. Elecs. For Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2015). The Court has considered these authorities and their application in this case.

## III.   DISCUSSION

In order to prevail on a § 101 challenge, the movant must show that the challenged claims first fail the "ineligible concept" step ***and*** then fail the "inventive concept" steps of the *Alice* test. In this case, Defendants contend the Patents-in-Suit fail both steps. For example, Defendants contend claim 1 of the '007 Patent fails the first step of the *Alice* test because it is directed to an abstract idea and "recites elements of a process that can be, and has been, performed by humans without computers." *See, e.g.*, (Motion at 8). Defendants also argue that claim 1 of the '007 Patent fails the second, "inventive concept" step because "[t]here is no inventive element that renders [it] patentable." *See, e.g.*, (Motion at 18).

After consideration of all the evidence and the arguments presented, the Court finds that the Patents-in-Suit are directed toward patent-eligible subject matter.  In particular, the Patents-in-Suit are not directed toward an abstract idea, at least because they are directed toward patent-eligible methods and systems of managing digital rights using specific and non-generic "trusted" devices and systems.  *See, e.g.*, (Response at 13 ("This is significant because it underscores that the subject matter of the Trusted Repository Patents is narrow, i.e., limited to devices that maintain physical, communications, and behavioral integrity, rather than all devices that are capable to receive content via the Internet.")).  Further, even *arguendo*, if the Court found that the patents are simply directed toward the "abstract idea of enforcing usage rights and restrictions on digital content" as Defendants propose, which it does not, the claim limitations, individually and "as an ordered combination," are sufficient to ensure that the Patents-in-Suit amount to "significantly more" than a patent simply on that abstract idea.  *See Alice*, 134 S. Ct. at 2355.  For example, the claims require that the "repository" be a "trusted system" which the Court construed as "maintain[ing] physical, communications, and behavioral integrity in the support of usage rights," in order to manage digital rights.  At the very least, the Patents-in-Suit disclose particular solutions for the problem of "enforcing usage rights and restrictions on digital content" that "(1) [do] not foreclose other ways of solving the problem, and (2) recite[] a specific series of steps that result[] in a departure from the routine and conventional" way of managing digital rights.  *Internet Patents Corp. v. Active Network, Inc.*, No. 2014-1048, 2015 WL 3852975, at *6 (Fed. Cir. June 23, 2015).

## IV.    CONCLUSION

Accordingly, Defendants' Motion for Judgment on the Pleadings and having been converted into a motion for summary judgment (Dkt. No. 539) is **DENIED**.  The Court will, at a

later date, supplement this order and the opinions herein with a more detailed analysis in regard to the above ruling.

    **So ORDERED and SIGNED this 6th day of August, 2015.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE