**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v, | § § | CASE NO. 2:13-CV-01112-JRG |
| AMAZON.COM, INC. | § § § | |
| *Defendant*. | § § | |
| CONTENTGUARD HOLDINGS, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v, | § § | CASE NO. 2:14-CV-00061-JRG |
| GOOGLE, INC. | § § § | |
| *Defendants*. | § | |

## ORDER REGARDING MOTIONS *IN LIMINE*

The Court held hearings on July 27, 2015, and September 1, 2015, regarding the motions *in limine* filed by Plaintiff ContentGuard Holdings, Inc. ("ContentGuard") (Dkt. No. 758 in the -1112 case; Dkt. No. 270 in the -61 case) and Defendants Amazon.com, Inc. (Dkt. No. 760 in the -1112 case), Apple Inc. (Dkt. No. 757 in the -1112 case), Google, Inc. (Dkt. No. 269 in the -61 case), and Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") (Dkt. No. 762 in the -1112 case), as well as the Joint Notice of Certain Agreements Regarding Motions in Limine (Dkt. No. 759 in the -1112 case; Dkt. No. 271 in the -61 case) and Joint Notice Regarding Motions in Limine (Dkt. No. 800 in the -1112 case; Dkt. No. 287 in the -61 case).  This Order, which supersedes

this Court's previous Orders on the Motions *in Limine* (Dkt. No. 819, 856), summarizes and memorializes the Court's rulings on these Motions:

**GRANTED Motions *in Limine* (in both cases):**

- The parties should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion to post-issuance USPTO proceedings (IPRs and CBMs) of ContentGuard's patents.

- Any reference regarding ContentGuard's claims against other defendants, or co-pending or subsequent trials in ContentGuard Holdings, Inc. v. Amazon, et Al., Case no. 2:13-cv-01112-JRG, ContentGuard Holdings, Inc. v. Google, Case No. 2:14-cv-0061-JRG and ContentGuard Holdings, Inc. v. DirecTV, LLC, Case No. 2:15-cv-00128, including but not limited to damages claims made against other defendants.

- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Defendant in unrelated legal proceedings or unrelated disputed matters between Defendant and any third party.

- ContentGuard is precluded from introducing any argument, testimony, insinuation, reference, or assertion suggesting "mass infringement" or suggesting a coordinated effort or conspiracy to infringe the patents-in-suit between Defendant and any third parties not in Defendant's trial. ContentGuard is **NOT** precluded from presenting argument, testimony, insinuation, reference, or assertion with regard to the impact on royalty rates that result from widespread use by non-licensed entities.

- ContentGuard is precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion (1) that Defendant had a duty to obtain opinion of counsel, or (2) speculating as to the results of any infringement opinion.
- ContentGuard is precluded from presenting any argument, evidence, testimony, insinuation, reference or assertion regarding communications or agreements between Defendant and other parties ContentGuard has accused of infringement, related to a joint defense group among various Defendants or as to post-suit coordinated efforts between various Defendants to develop an efficient defense in this case. ContentGuard is **NOT** precluded from presenting argument, evidence, testimony, insinuation, reference or assertion regarding pre-suit business communications or agreements.
- The parties shall not make any references to FRAND/RAND and/or arguments that ContentGuard has breached or would be breaching FRAND/RAND obligations through the damages demands it has made in this litigation.
- The parties shall not make any argument, evidence, testimony, insinuation, or reference that the scope of the asserted claims should be judged, or infringement decided, by comparing the accused devices/methods to any alleged non-prior art commercial embodiments or licensed embodiments of the patents-in-suit, including but not limited to OMA.
- The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding any license agreements not produced in this litigation.
- The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, or references to the possible consequences of a verdict in any

3

parties' favor, including the possible issuance of an injunction, an award of enhanced damages, an award of attorney's fees, or arguments that a verdict would result in (1) consumers paying more for devices; (2) the economy being negatively impacted; (3) an injunction or the method of use no longer being available for use; or (4) firings or layoffs.

- The parties shall not introduce any argument, evidence, or testimony referencing prejudgment interest.

- The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding the amount of legal fees and expenses that the parties have incurred in this litigation.

- The parties shall not make any argument, evidence, testimony, insinuation, reference, or assertion implying that ContentGuard or Pendrell are "patent trolls," "patent pirates," non-practicing entities, or other pejorative terms, or otherwise disparaging ContentGuard or Pendrell's business model.  Defendants are **NOT** precluded from a factual discussion of Plaintiff's business model.

- The parties shall not make any argument, evidence, testimony, insinuation, reference, or assertion concerning ContentGuard's move to Plano, Texas and the timing of that move.

