**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., § § *Plaintiff*, § § v. § AMAZON.COM, INC., et al., § § *Defendants*. § | § § § § § § § § § § § § § § § | Case No. 2:13-CV-1112-JRG |
| v. § § GOOGLE, INC., § § *Defendant*. § § | | Case No. 2:14-CV-61-JRG |

**SUBSTITUTE ORDER**

The Court's previous Order (Dkt. No. 896 in -1112, Dkt. No. 333 in -61) is withdrawn and this Order is substituted in its place. This Substitute Order is made due to the Court's inadvertent exclusion of ContentGuard's Exhibit No. PX-181 ("Amazon License").

The Court held a hearing on September 1, 2015 regarding outstanding motions and objections to exhibits by Plaintiff ContentGuard Holdings, Inc. ("ContentGuard") and Defendants Apple, Inc., Google, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Defendants").

This Substitute Order summarizes and memorializes the Court's rulings at that hearing:

(1) ContentGuard's *Daubert* Motion to Exclude Portions of the Reports and Testimony of Dr. John P.J. Kelly (Dkt. No. 692 in -1112, Dkt. No. 238 in -61) is **CARRIED**.

(2) ContentGuard's Emergency Motion for Protective Order regarding invention proposals (including drafts) prepared by Dr. Stefik for the legal department of ContentGuard's predecessor, Xerox Corporation's Palo Alto Research Center ("Xerox PARC") and documents summarizing meetings of the Xerox PARC technical advisory panels ("TAPs") is **GRANTED**. (Dkt. No. 478 in -1112, Dkt. No. 162 in -61.) After *in-camera* review, the Court finds that these documents are subject to attorney-client privilege. Accordingly, this motion is granted.

(3) Apple's objection regarding ContentGuard Exhibit No. PX-1171, "[Excerpts] from book titled 'Steve Jobs,' W. Isaacson, New York, Simon & Schuster Paperbacks," is **SUSTAINED**. ContentGuard is precluded from admitting into evidence the designated excerpts from the Isaacson biography of Steve Jobs.

(4) Apple's objection regarding ContentGuard Exhibit No. PX-1141, "Compilation of ContentGuard communications with Apple," and any pre-suit communications that are subject to any confidentiality or non-disclosure agreement between Apple and ContentGuard or its parent Pendrell Corporation, is **OVERRULED**. However, ContentGuard is **ORDERED** to redact such exhibits to the extent that they disclose the existence of the non-disclosure agreement. The parties may request that the Court seal the courtroom if testimony is presented that relates to the non-disclosure agreement.

(5) Apple's Motion for a Trial Setting is **TERMINATED AS MOOT** as the Court has already set the case for jury selection on September 14, 2015 and such motion is otherwise **DENIED**. (Dkt. No. 875 in -1112.)

(6) Defendants' Motion to Adopt Claim Construction Clarification as Part of Jury Instructions is **DENIED WITHOUT PREJUDICE**. (Dkt. No. 874 in -112, Dkt. No. 321 in -61.) The Court will consider relevant claim construction issues as they relate to final jury instructions at the appropriate time and as part of the Court's charge conference to be held after the close of evidence.

(7) Defendants' objection regarding admission of ContentGuard's Exhibit No. PX-181 ("Amazon License") is **OVERRULED**; PX-181 is pre-admitted as an exhibit. The Court **SUSTAINS** Defendants' objection to ContentGuard's Exhibit No. PX-182 ("Dozois Memorandum") and **DENIES** admission of the document as an exhibit.

(8) Furthermore, Apple's Emergency Motion to Compel Production of Documents in Response to ContentGuard's August 19, 2015 Production of the Dozois Memorandum, and Proposed Supplemental Teece Report is **DENIED AS MOOT** in light of the Court's ruling on PX-182. (Dkt. No. 869 in -1112.)

(9) Furthermore, ContentGuard's Motion for Leave to Supplement Expert Report is **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 857 in -1112, Dkt. No. 309 in -61.) ContentGuard may supplement Dr. Teece's expert report to the extent such supplementation is based on Dr. Teece's own analysis of the Amazon license. Dr. Teece, however, may not rely on or reference the Dozois Memorandum as part of such supplement.

(10) ContentGuard's Emergency Motion to Preclude Defendants from Relying on Certain Alleged Prior Art Combinations is **DENIED**. (Dkt. No. 863 in -1112, Dkt. No. 314 in -61.)

(11) Google's objections to ContentGuard's exhibits are:

    (a) **SUSTAINED** as to PX-0103 (1993 Article) and PX-0129 (USPTO Report to Congress). PX-0103 and PX-0129 are permitted for use by ContentGuard as demonstratives but will not be admitted as exhibits.

    (b) **SUSTAINED-IN-PART** and **OVERRULED-IN-PART** as to PX-0514 (Google's 2008 Annual Report). The Court admits as an exhibit only the pages designated CG-001625684 and CG-001625714. All other pages of PX-0514 are excluded.

    (c) **SUSTAINED-IN-PART** and **OVERRULED-IN-PART** as to PX-0635, PX-0642, PX-643 (notice/willfulness/privileged documents). These exhibits are pre-admitted *only* for use with Google's corporate representative in a way that does not call on the witness to testify on matters that would fairly prompt an assertion of the attorney-client privilege by Google. ContentGuard shall redact (i) any reference to the word "Waldorf" and (ii) agendas or references to agendas that are contained in these exhibits. These exhibits shall be used before the jury with regard to the issues of pre-suit knowledge and willfulness but not otherwise.

(12) Samsung's objections to ContentGuard's exhibits are:

    (a) **OVERRULED** as to PX-0733.015. It is pre-admitted without redactions.

    (b) **OVERRULED** as to PX-0733.053. It is pre-admitted without redactions.

    (c) **SUSTAINED** as to PX-0733.055. It is denied pre-admission as an exhibit.

  (d) **OVERRULED** as to PX-0148. It is pre-admitted for use by ContentGuard against Samsung, but it is not pre-admitted for use against either Google or Apple. The Court directs that ContentGuard must first approach the bench before publishing or otherwise using PX-0148 before the jury. The Court may instruct the jury as to its limited application pursuant to any bench conference.

(13) Apple's objections to ContentGuard's Exhibits are:

  (a) **SUSTAINED** as to AX-0353, -0347, -0364, -0365, -0366, and -0367. These exhibits are denied pre-admission as exhibits. The Court directs that ContentGuard must first approach the bench to obtain leave and instructions from the Court before using any of these exhibits for impeachment.

  (b) **OVERRULED-IN-PART** and **SUSTAINED-IN-PART** as to the "Triumph of the Nerds" Steve Jobs quote. This exhibit is neither excluded nor pre-admitted. This exhibit shall not be used before the jury or *venir* panel without prior leave of the court; accordingly, the Court directs that ContentGuard must first approach the bench to obtain leave and instructions before using this exhibit in open court.

(14) Google's Motion to Strike Portions of the Expert Report of Michael T. Goodrich That Contradict the Court's Claim Construction Opinion and Order is **DENIED**. (Dkt. Nos. 232, 254 in -61.) The Court notes, however, that Dr. Goodrich, like all experts, is bound by and confined to his report and he may be thoroughly cross-examined as to the basis of any of his disclosed opinions.

(15) The Court has already addressed the arguments raised by Apple regarding Dr. Teece's use of the Google Play App numbers in rendering his opinion of damages in the ContentGuard-Apple case and declines to reconsider its ruling on this issue. (Dkt. No. 825 in -1112.)  Thus, the Court **DENIES** Apple's request to strike the testimony and opinions of Dr. Teece on this basis.

(16) The Court reiterated to all parties that the non-prevailing party when an objection as to any expert exceeding the parameters of his/her report may be penalized, including reduction in allotted time for trial, opening or closing, as the Court deems proper and just. Such objections are by their very nature highly disruptive and should be lodged only when clear and compelling.

**So Ordered and Signed on this**

**Sep 4, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE