IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 2:13-CV-1112-JRG |
| AMAZON.COM, INC., et al., | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Continue Trial Date (Dkt. No. 962) ("Mot.") filed by Apple Inc. ("Apple"). Apple requests a continuance of the trial date until after the completion of post-trial briefing so that the "Court can both (1) enforce ContentGuard's stipulation and/or (2) enforce collateral estoppel rising from the Google trial judgment." (Mot. at 9.) Plaintiff ContentGuard Holdings, Inc. ("ContentGuard") opposes the Motion. (Dkt. No. 974) ("Opp."). For the reasons set forth below, the Motion is **DENIED**.

*First*, after consideration of the briefing by the Parties and after examination of the agreement from its own four corners, the Court finds that the stipulation in question[1] ("Verdict Stipulation") was not intended to apply to all defendants in the case and does not apply to Apple. This is particularly true when the cases involved systems that are dissimilar to the accused systems in the Google and Samsung trial. *See* (Dkt. No. 712, at 2.) In particular, the Court notes that the Joint Proposal for Separate Trials filed by the Parties herein contemplated three *separate* trials regarding direct infringement of the patents-in-suit: the Google-Samsung trial, the Apple

---

[1] "WHEREAS ContentGuard agrees to be bound by any verdict of invalidity or noninfringement in the trial against Google and Samsung (or any subsequent judgment)." (Dkt. No. 712, at 2.)

trial, and the Amazon trial. *See* (*id.* at 3, 14.) Further, the Joint Proposal explicitly states that Motorola, HTC, and Huawei (collectively, the "OEM Defendants") would be "bound by any findings of direct infringement as to any claim on which a verdict is delivered in the trial against Google and Samsung (or any subsequent judgment)." (*Id.* at 2.) Though the Verdict Stipulation may be inartfully drafted, based upon a reading of it giving effect to the entire context of the document itself and considering the related acts (such as the Joint Proposal), the Court finds that the Verdict Stipulation was intended to apply and does apply only as to the OEM Defendants and not to Apple.

*Second*, the Court finds that the issues in the Apple case are sufficiently disparate such that collateral estoppel does not arise out of the Google verdict of noninfringement. Apple argues that it "has asserted the same non-infringement positions that Google presented at trial and which were decided against ContentGuard." (Mot. at 1.) While the underlying Widevine technology that Google uses was found to not be infringing, there is no evidence to suggest that Apple uses that same Widevine technology. Though the cited noninfringement arguments may not be completely dissimilar, the operation of the Apple and Google systems are substantially different and this leads the Court to the conclusion that collateral estoppel does not apply. (Resp. at 1 ("Suffice it to say that the Widevine and FairPlay systems (1) were independently designed; (2) rely on different architecture; (3) use different source code; (4) are differently configured; (5) operate differently; and (6) are incompatible with one another.").)

Because the Court finds that the Verdict Stipulation only applies to the OEM Defendants and because the Court finds that the operation of the Google and Apple systems is sufficiently different such that collateral estoppel does not apply, the Court **DENIES** Apple's Motion to Continue Trial Date (Dkt. No. 962).

**So ORDERED and SIGNED this 2nd day of October, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE