IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Partial Reconsideration of the Court's Claim Construction Decision Based on Intervening Supreme Court Authority. (Dkt. No. 480.) Defendant Apple joined the motion on April 13, 2015. (Dkt. No. 490.) Also before the Court is the response of Plaintiff ContentGuard, Defendants' reply thereto, and Plaintiff's sur-reply thereto. (Dkt. Nos. 552, 581, 606.)

The Court held a hearing on this motion in conjunction with a hearing on various post-trial motions on September 1, 2015. (*See* Dkt. No. 901, 9/1/2015 Hr'g Tr.)

### BACKGROUND

This Court received claim construction briefing, and held a claim construction hearing on February 6, 2015. (Dkt. No. 423, 2/6/2015 Hr'g Tr.) The Court entered a Memorandum Opinion and Order on claim construction on March 20, 2015. (Dkt. No. 459.) In that Order, the Court held that the Patent Trial and Appeal Board's ("PTAB") prior construction of the term "repository" was not binding on this Court. (Dkt. No. 459 at 13.)

Defendant now moves for reconsideration of the above-mentioned Order in light of *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S. Ct. 1293 (2015), in which the Supreme Court

held that a trademark registration decision by the Trademark Trial and Appeal Board ("TTAB") gave rise to issue preclusion in subsequent litigation in a district court where both the TTAB and the district court applied the same legal standard for likelihood of confusion. *Id.* at 1306–07.

## LEGAL PRINCIPLES

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); accord *Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Only three grounds permit granting a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* at 331. Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Commc'ns. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

## ANALYSIS

First, the Supreme Court was clear in stating that the rule in *B&B Hardware*, even when applied in trademark matters, does not establish a *per se* rule of preclusion for trademark disputes between the same parties. *Id.* at 1306–09. This is a patent case and not a trademark case. Therefore, it is far from clear that the Supreme Court intended for its narrow holding in *B&B Hardware* to *per se* extend to patent proceedings involving different parties.

Second, the Supreme Court's analysis in *B&B Hardware* hinged on the fact that the legal standard of "likelihood of confusion" for purposes of registration before the TTAB was the same

standard as "likelihood of confusion" for purposes of infringement in the district court. *Id.* at 1307. Patent law, in contrast, dictates that the PTAB and the district courts use different standards for claim construction. *In re Cuozzo*, 778 F.3d 1271, 1282 (Fed. Cir. 2015). The PTAB uses the "broadest reasonable" construction. 37 C.F.R. § 42.100(b). In contrast, a district court must determine the "ordinary and customary" construction. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). Here, because the claim construction standards are different between the district court and the PTAB, *B&B Hardware* does not apply.

Further, to the extent that *B&B Hardware* is applicable in a case where the district court and administrative agency each apply a different standard, the Court disagrees with Defendants that the two constructions in this case create an "anomalous result." (Dkt. No. 480 at 6.)

The Court concludes that *B&B Hardware* does not warrant modification of the decisions and conclusions challenged by Defendants. Defendants have offered no other basis to warrant reconsideration of the Court's prior claim construction order. As a result, the Court rejects Defendants' request to modify the Court's claim construction rulings.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendants' Motion for Partial Reconsideration of the Court's Claim Construction Decision Based on Intervening Supreme Court Authority. (Dkt. No. 480.)

**So ORDERED and SIGNED this 14th day of October, 2015.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE