**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the carried portion of the Motion to Exclude Portions of the Reports and Testimony of Dr. John P.J. Kelly (Dkt. No. 692 ("Mot.")) filed by Plaintiff ContentGuard Holdings, Inc. ("ContentGuard") in regard to the allegation by ContentGuard that Defendant Apple Inc. ("Apple") relies on evidence that was not produced during the discovery process. For the reasons set forth below, the previously carried portion of the motion to strike is **GRANTED**.

## I.      BACKGROUND

The Court held a hearing on this motion on August 5, 2015. (Dkt. No. 827.) The Court carried ContentGuard's request to strike the portions of Dr. Kelly's report that rely on evidence which ContentGuard alleges was not produced during the discovery process, (Dkt. No. 850), and ordered the Parties to produce additional information on the issue, (Dkt. Nos. 835, 860, 885, 899). Thus, the Parties have submitted additional filings that have been considered by the Court prior to deciding on this issue.

## II.      LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to

determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the common nature of these factors direct the trial court to consider as its ultimate inquiry whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a [gatekeeper], a trial court must take care not to transform a *Daubert*

hearing into a trial on the merits") (quoting FED. R. EVID. 702 advisory committee note). Instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury so as to be appropriate for the jury's consideration. *See Pipitone*, 288 F.3d at 249–50. As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III.   DISCUSSION

The issue currently before the Court is whether Apple's expert, Dr. Kelly, relied on evidence that Apple properly and timely disclosed to ContentGuard. ContentGuard alleges that Dr. Kelly relies on source code for iTunes for Windows and Mac that was never properly disclosed to ContentGuard during the discovery process. (Mot. at 13–15.) Apple responds that it properly disclosed all source code, including the source code for iTunes on Windows and Mac, and that ContentGuard's failure to review this source code does not mean that Dr. Kelly's opinions should be stricken. (Dkt. No. 738 ("Resp."), at 12–15.)

In late 2014, Apple produced source code for the accused products. During the course of discovery, Apple also produced "correlation folders" for at least three categories of accused products (iPad Air, AppleTV, and iTunes Servers), which consisted of logical links to the various source code directories that comprised the products in question. (Dkt. No. 891, at 1–2.) In March of 2015, Apple produced a table compiling certain "correlation information," including the information allegedly provided in the "correlation folders," for the produced source code. (Mot. at 14; Resp. at 14.) During the course of briefing on the issue at hand, ContentGuard raised the issue of Apple's alleged failure to properly disclose its source code. *See* (Mot. at 13–15.)

The Court ordered Apple to produce the "correlation folder" information for iTunes on Windows and Mac on August 12, 2015, and for ContentGuard to respond to such submission. (Dkt. No. 835).   After reviewing the filings provided by the Parties, the Court struck both submissions as unresponsive to the Court's instructions and ordered the Parties to submit compliant documents.   (Dkt. No. 860.)   On August 26, 2015, after multiple rounds of briefing and pursuant to the Court's specific order (Dkt. No. 860), Apple provided the information for iTunes for Windows and Mac that was "equivalent to the 'correlation folder' information . . . that was produced for the iPad Air, AppleTV, and server code."   (Dkt. No. 865, at 1–2.)   Apple admits that this information for iTunes for Windows and Mac had never previously been produced in this "correlation folder" format prior to this filing.   (*Id.* at 3–4 ("Apple did not supply a 'correlation folder' to ContentGuard . . .").)

After considering all of the briefing and oral argument, the Court finds that Paragraphs 348–356, 367, 369–373, 380, 381, and 509 of Dr. Kelly's report must be stricken in view of the Apple's failure to produce the "correlation folders" for the iTunes source code for Windows and for Mac within the prescribed discovery period.   ContentGuard alleges that this information was necessary in order to fully and properly examine the source code for iTunes on Windows and Mac.   Further, it is undisputed that the information needed to create the "correlation folders" was in Apple's possession and, as evidenced by the "correlation folders" for iPad Air, AppleTV, and iTunes server code, that Apple knew how to create the corresponding "correlation folders" for iTunes on Windows and Mac.   Thus, the "correlation folders" for iTunes for Windows and Mac could have, and should have, been produced prior to the close of discovery.   Accordingly, the Court **GRANTS** Plaintiff's motion (Dkt. No. 692) as it pertains to the iTunes source code in the above cited paragraphs.

4

## IV.     CONCLUSION

Having considered all of briefing, the previously carried portion of ContentGuard's Motion to Exclude Portions of the Reports and Testimony of Dr. John P.J. Kelly (Dkt. No. 692) as to ContentGuard's allegation that Apple relies on evidence unrelated to the Representative Products is **GRANTED**.

**So Ordered and Signed on this**

**Nov 7, 2015**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE