**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc.,<br><br><div align="right">Plaintiff,</div><br>-against-<br><br>Google, Inc.<br><br><div align="right">Defendant.</div> | Civil Action No. 2:14-cv-00061-JRG<br><br>JURY TRIAL DEMANDED |
| ContentGuard Holdings, Inc.,<br><br><div align="right">Plaintiff,</div><br>-against-<br><br>Amazon.com, Inc., *et al.*<br><br><div align="right">Defendants.</div> | Civil Action No. 2:13-cv-01112-JRG<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF PETER ROOT IN SUPPORT OF DEFENDANT MOTOROLA MOBILITY LLC'S AGREED BILL OF COSTS

I, Peter Root, declare as follows:

1.     I am an attorney at the law firm of Kaye Scholer LLP and counsel of record for Defendant Motorola Mobility LLC ("Motorola") in *ContentGuard Holdings, Inc. v. Amazon.com*, Inc., et al, Case No. 13-01112.  I have personal knowledge of the facts in this declaration, and if called as a witness could and would testify competently thereto.

2.     On October 13, 2015, Judgment was entered in favor of Google and against Plaintiff ContentGuard Holdings, Inc. ("ContentGuard").  As stated in the Court's Judgment, the jury's finding of non-infringement of the patents-in-suit also applies to Motorola pursuant to prior stipulations between ContentGuard and Motorola.  (*See* Dkt. 989, ¶ 2.)  A copy of the Judgment

is attached hereto as <u>Exhibit 1</u>.  I submit this declaration in support of Motorola's Agreed Bill of Costs in this action, pursuant to 28 U.S.C. § 1924 and the Judgment entered in this case.

3.      The costs included in Motorola's Agreed Bill of Costs are based on my personal knowledge and Kaye Scholer's and Motorola's records.  I have reviewed Motorola's Agreed Bill of Costs, itemized statement, and invoices submitted herewith.  The items reflected in Motorola's Agreed Bill of Costs are supported by the exhibits and invoices submitted with the Agreed Bill of Costs.  The costs included in Motorola's Agreed Bill of Costs are correctly stated and were necessarily incurred by Motorola, and the services for which fees have been charged were actually and necessarily performed, in the case.

4.      On October 22, 2015, my colleague, Michelle Marek, sent by e-mail Motorola's proposed Bill of Costs, together with supporting itemization and invoices, to counsel for ContentGuard.  On October 28, 2015 and November 2, 2015, I and Ms. Marek had meet-and-confer discussions with counsel for ContentGuard – specifically, Radu Lelutiu (October 28 only), Daniel Hendler, and Rosemary Snider – regarding the proposed Bill of Costs.  On November 6, 2015, the parties, through their respective counsel (Ms. Marek and I for Motorola, and Mr. Hendler for ContentGuard), reached agreement regarding all costs included in Motorola's Bill of Costs, and the agreed-upon amounts are reflected in the Agreed Bill of Costs filed concurrently herewith.

5.      As confirmed during the meet-and-confer discussions, ContentGuard agreed that Motorola is entitled to recover the total amount of $10,317.19, which is itemized as follows:

      a.      <u>Deposition Transcripts</u>:   These costs are itemized in section I of Motorola's Itemized Costs, attached hereto as <u>Exhibit 2</u>, and true and correct copies of the

invoices reflecting these costs are attached hereto as <u>Exhibit 3</u>.  The costs in this category total $2,450.75.

b. <u>Witness Deposition Attendance</u>.  These costs are itemized in section II of Motorola's Itemized Costs, and are computed under the statutory rate of $40 per day of deposition.  These costs total $120.

c. <u>Document Conversion Costs</u>.  These costs are itemized in section III of Motorola's Itemized Costs.  Attached hereto as <u>Exhibit 4</u> are true and correct copies of the invoices reflecting costs for the conversion of documents from native to TIFF/PDF format for document productions to ContentGuard.  These costs total $5,300.82.

d. <u>Compensation Of Court Appointed Experts</u>:  This cost is itemized in section IV of Motorola's Itemized Costs.  Attached hereto as <u>Exhibit 5</u> is a true and correct copy of the invoice as well as a copy of the Court's Order (Dkt. No. 465) concerning amounts due to court-appointed technical consultant David Keyzer. The Court ordered the Defendants collectively to pay $19,564.93 for Mr. Keyzer's advisory services.  The total bill was split evenly among all Defendants, which amounted to a payment of $2,445.62 per Defendant, and Motorola paid $2,445.62 to Mr. Keyzer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on November 10, 2015, at Palo Alto, California.


    /s/ Peter E. Root
        Peter E. Root