```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF TEXAS
2                    MARSHALL DIVISION

3   CONTENTGUARD HOLDINGS, INC.  )(   Civil Docket No.
                                 )(   2:13-CV-1112-JRG
4                                )(   MARSHALL, TEXAS
    VS.                          )(
5                                )(
                                 )(   NOVEMBER 19, 2015
6   APPLE, INC.                  )(   4:21 p.m.

7                   TRANSCRIPT OF JURY TRIAL

8            BEFORE THE HONORABLE RODNEY GILSTRAP

9                UNITED STATES DISTRICT COURT

10  APPEARANCES:

11  FOR THE PLAINTIFF:          Mr. Samuel F. Baxter
                                Ms. Jennifer Truelove
12                              MCKOOL SMITH, PC
                                104 East Houston Street, Suite 300
13                              Marshall, Texas 75670

14                              Mr. Robert A. Cote
                                MCKOOL SMITH, PC
15                              One Bryant Park, 47th Floor
                                New York, New York 10036
16
                                Mr. Dirk D. Thomas
17                              MCKOOL SMITH, PC
                                1999 K Street, N.W., Suite 600
18                              Washington, DC 20006

19  APPEARANCES CONTINUED ON THE NEXT PAGE:

20  COURT REPORTER:             SHELLY HOLMES,CSR, TCRR
                                Official Court Reporter
21                              United States District Court
                                Eastern District of Texas
22                              Marshall Division
                                100 E. Houston, Suite 125
23                              Marshall, Texas  75670
                                (903) 923-7464
24
    (Proceedings recorded by mechanical stenography, transcript
25  produced on CAT system.)
```

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANT:        Mr. David T. Pritikin
                               Mr. Nathaniel C. Love
 3                             SIDLEY AUSTIN LLP
                               One South Dearborn St.
 4                             Chicago, Illinois 60603

 5                             Mr. Dave Anderson
                               Mr. Theodore W. Chandler
 6                             SIDLEY AUSTIN LLP
                               555 California St.
 7                             San Francisco, CA 94104

 8                             Ms. Melissa Smith
                               GILLAM & SMITH
 9                             303 South Washington Avenue
                               Marshall, Texas 75670
10
                               Mr. Bryan K. Anderson
11                             SIDLEY AUSTIN LLP
                               1001 Page Mill Road, Bldg. 1
12                             Palo Alto, CA 94304

13                             Mr. Jeffrey P. Kushan
                               Mr. Michael P. Franzinger
14                             SIDLEY AUSTIN LLP
                               1501 K Street, N.W.
15                             Washington, D.C. 20005

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2           (Jury out.)
 3           COURT SECURITY OFFICER:  All rise.
 4           THE COURT:  Be seated, please.
 5           All right.  Counsel, having previously met at
 6    length in chambers earlier this afternoon and having
 7    conducted as a part of that meeting an informal charge
 8    conference, I reviewed the joint -- jointly submitted
 9    proposed final jury instructions and verdict form with
10    counsel for both parties.
11           We discussed at length the competing proposals, as
12    well as new suggestions, and I, the Court, received direct
13    input from both sides as to those competing proposals.
14           I've considered those and weighed the discussion
15    in the informal charge conference and have subsequently
16    presented to counsel for both parties a revised final jury
17    instruction form and a revised verdict form which contains
18    what the Court believes is the appropriate charge and
19    verdict to be submitted to the jury in this case.
20           We'll now conduct a formal charge conference on
21    the record to allow each side to make and preserve any
22    objections they feel are appropriate in light of the changes
23    set forth in this revised jury charge and verdict form.
24           Just for simplicity, counsel, whoever is going to
25    speak on behalf of Plaintiff and Defendant, if you'd both go
```

1   to the podium and remain there.  My intent is to walk

2   through both documents on a page-by-page basis and hear

3   objections that might apply to each as we go through the

4   documents.

5           So if those persons will go to the podium, we'll

6   start with the final jury instructions.  And beyond the

7   cover page, we'll start with numbered Page 1.

8           Are there any objections from either party to

9   anything contained on Page 1 of the proposed and revised

10  final jury instructions?

11          MS. SNIDER:  No objection from Plaintiff.

12          MR. LOVE:  No objection from the Defendant.

13          THE COURT:  All right.  Going next to Page 2, are

14  there any objections?

15          MS. SNIDER:  No objection from Plaintiff.

16          MR. LOVE:  No objection from the Defendant.

17          THE COURT:  Going next to Page 3, are there

18  objections?

19          MS. SNIDER:  No objection from Plaintiff.

20          MR. LOVE:  None from the Defendant.

21          THE COURT:  Going then to Page 4, are there any

22  objections?

23          MS. SNIDER:  No objection from Plaintiff.

24          MR. LOVE:  No objection from the Defendant.

25          THE COURT:  Next turning to Page 5, are there any

1    objections?

2           MS. SNIDER:  Yes, Your Honor.

3           ContentGuard has an objection to the instruction:

4    If the evidence is equally weighted, then the preponderance

5    of the evidence burden has not been met.

6           ContentGuard objects because the sentence is

7    surplusage, and considered with the totality of the

8    paragraph and the jury charge, it nudges the jury to a

9    finding of equally weighted.

10          THE COURT:  All right.

11          MS. SNIDER:  It's never been given in a jury

12   instruction that I am aware of, including all the model

13   patent instructions, and I don't believe there was an

14   authority cited for its inclusion.

15          THE COURT:  And just so I'll be looking at the

16   same thing you're talking about, Ms. Snider, where on Page 5

17   do you find this?

18          MS. SNIDER:  On Page 5, it is the second full

19   paragraph -- the last sentence of the second full paragraph.

20          THE COURT:  Well, I'm not seeing it on the copy I

21   have in front of me.  Let me double-check another source.

22          MR. BRYAN ANDERSON:  Your Honor, there appears to

23   be a discrepancy between the PDF that was emailed to us --

24          THE COURT:  Maybe a pagination --

25          MR. BRYAN ANDERSON:  -- that we're looking at

1  right now, so we may need a few minutes to match up what

2  you're looking at, Your Honor.

3          MS. SNIDER:  I'm sorry, Your Honor.  We used a

4  printed -- printed a copy of the email.  If it changed after

5  that, I did not have the opportunity to print it.

6          THE COURT:  Well, let's -- let's -- let's see if

7  we can get on the same page.

8          MS. SNIDER:  All right.

9          THE COURT:  The page that I have numbered 5 starts

10  with a paragraph at the top that says:  ContentGuard has the

11  burden of proving willful infringement.  Is that the page

12  you're looking at?

13          MS. SNIDER:  Okay.  I -- on my page -- my copy,

14  it's on 5.  I will now use yours and object to Page 4 -- the

15  last paragraph on Page 4, the last sentence --

16          THE COURT:  Okay.

17          MS. SNIDER:  -- on Page 4.

18          THE COURT:  Now we're looking at the same thing.

19          All right.  That objection is overruled.

20          Is there anything else on Page 4?

21          MS. SNIDER:  Not from Plaintiff, Your Honor.

22          THE COURT:  From Defendant?

23          MR. LOVE:  Not from the Defendant.

24          THE COURT:  Then we'll go to Page 5.  Any

25  objections from either party here?

1           MR. LOVE:  Yes, Your Honor.

2           Apple intends to move for judgment as a matter of

3    law on willful infringement, and for the reasons set forth

4    there, would ask that any instruction on willful

5    infringement -- here it is.

6           ContentGuard has the burden of proving willful

7    infringement by clear and --

8           THE COURT:  You're going to need to speak up,

9    Mr. Love.

10          MR. LOVE:  ContentGuard has the burden of proving

11   willful infringement by clear and convincing evidence.  This

12   and the later instruction, willful infringement, we'd object

13   to those for the reasons set forth in our JMOL motion.

14          THE COURT:  Well, as I indicated to you in the

15   informal charge conference, this is prepared on an

16   assumption that none of the JMOLs will be granted.  Should I

17   grant your JMOL, I will adjust the charge accordingly.

18          MR. LOVE:  Thank you, Your Honor.

19          THE COURT:  But at this point, because I've not

20   ruled on the JMOLs, those issues are all included in the

21   charge as you have it.

22          Anything else on Page 5?

23          Then we'll go to Page 6.  Are there any objections

24   from either party on Page 6?

25          MS. SNIDER:  Plaintiff has no objections, Your

1    Honor.

2              MR. LOVE:  No objections from the Defendant.

3              THE COURT:  All right.  We'll go to Page 7.  Any

4    objections there?

5              MS. SNIDER:  Plaintiff has no objections to

6    Page 7.

7              MR. LOVE:  No objections from the Defendant to

8    Page 7.

9              THE COURT:  All right.  Turning then to Page 8,

10   are there any objections?

11             MS. SNIDER:  No objection to Page 8.

12             MR. LOVE:  No objection to Page 8 from the

13   Defendant.

14             THE COURT:  Turning then to Page 9, are there

15   objections from either party?

16             MS. SNIDER:  Plaintiff has no objection to Page 9.

17             MR. LOVE:  No objection from the Defendant.

18             THE COURT:  All right.  Next is Page 10.  Is there

19   any objection from either party as to Page 10?

20             MS. SNIDER:  Plaintiff has no objection to

21   Page 10.

22             MR. LOVE:  No objection from the Defendant.

23             THE COURT:  All right.  Turning then to Page 11,

24   is there objection?

25             MS. SNIDER:  There's no objection by Plaintiff to

Page 11.

       MR. LOVE:  For the Defendants, for the reasons to be set forth on the JMOL, understanding Your Honor's instruction, we would object to an instruction on infringement under the Doctrine of Equivalents.

       THE COURT:  All right.  That objection is overruled.

       Anything on Page 12, counsel?

       MS. SNIDER:  Your Honor, I think this is just a typo to which both parties agree.  On the second full paragraph, the second line to the issue of whether behavioral integrity exists on the iTunes servers, it should be plural.

       THE COURT:  Does Defendant agree with that change?

       MR. LOVE:  Yes, Defendant agrees.

       THE COURT:  I'll make that change.

       Anything else on Page 12?

       MS. SNIDER:  Nothing from Plaintiff.

       MR. LOVE:  Defendant would object to the instruction on inducement of infringement for the reasons set forth in our JMOL motion, again, understanding Your Honor's statement.

       THE COURT:  All right.  Objection is overruled.

       We'll turn now to Page 13.  Any objection from either party on this page?

1          MS. SNIDER:  Plaintiff has no objection.

2          MR. LOVE:  An objection, Your Honor, specifically

3     on the willful blindness portion of the inducement

4     instruction, No. 3 on Page 12 -- Part 3(b).  Apple would

5     object to the willful blindness instruction.

6          Apple also objects to the contributory

7     infringement instruction.  And I apologize.  That is first

8     mentioned on the previous page, Page 12.  For the reasons

9     set forth in our JMOL, we would object to any instruction on

10    contributory infringement.

11         THE COURT:  All right.  Those objections lodged by

12    the Defendant are overruled.

13         Anything else on Page 13?

14         If not, we'll turn to Page 14 of the --

15         MR. LOVE:  I apologize, Your Honor.

16         THE COURT:  I'm sorry?

17         MR. LOVE:  I would only note that when I said the

18    willful blindness instruction was in 3(b), it also continues

19    to the paragraph that immediately follows that.  I simply

20    wanted to note that.

21         THE COURT:  All right.  Counsel, I take your

22    objection as to the entire willful blindness instruction,

23    and it is overruled.

24         But for clarity of the record and the benefit of

25    the court reporter, you are going to have to speak up or

1  get -- raise that microphone up to where it's closer to

2  where you're speaking.

3          MR. LOVE:  I will, Your Honor.  Thank you.

4          THE COURT:  That helps.

5          All right.  I think we're next on Page 14 of the

6  final jury charge.  Are there objections from either party

7  here?

8          MS. SNIDER:  Plaintiff has no objections.

9          THE COURT:  Any objection from Defendant?

10          MR. LOVE:  As already noted, we object to the

11  instruction on willful infringement, but I understand Your

12  Honor's ruling.

13          THE COURT:  All right.  That's overruled.

14          Hearing nothing further, we'll turn to Page 15 of

15  the proposed final jury instructions.  Is there objection

16  here from either party?

17          Hearing nothing, we'll go --

18          MR. LOVE:  There's no objection from the

19  Defendant.

20          THE COURT:  All right.  Ms. Snider, does the

21  Plaintiff have -- Plaintiff have an objection on Page 15?

22          MS. SNIDER:  No, Your Honor.  Plaintiff has no

23  objection.

24          THE COURT:  Then we will go next to Page 16 of the

25  final jury charge.  Is there objection from either party?

1          MR. LOVE:  No objection from the Defendant.

2          MS. SNIDER:  Your Honor, Plaintiff objects to the

3  failure to exclude one of the patents from the obviousness

4  instruction, that is, Patent '053, Claim 1, as there is no

5  evidence that -- from which the jury could find that that

6  patent was obvious.

7          The instruction on obviousness tells the jury that

8  they have to determine whether a claimed invention is

9  obvious by looking at the scope and content of the prior art

10  and any differences between the prior art and the claimed

11  invention.

12          And the jury has not been -- has not received any

13  evidence on either of those two elements of obvious --

14  their -- their obviousness determination duty.

15          THE COURT:  Let me ask you, Ms. Snider, does the

16  Plaintiff intend to move for judgment as a matter of law in

17  this regard?

18          MS. SNIDER:  Yes, Your Honor.

19          THE COURT:  Well, as I've indicated to defense

20  counsel, these objections are subject to any JMOL rulings

21  and should the judgment -- motion for judgment as a matter

22  of law under Rule 50(a) of the Federal Rules of Civil

23  Procedure be granted, I'll make whatever corresponding

24  adjustment to the charge results from the action on that

25  motion.

1          But prior to those motions being ruled on, matters

2    that might otherwise be covered under the parties'

3    respective Rule 50(a) motions are included in the charge.

4          So with that explanation, your objection is

5    overruled.

6          MS. SNIDER:  Thank you, Your Honor.  I understand.

7          THE COURT:  All right.  Anything else on Page 16,

8    counsel?

9          MR. LOVE:  Not from the Defendant.

10         THE COURT:  Anything else from the Plaintiff on

11   Page 16?

12         MS. SNIDER:  No, Your Honor.

13         THE COURT:  Then we'll move to Page 17.  Any

14   objections from either party there?

15         MR. LOVE:  None from the Defendant.

16         MS. SNIDER:  None from the Plaintiff.

17         THE COURT:  All right.  Moving then to Page 18,

18   are there objections from either side?

19         MR. LOVE:  Not from the Defendant.

20         MS. SNIDER:  Not from the Plaintiff.

21         THE COURT:  All right.  Turning to Page 19, are

22   there objections?

23         MS. SNIDER:  Not from the Plaintiff, Your Honor.

24         MR. LOVE:  Not from the Defendant.

25         THE COURT:  I'll note for the record, counsel, at

1    the end of Subpart 10 on the lower portion of Page 19, at

2    the end of that line, there's a stray bracket that's there.

3    I'll delete that just as a matter of typographical

4    correction.

5            Other than that and hearing no further objections,

6    we'll move to Page 20.  And I'll ask if there are objections

7    from either party as to anything on Page 20 of the final

8    jury instructions.

9            MR. LOVE:  Not from the Defendant.

10           MS. SNIDER:  Not from the Plaintiff.  But if I

11   may, Your Honor, turn to Page 19?

12           THE COURT:  All right.

13           MS. SNIDER:  The second to last -- last paragraph,

14   it begins:  If and only if you find that Apple infringed any

15   claim of the asserted patents and such claim is not invalid,

16   then you must consider what amount of damages, if any, to

17   award to ContentGuard.

18           THE COURT:  Yes.

19           MS. SNIDER:  And we -- ContentGuard objects to the

20   inclusion of "if any," based on the further instruction on

21   the last paragraph "the damages you award must be adequate

22   to compensate ContentGuard for the infringement you find,"

23   as we object that they are inconsistent because they

24   indicate the jury could decide not to award damages, even

25   though there was infringement and no invalidity.

```
 1              THE COURT:  All right.  Well, I'll omit the words
 2    "if any" from the second line of the paragraph beginning,
 3    "if and only if," in light of your objection.
 4              Anything else on Page 19?
 5              Quite honestly, having added "if and only if" at
 6    the beginning, the additional "if any" makes it awkward to
 7    read anyway.
 8              MS. SNIDER:  Yes, Your Honor.
 9              THE COURT:  All right.  I'll grant that objection.
10              MS. SNIDER:  Thank you.
11              THE COURT:  All right.  We'll go back to Page 20.
12    Are there any objections here?
13              I believe I heard none from the Defendant.
14              MR. LOVE:  I -- I apologize, Your Honor, I may
15    have missed one in translating this over.
16              On Page 20, Defendant objects to the second
17    sentence of the fourth full paragraph:  However, if you find
18    that Apple has infringed any valid claim of the patent,
19    ContentGuard is entitled to recover no less than a
20    reasonable royalty for each infringing sale or use of its
21    inventions by Apple.
22              We'd object to the extent that that suggests that
23    a royalty should be metered by the sales or uses of our
24    products, as opposed to a lump sum or another form of
25    royalty.
```

1          THE COURT:  All right.  That objection is

2   overruled.

3          And if you're going to read sections like that,

4   Counsel, please read them a little slower so that the court

5   reporter can keep up with you.

6          MR. LOVE:  I'll do that, Your Honor.  Thank you.

7          THE COURT:  All right.  We'll move on from

8   Page 20, then, to Page 21.  Are there objections from either

9   party here?

10          MR. LOVE:  Yes, Your Honor.

11          Defendant would object to the inclusion of

12   Georgia-Pacific Factor -- the one that is numbered 6 at the

13   bottom of Page 21.

14          THE COURT:  All right.  That objection is

15   overruled.

16          Anything from the Plaintiff on Page 21?

17          MS. SNIDER:  No, Your Honor.  No objection.

18          THE COURT:  Then we'll turn next to Page 22.  Are

19   there objections here?

20          MR. LOVE:  Yes, Your Honor.

21          Defendant would object to the inclusion of the

22   Factor No. 8 at the top of Page 22.

23          THE COURT:  All right.  That objection is

24   overruled.

25          Any other objections on Page 22?

1          MS. SNIDER:  Your Honor, the Plaintiff has an

2     objection beginning at -- beginning on Page 22:  For

3     purposes of determining a reasonable royalty, you may

4     consider whether, at the time of the hypothetical

5     negotiation, Apple had non-infringing alternatives to taking

6     a license from ContentGuard.

7          We object because it's an incomplete and therefore

8     inaccurate statement of the law as it does not instruct the

9     jury that the non-infringing alternative must be available

10    and that it must be acceptable and -- commercially

11    acceptable, and we further object that there is no evidence,

12    which will be included in our JMOL.

13         THE COURT:  All right.  Just for completeness,

14    does Defendant have any objection on Page 22 or carrying

15    over to Page 23?

16         MR. LOVE:  No objection to that passage from

17    Defendants.

18         THE COURT:  All right.  Well, the Plaintiff's

19    objection is overruled.

20         Does Defendant or Plaintiff have any additional

21    objection to anything on Page 23?

22         MS. SNIDER:  Plaintiff has none, Your Honor.

23         MR. LOVE:  Yes, Your Honor.  I apologize for just

24    a second.

25         I need to find where I have this -- at the top of

1    Page 23 -- at the end of the paragraph on Page 23,

2    Content -- Apple would propose adding the following

3    language:  ContentGuard is not entitled to capture as part

4    of a reasonable royalty the value of the features of Apple's

5    products that are not covered by ContentGuard's patents.

6            THE COURT:  All right.  That objection is

7    overruled.

8            Anything else on Page 23?

9            MS. SNIDER:  Plaintiff has none.

10           THE COURT:  Anything further from Defendant on

11   Page 23?

12           MR. LOVE:  Yes, Your Honor. I apologize.  The

13   second full paragraph that begins "accordingly --"

14           THE COURT:  Yes.

15           MR. LOVE:  -- following -- at the end of that

16   first sentence, it ends:  Apple's accused products.  We

17   would propose inserting:  Comma, not on the products

18   themselves.

19           I apologize.  I was referring to a paragraph on

20   the other printout we have.  It is still the second full

21   paragraph, the sentence beginning "accordingly."

22           THE COURT:  No.  I see where you are, Counsel.

23           MR. LOVE:  Thank you.

24           THE COURT:  I see where you are.  And having

25   considered your addition, I overrule the objection.  The

1   sentence will stay as is.

2          Anything else on this page?

3          If not, we'll turn to Page 24 of the final jury

4   instructions.  Any objections from either party here?

5          MS. SNIDER:  Your Honor, the Plaintiff has none.

6          MR. LOVE:  No objection from the Defendant.

7          THE COURT:  All right.  Page 25?

8          MS. SNIDER:  Your Honor, the Plaintiff has none.

9          THE COURT:  All right.

10         MR. LOVE:  Yes, Your Honor.

11         Here would be the place where we would object and

12  propose the two instructions that were set forth in the

13  filing, the one that Apple proposed entitled License and the

14  instruction entitled Copyright Restrictions on Digital

15  Content.  The content of those proposals were set forth in

16  the proposals filed with the Court.

17         THE COURT:  The Court's well familiar with those.

18  They were discussed at length in the informal charge

19  conference, and those suggested by the Defendant, the Court

20  has elected not to include them in the final jury charge,

21  and your objection is overruled.

22         MR. LOVE:  Thank you, Your Honor.

23         THE COURT:  All right.  We'll turn now to Page 26

24  of the final jury instructions.  Any objections here?

25         MS. SNIDER:  Plaintiff has no objections, Your

1    Honor.

2           MR. LOVE:  No objection from the Defendant.

3           THE COURT:  All right.  And then turning to

4    Page 27, which is the last page, are there objections from

5    either party?

6           MS. SNIDER:  The Plaintiff has no objection, Your

7    Honor.

8           MR. LOVE:  No objection from the Defendant.

9           THE COURT:  All right.  Counsel, we'll next turn

10   to the verdict form.  The first page includes the style and

11   number of the case.  Are there any objections to the first

12   page or the front page of the verdict form from either

13   party?

14          MR. LOVE:  No objection from the Defendant.

15          MS. SNIDER:  No objection from the Plaintiff.

16          THE COURT:  Turning to Page 2 of the verdict form,

17   wherein I find Question 1, is there an objection from either

18   party?

19          MR. LOVE:  Yes, Your Honor.  There's an objection

20   from the Defendants.

21          First, as proposed in Apple's verdict form, Apple

22   requests findings from the jury on both direct, indirect,

23   and infringement under the Doctrine of Equivalents.

24          Additionally, Apple would request, given the

25   number of different accused products in the case, a finding

1   of infringement under each of those doctrines for all of the

2   devices, iPods, iPhones, iPads, Mac computers, Windows

3   computers, and the iTunes servers.

4           THE COURT:  Is there objection on Page 2 from the

5   Plaintiff?

6           MS. SNIDER:  No, Your Honor.

7           THE COURT:  Defendant's objection on Page 2 of the

8   verdict form is overruled.

9           Turning to Page 3, is there objection from either

10  party here with regard to Question 2 of the verdict form?

11          MS. SNIDER:  Your Honor, Plaintiff repeats its

12  objection to the inclusion of the '053 patent within

13  Question 2 that asks about invalidity because we believe

14  there is no evidence that the patent is obvious that -- for

15  the jury's determination.

16          THE COURT:  I understand, and the verdict form,

17  like the final jury instructions, are subject to the

18  Rule 50(a) motions.  Should I grant your motion, I'll remove

19  that from Question 2.  If I deny your motion, it will stay.

20          So --

21          MS. SNIDER:  Thank you, Your Honor.

22          THE COURT:  -- subject to that, your objection is

23  overruled.

24          All right.  If there's nothing further, then we'll

25  turn to Page 4 of the verdict form, wherein I find

1  Question 3.  Is there objection from either party?

2          MR. LOVE:  Not from the Defendant, Your Honor.

3          MS. SNIDER:  Not from the Plaintiff, Your Honor.

4  But if I may, Question No. 2 -- this is not an objection,

5  but perhaps a -- a suggestion that since the only invalidity

6  issue that's going to be presented to the jury is on

7  obviousness, then perhaps the question should tell the jury

8  that that's what we're asking, whether the claims are

9  invalid for obviousness.

10         THE COURT:  So, in other words, what you're

11  suggesting, Ms. Snider, is that Question 2 on Page 3 of the

12  verdict form be rewritten to read:  Did Apple prove by clear

13  and convincing evidence that any of the following claims are

14  invalid as being obvious?

15         MS. SNIDER:  Yes, Your Honor.

16         THE COURT:  You're suggesting --

17         MS. SNIDER:  Well said.

18         THE COURT:  -- that I add those three words?

19         All right.  What's the Defendant's position as to

20  that suggested addition?

21         MR. LOVE:  As we've agreed that there's no

22  anticipation or written description defense in the case, I

23  would not have an objection to adding those words.

24         THE COURT:  All right.  I think it's -- I think

25  it's a worthy suggestion, and I'll make that addition to

1  Question 2 on Page 3.

2        Now that brings us back to Page 4 where Question 3

3  of the verdict form is found.  Is there objection from

4  either party here?

5        MS. SNIDER:  There's no objection from Plaintiff,

6  Your Honor.

7        MR. LOVE:  No objection from the Defendant.

8        THE COURT:  All right.  Turning then to Page 5

9  where Question 4 of the verdict form is found, is there

10  objection here?

11        MS. SNIDER:  No objection from the Plaintiff.

12        MR. LOVE:  Yes, Your Honor, an objection from

13  Apple.

14        Apple would request a patent-by-patent finding for

15  willful infringement.  Given that the notice periods for the

16  asserted patents are different and the -- the potential for

17  impact on any damages for a finding of willful infringement,

18  we would request patent-by-patent findings here.

19        THE COURT:  All right.  Well, that objection is

20  overruled.  I will, in my instructions, make it clear to the

21  jury that -- I will not tell them that a finding of

22  willfulness could potentially impact the amount of the

23  ultimate award to the Plaintiff.  And, in fact, I will tell

24  them, if they find willfulness, they're not to consider

25  that, and I -- I will deal with that later.

1          So given that I don't see any basis for the

2     objection that's been lodged and -- that objection is

3     overruled.

4          Okay.  That's Page 5.  The last page of the

5     verdict form is Page 6.  Is there any objection from either

6     party as to what's contained on Page 6 of the verdict form?

7          MS. SNIDER:  No objection from Plaintiff.

8          MR. LOVE:  No objection from the Defendant.

9          THE COURT:  All right.  Counsel, that completes

10    the formal charge conference.  I'll make the changes as

11    suggested.

12         As I indicated, I'll consider your motions under

13    Rule 50(a) this evening.  I'll give you formal rulings from

14    the bench first thing in the morning.

15         Should those rulings impact the final jury

16    instructions and the verdict form in any way, I'll make the

17    adjustments as required by the JMOL rulings.

18         Otherwise, these documents will stand as they

19    currently exist.

20         MR. LOVE:  If I could, Your Honor, one final note

21    for purposes of the record.  Defendant wishes to note its

22    objections to the claim constructions and maintains its

23    positions as set forth in Docket 331, its Markman brief,

24    understanding that claim constructions have already been

25    provided to the jury.

1          THE COURT:  So noted.

2          Anything further?

3          MS. SNIDER:  Your Honor, ContentGuard also objects

4    to the Court's claim construction order to the extent the

5    Court did not adopt the constructions proposed by

6    ContentGuard in Docket No. 304, the Markman brief, for the

7    record, Your Honor.

8          Thank you.

9          THE COURT:  All right.  That objection is also

10   noted.  The Court takes great comfort in your equal

11   displeasure to its prior rulings.

12         With that, the formal charge conference is

13   concluded, counsel.  Thank you.  You're excused, and I'll

14   see you in the morning.

15         MR. LOVE:  Thank you, Your Honor.

16         MS. SNIDER:  Thank you, Your Honor.

17         THE COURT:  Court stands in recess.

18         COURT SECURITY OFFICER:  All rise.

19         (Court adjourned.)

20

21

22

23

24

25

1

2                          CERTIFICATION

3

4          I HEREBY CERTIFY that the foregoing is a correct

5    transcript from the stenographic notes of the proceedings in

6    the above-entitled matter to the best of my ability.

7

8

9    /S/Shelly Holmes                11/19/15
     SHELLY HOLMES, CSR, TCRR        Date
10   Official Court Reporter
     State of Texas No. 7804
11   Expiration Date:  12/31/16

12

13

14

15

16

17

18

19

20

21

22

23

24

25