- The parties shall not introduce any argument, evidence, testimony, insinuation, reference or assertion denigrating, disparaging, touting, exalting or commenting unnecessarily on the nationality or place of residence of a party or witness, or otherwise differentiating the nationality or place of residence of a party or witness from Texas or the United States. The nationality and/or residency of Samsung and its witnesses will not be identified or otherwise commented upon during opening statements or closing arguments.

- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning God or Jesus, the religious beliefs, political convictions, race, ethnicity, relative distance of witness or party residence to Texas or the United States, native language, and sexual orientation of the parties, witnesses and counsel.

- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding a witness' choice to testify in his or her native or chosen language.

- The parties shall not refer to the location of Apple's suppliers, manufacturers or assemblers, and any press concerning those entities, or any argument, evidence, testimony, insinuation, reference, or assertion concerning payment of taxes.

- The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding concerning the filing, contents, and rulings of any Motions in *Limine* (other than objections based on such rulings).

- The parties shall not make any reference or attempt to read or show to the jury any nonrelevant exchanges between counsel during depositions (including objections) for the reason that same are irrelevant and misleading. The parties shall eliminate all nonrelevant exchanges from the reading or showing of any depositions in this case; however, this applies only to deposition designations and not impeachments using depositions.

- The parties shall not make any reference, in whole or in part, to any discussion among counsel or discussion before the Court during a bench conference or during any hearing outside the presence of the jury.

- The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions concerning alleged deficiencies or failures

- in the parties' production of documents or other discovery (pursuant to any Federal or Local Rules concerning discovery) or litigation misconduct.
- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning the sufficiency of a parties' production of documents or information, or any other discovery disputes.
- ContentGuard is precluded from presenting any argument, evidence, testimony, or assertion as to a quantified and precise litigation multiplier or uncertainty discount; however, the general assertion that patents are treated as valid and infringed during the hypothetical negotiation as opposed to some risk of invalidity and/or noninfringement in a real world negotiation is allowed.  If ContentGuard wishes to present such argument, evidence, testimony, or reference, ContentGuard is **ORDERED** to approach the bench and advise the Court prior to such presentation.

**DENIED Motions *in Limine* (in both cases):**

- Improper expert opinions by Dr. Robert Kahn.
- ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion by Mark Stefik, Peter Pirolli, Ralph Merkle, or Eddie Chen regarding any differences between the alleged inventions in the asserted patents and the prior art.
- ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion (1) that Defendant did not investigate allegations of infringement, (2) that Defendant had a duty to investigate, or (3) speculating as to the results of any infringement investigation.

- Preclude ContentGuard from presenting argument, evidence or testimony suggesting or inferring infringement based on unasserted patents.
- ContentGuard should be precluded from introducing any evidence or argument that Defendant had notice of the patents-in-suit for purposes of willful infringement by any means other than actual notice of the patent numbers.
- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion about the personal use by ContentGuard, Pendrell, or its fact witnesses of the Accused Devices and Accused Apps.
- Any reference, argument, evidence, or testimony regarding claim constructions proposed by Defendants that are identified in ContentGuard's *Daubert* motions as differing from the constructions set forth in the Court's March 20, 2015 Claim Construction Memorandum Opinion and Order.  **However**, any reference, argument, evidence, or testimony regarding claim construction is subject to the restrictions set forth by the Court in the August 19, 2015 Memorandum Opinion and Order on Technical Expert *Daubert* Motions (Dkt. No. 850).
- Precluding ContentGuard's Experts from Offering Opinions at Trial Inconsistent with ContentGuard's Representations to the PTAB.
- Any argument, evidence, testimony or reference by any party to claims or defenses that have been withdrawn, unless such argument, evidence, testimony or reference is relevant to any claims or defenses that properly remain in the case or to any matter put in issue by a party. However, any party wishing to present such argument, evidence, testimony, or reference is **ORDERED** to approach the bench and advise the Court prior to such presentation.

- Presenting any argument, evidence, testimony, insinuation, reference, or assertion by ContentGuard as to the subject of communications covered by attorney-client privilege, including any argument, evidence, testimony, insinuation, reference, or assertion that speculates about the content of these privileged communications, or that that suggest to the jury that it do so. However, any party wishing to present such argument, evidence, testimony, or reference is **ORDERED** to approach the bench and advise the Court prior to such presentation.

**GRANTED Motions *in Limine* in the Google and Samsung case:**

- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding Dr. Teece's prior work for Samsung, per the parties' prior agreement.
- The parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion regarding (1) specific offers and counteroffers communicated between Samsung and ContentGuard or Pendrell including the fact that any such specific offer or counteroffer was made; (2) any oral or written agreements that may have been reached between Samsung and ContentGuard or Pendrell pre-litigation with respect to ContentGuard's patent portfolio; and (3) any defense or indemnification agreement(s) between Samsung and Google.
- The parties shall not introduce any reference, argument, or testimony regarding, or introduction into evidence of, the documents bearing bates numbers SAMS00120971 and SAMS00120972-74 and identified by Samsung as trial exhibits nos. DX-2243, DX-

2244, and DX-2245, as well as the documents identified by ContentGuard as trial exhibit nos. PX-744, PX-762 and PX-763.

- ContentGuard is precluded from introducing any evidence or argument regarding Samsung's total revenues and profits from sales of the accused products to the extent that such evidence or argument violates the constraints set forth in the Court's August 6, 2015 Memorandum Opinion and Order re Motions to Exclude Expert Damages Testimony (Dkt. No. 825).

- ContentGuard is precluded from introducing any evidence or argument regarding Samsung' size, market capitalization, or revenues and profits not derived from the accused products or services.

- ContentGuard is precluded from any argument, evidence, testimony, insinuation, reference, or assertion as to Google's or Samsung's market capitalization and revenues and profits not derived from the accused products or services.

**GRANTED-IN-PART and DENIED-IN-PART Motions *in Limine* in the Google and Samsung case, SUBJECT to the Court's Exhibit Rulings on August 7, 2015:**

- ContentGuard is precluded from introducing communications between Samsung and ContentGuard or Pendrell supporting or relating to offers and counteroffers made during the course of presuit settlement negotiations, including at least PX-0148 and related testimony.

**DENIED Motions *in Limine* in the Google and Samsung case:**

- ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion that Motorola Mobility LLC should be treated as the same entity as Google.

- ContentGuard should be precluded from presenting any argument, evidence, testimony, insinuation, reference, or assertion that it provided notice of its patents-in-suit or infringement allegations against Google Play to Google.

- ContentGuard should be precluded from introducing any evidence or argument regarding the license agreement between Intertrust Technologies ("Intertrust") and Samsung because the license was entered into under a threat of litigation.

**WITHDRAWN Motions** *in Limine* **in the Google and Samsung case:**

- ContentGuard should be precluded from introducing any evidence or argument related to alleged "notice of the infringement" under 35 U.S.C. § 287(a) that is not notice of the alleged infringement at issue in this case, i.e., infringement based on Google Play Books or Google Play Movies & TV.

**MOOT Motions** *in Limine* **in the Google and Samsung case:**

- The parties shall not introduce any reference, argument, or testimony regarding, or introduction into evidence of, the document bearing bates numbers CG-001300894-CG-001300909 and identified by Samsung as trial exhibit no. DX-2124.

**GRANTED Motions** *in Limine* **in the Apple case:**

- ContentGuard is precluded from presenting argument, evidence or testimony referencing any meetings or discussions between Apple and Xerox PARC related to mouse or graphical user interface technology developed by Xerox PARC.

- ContentGuard is precluded from presenting argument, evidence or testimony referencing (1) total revenues and profits from sales of the accused products and (2) Apple's overall size and wealth to the extent that such argument, evidence, or testimony violates the

constraints set forth in the Court's August 6, 2015 Memorandum Opinion and Order re Motions to Exclude Expert Damages Testimony (Dkt. No. 825).

- ContentGuard is precluded from presenting argument, evidence, or testimony regarding statements allegedly made by Steve Jobs to Walter Issacson. ContentGuard's experts, however, are **NOT** precluded from relying on statements allegedly made by Steve Jobs to Walter Issacson.

**DENIED Motions *in Limine* in the Apple case:**

- Preclude ContentGuard's experts from offering opinions construing contractual provisions in Apple's agreements with content providers.
- Preclude ContentGuard from presenting argument, evidence, or testimony concerning pre-suit communications between Apple and ContentGuard prior to the effective date of the non-disclosure agreement between Apple and ContentGuard.
- Preclude ContentGuard from presenting argument, evidence or testimony referencing any meetings or discussions between Apple and Xerox PARC unrelated to digital rights management.
- Preclude ContentGuard from presenting argument, evidence or testimony asserting that Usage Rules in Apple's contracts with content suppliers meet the 'meta-rights' or 'usage rights' claim limitations.
- Precluding ContentGuard from presenting argument, evidence, or testimony concerning pre-suit communications between Apple and ContentGuard after the effective date of the non-disclosure agreement between Apple and ContentGuard

**MOOT Motions *in Limine* in the Apple case:**

- Any reference, argument, or testimony regarding, or introduction into evidence of, the document bearing bates numbers CG-001300894-CG-001300909 and identified by Apple as trial exhibit no. AX-106 and by Amazon as trial exhibit no. A-30.

**So Ordered and Signed on this**

**Sep 3, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE